ELIZABETH PIPKIN (243611)
HILARY WEDDELL (293276)
JAMES GIACCHETTI (307117)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: epipkin@mcmanislaw.com

Attorneys for Defendants,
ZHONGLI SCIENCE AND TECHNOLOGY
GROUP CO., LTD.; SUZHOU TALESUN SOLAR
TECHNOLOGY CO., LTD.; TALESUN SOLAR USA, LTD

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation; TALESUN SOLAR USA, LTD., a Delaware corporation; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.: 4:19-CV-04243-KAW<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF MARTIFER-SILVERADO FUND I, LLC'S COMPLAINT**<br><br>Date: October 3, 2019<br>Time: 1:30 p.m.<br>Location: Floor 3, Courtroom 4<br>Judge: The Hon. Kandis A. Westmore |

1
DEFENDANTS' MOTION TO DISMISS PLAINTIFF MARTIFER-SILVERADO FUND I, LLC'S COMPLAINT; Case No.: 4:19-CV-04243-KAW

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 6

STATEMENT OF FACTS ...................................................................................................... 6

LEGAL ARGUMENT .............................................................................................................. 7

    I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF HAS NOT DEMONSTRATED THERE IS COMPLETE DIVERSITY AMONG THE PARTIES ..................................... 7

    II.    ZHONGLI AND SUZHOU ARE NOT SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT .......................................... 8

    III.    PLAINTIFF HAS FAILED TO COMPLY WITH THE HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD UNDER RULE 9(B) ................................................................................. 11

    IV.    PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANTS ................................................................................................. 12

CONCLUSION ....................................................................................................................... 13

## TABLE OF AUTHORITIES

**CASES**

*Amba Marketing Systems, Inc. v. Jobar International, Inc.*,
   551 F.2d 784, 787 (9th Cir. 1977) .................................................................................... 10

*Daimler AG v. Bauman*,
   134 S. Ct. 746, 753, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) ........................................ 9

*Dale v. Weller*,
   956 F.2d 813, 815 (8th Cir. 1992) ...................................................................................... 7

*Doe v. Am Nat'l Red Cross*,
   112 F.3d 1048, 1050 (9th Cir. 1997) ................................................................................. 9

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
   545 U.S. 546, 553 (2005) ..................................................................................................... 7

*Hanson v. Denckla*,
   357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283. (1958) ........................................... 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ................................ 9

*In re Glenfed, Inc. Sec. Litig.*,
   42 F.3d 1541, 1548 (9th Cir. 1994) ................................................................................. 11

*International Shoe Co. v. Washington*,
   326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) .................................................... 8

*Johnson v. Columbia Properties Anchorage, LP*,
   437 F.3d 894, 899 (9th Cir. 2006) .................................................................................... 8

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120, 1124 (9th Cir. 2009) ............................................................................... 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375, 377 (1994) ..................................................................................................... 7

*Martinez v. Aero Caribbean*,
   764 F.3d 1062, 1066 (9th Cir. 2014) ................................................................................ 9

*McNutt v. General Motors Acceptance Corp.*,
   298 U.S. 178, 189 (1936) ..................................................................................................... 7

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
   484 U.S. 97, 104 (1987) ..................................................................................................... 12

*Ranza v. Nike, Inc.*,
   793 F.3d 1059, 1069–1070 (9th Cir. 2015) ........................................................................ 9, 10

*Ronconi v. Larkin*,
   253 F.3d 423, 429 n.6 (9th Cir. 2001) ..................................................................................... 11

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797, 802 (9th Cir. 2004) ............................................................................................. 9

*Semegen v. Weidner*,
   780 F.2d 727, 731 (9th Cir. 1985) ........................................................................................... 11

*Strawbridge v. Curtiss*,
   7 U.S. 267 (1806) ....................................................................................................................... 7

*Swartz v. KPMG LLP*,
   476 F.3d 756, 764 (9th Cir. 2007) ........................................................................................... 11

*Taylor v. United States*,
   821 F.2d 1428, 1433 (9th Cir. 1987) ....................................................................................... 11

*Travaglio v. American Express Co.*,
   735 F.3d 1266, 1270 (11th Cir. 2013) ....................................................................................... 7

V & M Star, LP v. Centimark Corp.,
   596 F.3d 354, 356 (6th Cir. 2010) ............................................................................................. 8

*Walden v. Fiore*, 577 U.S. __,
   134 S.Ct. 1115, 1121 (2014) ..................................................................................................... 9

**STATUTES**

28 U.S.C. § 1332 ............................................................................................................................. 7

28 U.S.C. § 1332(c)(1) .................................................................................................................... 7

**RULES**

Code Civ. Proc. § 410.10 ............................................................................................................ 8, 9

Code Civ. Proc. §415.10 ............................................................................................................... 12

Code Civ. Proc. §416.10 ............................................................................................................... 12

Fed. R. Civ. P. 4(e)(1) ................................................................................................................... 12

Fed. R. Civ. P. 4(h) ....................................................................................................................... 12

Fed. R. Civ. P. 9(b) .................................................................................................................. 6, 11

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 6

Fed. R. Civ. P. 12(b)(2) ............................................................................................................... 6, 8

Fed. R. Civ. P. 12(b)(4) .............................................................................................................. 6, 12

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 6, 11

**INTRODUCTION**

Defendants, Zhongli Science and Technology Group Co., Ltd. ("Zhongli"), Suzhou Talesun Solar Technology Co. Ltd. ("Suzhou"), and Talesun Solar USA Ltd. ("Talesun USA") (collectively "defendants"), bring this motion to dismiss the complaint of Plaintiff Martifer-Silverado Fund I, LLC ("Martifer-Silverado" or "plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(6).[1]

Plaintiff's complaint does not contain the required allegations sufficient to meet its burden of proving the parties are diverse such that this Court has subject matter jurisdiction. This Court also lacks personal jurisdiction over Zhongli and Suzhou, foreign corporations with their principal places of business in China. Even if this Court did have jurisdiction, plaintiff failed to properly serve defendants with the summons and complaint in this action. Further, plaintiff's complaint fails to state a claim against all defendants, as it has not pled fraud with the specificity required by Rule 9(b). The lawsuit should be dismissed, without leave to amend.

**STATEMENT OF FACTS**

Plaintiff Martifer-Silverado is a limited liability corporation organized under the laws of Delaware, with its principal place of business in San Francisco, California. Complaint at 2, ¶ 4 (Dkt. 1). By its complaint, plaintiff brings claims against Zhongli, Suzhou, and Talesun USA. Plaintiff acknowledges that Zhongli is a Chinese corporation with its principal place of business at No. 8 Changkun Road, Southeast Economic Development Zone, Changshu, Suzhou, Jiangsu, China. Complaint at 2, ¶ 5 (Dkt. 1). Suzhou is a Chinese corporation with its principal place of business at No. 1 Talesun Road, Shajiabang, Changshu, Suzhou, Jiangsu, China. Complaint at 2, ¶ 6 (Dkt. 1).

Plaintiff's proofs of service indicate service was made on defendants by serving Hao Sheng on July 24, 2019. Dkts. 8-10. Mr. Sheng, however, was never served. Declaration of Hao Sheng in support of Defendants' Motion to Dismiss Plaintiff Martifer-Silverado Fund I

---

[1] Unless otherwise specified, all future references to a "Rule" are to the Federal Rules of Civil Procedure.

LLC's Complaint ("Sheng Decl.") at ¶ 2.  The proof of service fails to state how service on Mr. Sheng was made and where the service allegedly occurred.

## LEGAL ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF HAS NOT DEMONSTRATED THERE IS COMPLETE DIVERSITY AMONG THE PARTIES.

Under Rule 12 (b)(l), the court "shall dismiss the action" whenever it appears that the court lacks jurisdiction over the subject matter of an action.  Plaintiff bears the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient allegations in the complaint to show a proper basis for the court to assert subject matter jurisdiction over an action.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  If jurisdiction is in doubt, the plaintiff must submit actual evidence of complete diversity; an unsworn statement in a brief will not suffice.  *Travaglio v. American Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013).  In effect, the court presumes lack of jurisdiction until plaintiff proves otherwise.  *Kokkonen*, 511 U.S. at 376-378.

Plaintiff alleges that this court has subject matter jurisdiction over this action pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332.  Courts require "complete diversity" of the parties as a predicate to the exercise of diversity jurisdiction.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims").

"In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business"; failure to do so makes the complaint "inadequate to establish diversity." *Dale v. Weller*, 956 F.2d 813, 815 (8th Cir. 1992) (citations omitted).  For diversity purposes, a corporation has dual citizenship: "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ..." 28 USC § 1332(c)(1).  The citizenship of an LLC for purposes of the diversity

jurisdiction is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendants Zhongli and Suzhou are both Chinese corporations with their principal places of business in China. Complaint, ¶¶ 5-6 (Dkt. 1). Plaintiff alleges it is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California. Complaint, ¶ 4 (Dkt. 1). Because plaintiff is an LLC, its citizenship is deemed the citizenship of each of its members. Plaintiff alleges that it is a joint venture between Martifer Solar USA and Silverado Power, LLC (Complaint, ¶ 4 (Dkt. 1)), but fails to state the citizenship of these entities. Plaintiff also fails to specify the citizenship of the entities or persons that comprise Silverado Power LLC as required. *See V & M Star, LP v. Centimark Corp.,* 596 F.3d 354, 356 (6th Cir. 2010) (noting that if any member of an LLC is itself a partnership, association, or another LLC, the court must know the citizenship of each "submember" as well) . Since plaintiff has failed to plead the basis for subject matter jurisdiction, the complaint must be dismissed.

## II. ZHONGLI AND SUZHOU ARE NOT SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT.

A party may file a motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Due process requires that nonresident defendants have certain "minimum contacts" with the forum state so that exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283. (1958).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over [non-resident defendants]." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). "California's long-arm statute," Cal. Code Civ. Proc. § 410.10, "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."

8

*Id.* Because § 410.10 "is coextensive with federal due process requirements ..., the jurisdictional analyses under state law and federal due process are the same." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014).

A court may exercise personal jurisdiction over a nonresident defendant generally or specifically. *Doe v. Am Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). General jurisdiction, which "permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum," may only be exercised where a defendant's contacts with the forum are "continuous and systematic." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069–1070 (9th Cir. 2015) (internal quotation marks and citations omitted). A plaintiff invoking general jurisdiction must meet an "exacting standard" for the minimum contacts required. *Id.* "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.,* comparable to a domestic enterprise in that State." *Daimler,* 134 S.Ct. at 758 n. 11 (citation, internal quotation marks and alterations omitted). "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza,* 793 F.3d at 1069. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez,* 764 F.3d at 1070 (citing *Daimler,* 134 S.Ct. at 761 n. 19).

"Specific jurisdiction exists when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Ranza*, 793 F.3d at 1068 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). In order to be subject to a court's specific jurisdiction, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 577 U.S. __, 134 S.Ct. 1115, 1121 (2014). Specific jurisdiction exists when: (1) the defendant purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The plaintiff has the burden to establish a court's personal jurisdiction over a defendant. *Ranza,* 793 F.3d at 1068.  A plaintiff cannot simply rest on the bare allegations of the complaint, but must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977).

As plaintiff admits in its complaint, defendants Zhongli and Suzhou are both Chinese corporations with their principal places of business in China.  Complaint, ¶¶ 5-6 (Dkt. 1). Plaintiff nevertheless alleges that Zhongli and Suzhou "do[] business in the United States, including California, through [their] subsidiaries."  Complaint at 2, ¶¶ 4-5 (Dkt. 1).  Plaintiff further alleges, on information and belief,  that Zhongli "is the parent corporation for at least nine technology subsidiaries, including [Suzhou]," and that Suzhou "has more than a dozen subsidiaries worldwide, including defendant Talesun Solar USA … who conducted business in the United States on behalf of, and for the sole benefit of, its parent corporations in China." Complaint at 2, ¶¶ 7-8 (Dkt. 1).  These allegations are insufficient to establish personal jurisdiction over Zhongli and Suzhou.

The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction.  *Ranza,* 793 F.3d at 1070.  "As a general principle, corporate separateness insulates a parent corporation from liability created by its subsidiary, notwithstanding the parent's ownership of the subsidiary."  *Id.*  The veil separating affiliated corporations may be pierced to exercise personal jurisdiction over the parent only when it is shown "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." Id, at 1073 (citations omitted).

Plaintiff has failed to plead any activity of Zhongli or Suzhou in California or the United States, and has failed to demonstrate that the separateness of these corporations should not be respected.  This Court lacks personal jurisdiction over Zhongli and Suzhou, and the complaint should be dismissed.

### III. PLAINTIFF HAS FAILED TO COMPLY WITH THE HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD UNDER RULE 9(B).

A party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Even though state law determines whether state law claims are viable in a diversity action, the manner in which such claims are stated is evaluated under the Federal Rules. *See, e.g., Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir. 1987).

Claims sounding in fraud or mistake are subject to the heightened pleading requirements of Rule 9(b), which requires that a plaintiff "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009). To satisfy this standard, allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam). Plaintiffs must not only identify the false statements, but must also state "what is false or misleading about a statement, and why it is false." *In re Glenfed, Inc. Sec. Litig*., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001).

The complaint contains conclusory allegations that fail to satisfy Rule 9(b)'s heightened standard of pleadings for fraud. As such, the complaint should be dismissed for failure to plead fraud with particularity.

///
///
///
///
///
///
///

## IV. PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANTS.

A party may file a motion to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(4). A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Rule 4(h) provides that a corporation may be properly served either 1) in the manner prescribed by Rule 4(e)(1) for serving an individual, or 2) by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant." Rule 4(e)(1) provides that an individual may be served by following state law for serving a summons in an action brought in the state where the district court is located or where service is made.

California law provides that an individual may be served by personal delivery of a copy of the summons and complaint. Code Civ. Proc. §415.10. California law provides that service on a corporation may be made by either of the following methods: 1) to the person designated as agent for service of process as provided by the California Corporations Code; or 2) to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process. Code Civ. Proc. §416.10

Mr. Sheng was not served with a copy of the summons and complaint on July 24, 2019, or at any other time. Sheng Decl. at ¶ 2. Defendants were not properly served, and the complaint should be dismissed.

///
///
///
///
///

## **CONCLUSION**

This Court lacks subject matter jurisdiction in this action, and plaintiff has failed to state a claim against defendants with the required specificity. The Court also lacks personal jurisdiction over defendants Zhongli and Suzhou, Chinese corporations which do not conduct any business in California or the United States, and the defendants have not been properly served. Defendants respectfully request that the Court dismiss the complaint in its entirety.

Dated: August 14, 2019

McMANIS FAULKNER

 /s/  Hilary Weddell
ELIZABETH PIPKIN
HILARY WEDDELL
JAMES GIACCHETTI

Attorneys for Defendants,
ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD.; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD.; TALESUN SOLAR USA, LTD