ELIZABETH PIPKIN (243611)
HILARY WEDDELL (293276)
JAMES GIACCHETTI (307117)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    (408) 279-8700
Facsimile:     (408) 279-3244
Email: epipkin@mcmanislaw.com

Attorneys for Defendants,
ZHONGLI SCIENCE AND TECHNOLOGY
GROUP CO., LTD.; SUZHOU TALESUN SOLAR
TECHNOLOGY CO., LTD.; TALESUN SOLAR USA, LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC,<br><br>        Plaintiff,<br><br>   vs.<br><br>ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation; TALESUN SOLAR USA, LTD., a Delaware corporation; and DOES 1 through 5, inclusive,<br><br>       Defendants. | Case No.:  4:19-CV-04243-YGR<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF MARTIFER-SILVERADO FUND I, LLC'S COMPLAINT**<br><br>Date:      October 15, 2019<br>Time:      2:00 p.m.<br>Location: Courtroom 1, 4th Floor<br>Judge:     The Hon. Yvonne Gonzalez Rogers |

REPLY MEMORANDUM ISO DEFENDANTS' MOTION TO DISMISS COMPLAINT; Case No.: 4:19-CV-04243-YGR

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................ 5

LEGAL ARGUMENT .......................................................................................... 5

    I.     THIS COURT LACKS SUBJECT MATTER JURISDICTION
          AS PLAINTIFF HAS NOT DEMONSTRATED THERE IS
          COMPLETE DIVERSITY AMONG THE PARTIES ................................... 5

    II.    ZHONGLI AND SUZHOU ARE NOT SUBJECT TO THE
          PERSONAL JURISDICTION OF THIS COURT ......................................... 6

    III.   PLAINTIFF HAS FAILED TO COMPLY WITH THE
          HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD
          UNDER RULE 9(B) ...................................................................................... 10

    IV.   PLAINTIFF HAS FAILED TO PROPERLY SERVE
          DEFENDANTS ............................................................................................ 10

CONCLUSION ...................................................................................................... 12

REPLY MEMORANDUM ISO DEFENDANTS' MOTION TO DISMISS COMPLAINT; Case No.: 4:19-CV-04243-YGR

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Amba Marketing Systems, Inc. v. Jobar International, Inc.*,
    551 F.2d 784, 787 (9th Cir. 1977) ........................................................................ 8

*Brockmeyer v. May*,
    383 F.3d 798, 801 (9th Cir. 2004) ...................................................................... 11

*Conde v. Sensa*,
    259 F. Supp. 3d 1064, 1069 (S.D. Cal. 2017) ................................................... 7, 9

*Cooper v. Pickett*,
    137 F.3d 616, 625 (9th Cir. 1997) ...................................................................... 10

*Corcoran v. CVS Health Corp.*,
    169 F. Supp. 3d 970, 983 (N.D. Cal. 2016) ......................................................... 8

*DeSoto v. Yellow Freight Sys., Inc.*,
    957 F.2d 655, 658 (9th Cir. 1992) ........................................................................ 6

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
    840 F.2d 685, 688 (9th Cir. 1988) ...................................................................... 11

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
    545 U.S. 546, 553 (2005) ..................................................................................... 6

*FW/PBS, Inc. v. City of Dallas*,
    493 U.S. 215, 231 (1990) ..................................................................................... 5

*Johnson v. Columbia Properties Anchorage, LP*,
    437 F3d 894, 899 (9th Cir. 2006) ......................................................................... 6

*Lazar v. Superior Court (Rykoff-Sexton, Inc.)*
    12 Cal.4th 631, 645 (1996) ................................................................................ 10

*Ranza v. Nike, Inc.*,
    793 F.3d 1059, 1070-1071 (9th Cir. 2015) ................................................... 7, 8, 9

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393, 1401 (9th Cir. 1986) .................................................................... 6

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal.App.4th 523, 539 (2000) ........................................................................... 7

*Stansfield v. Starkey*,
    220 Cal. App. 3d 59, 73 (1990) ......................................................................... 10

REPLY MEMORANDUM ISO DEFENDANTS' MOTION TO DISMISS COMPLAINT; Case No.: 4:19-CV-04243-YGR

*Strawbridge v. Curtiss,*
    7 U.S. 267 (1806) ............................................................................................ 6

*Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.,*
    364 F. Supp. 3d 1061, 1078 (N.D. Cal. 2019) .................................................... 8

**STATUTES**

28 USC § 1332(c)(1) .............................................................................................. 6

**RULES**

Code Civ. Proc. § 416.10(b) ................................................................................. 11

Fed. R. Civ. P. 4(h)(1)(B) ..................................................................................... 11

Fed. R. Civ. P. 9(b) .......................................................................................... 5, 10

4

# INTRODUCTION

Plaintiff's complaint does not contain the allegations sufficient to meet its burden of proving the parties are diverse such that this Court has subject matter jurisdiction. Defendant Talesun Solar USA, Ltd. (Talesun USA") is a Delaware corporation which formerly had its principal place of business in San Jose, California. Plaintiff Martifer-Silverado Fund I, LLC ("Martifer-Silverado" or "plaintiff") says it is a LLC with its members having their principal places of business in San Francisco, California.

This Court also lacks personal jurisdiction over Zhongli Science and Technology Group Co. Ltd. ("Zhongli") and Suzhou Talesun Solar Technology Co., Ltd ("Suzhou"), foreign corporations with their principal places of business in China. Even if this Court did have jurisdiction, plaintiff failed to properly serve defendants with the summons and complaint in this action. Further, plaintiff's complaint fails to state a claim against all defendants, as it has not pled fraud with the specificity required by Rule 9(b). The lawsuit should be dismissed, without leave to amend.

# LEGAL ARGUMENT

**I.    THIS COURT LACKS SUBJECT MATTER JURISDICTION AS PLAINTIFF HAS NOT DEMONSTRATED THERE IS COMPLETE DIVERSITY AMONG THE PARTIES.**

This action must be dismissed under Rule 12 (b)(l) [1] as this Court lacks jurisdiction over the subject matter of the action. Plaintiff has not met its burden of establishing complete diversity of the parties. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.).

Neither the complaint nor the materials submitted with plaintiff's opposition adequately specifies plaintiff's citizenship. The Cheney declaration submitted in support of plaintiff's

---

[1] Unless otherwise specified, all future references to a "Rule" are to the Federal Rules of Civil Procedure.

opposition asserts that plaintiff is a partnership between Silverado Power, LLC and Martifer Solar, Inc., but fails to specify the citizenship of the three individuals that comprise Silverado Power LLC as required.  Dkt. 23-2.  As an LLC, the citizenship of Silverado Power is the citizenship of each of its members.  *See Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006).  The Cheney declaration also states that Martifer Solar Inc. was a limited liability corporation, but fails to identify its members and to specify their citizenship.

Plaintiff's Complaint and the materials submitted with its opposition also fail to make any citizenship allegations as to Talesun USA.[2]  Talesun USA is a Delaware corporation, which is not currently conducting business, but formerly had its principal place of business in San Jose, California.  Declaration of Chingqing Hu ("Hu Decl.") at ¶ 5.   A corporation is considered to be a citizen of both its state of incorporation and where it has its principal place of business.  28 USC § 1332(c)(1).

The presence of citizens of California as both a plaintiff and a defendant destroys the court's diversity jurisdiction.  Because complete diversity does not exist, this court lacks subject matter jurisdiction over this case, and the action must be dismissed.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims").

Further, because amendment cannot cure the deficiency, the motion should be granted without leave to amend.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II.   ZHONGLI AND SUZHOU ARE NOT SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT.

Plaintiff has failed to meet its burden of establishing that Zhongli and Suzhou are subject to the personal jurisdiction of this Court.

---

[2] Contrary to plaintiff's assertion in its opposition, defendants have not conceded they are all "Chinese corporations with their principal places of business in China[.]"  Plaintiff's Opposition at p. 2:3-5 ("Opposition") (citing Defendants' Motion at p.8).  Dkt. 23 at 2:3-5.  In its motion defendants identified only Zhongli and Suzhou as Chinese corporations.  Dkt. 12 at 8:3-4.

Plaintiff does not contend that Zhongli or Suzhou themselves have continuous and systematic contacts with this forum so as to confer general jurisdiction on this Court. Nor does it contend that Zhongli or Suzhou purposefully directed its corporate activities at residents of this forum, or purposefully availed itself of the privilege of doing business in this forum, and that its claims arise out of or relate to those activities, as required to establish specific jurisdiction. Rather, plaintiff contends that Zhongli and Suzhou, two separate Chinese corporations, are each the parent corporation of Talesun USA, who "have used their subsidiary – Talesun Solar USA Ltd. – to advance their own interests, and the subsidiary operated solely for the parents' benefit," i.e., that Zhongli and Suzhou are the alter egos of Talesun Solar USA, Ltd. Opposition at 2:16-18. Dkt. 23.

First, neither Zhongli nor Suzhou is the parent corporation of Talesun USA, and neither holds any shares in Talesun USA. Declaration of Hilary Weddell in Support of Defendants' Motion to Dismiss ("Weddell Decl."), Exh. A, p. SP000011110, ¶ 7. Second, neither exercises dominion and control over Talesun USA such that the corporate identity of Talesun USA should be disregarded by this Court.

Under California law, in certain limited circumstances the liability of one corporation may be imputed to another. In these instances the veil separating corporate entities may be pierced to exercise personal jurisdiction over a foreign defendant. One of these circumstances is when one corporation is the alter ego of another. *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1070-1071 (9th Cir. 2015).

"Alter ego is an extreme remedy, sparingly used." *Conde v. Sensa*, 259 F. Supp. 3d 1064, 1069 (S.D. Cal. 2017) (quoting *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 539 (2000)). "To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such a unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Ranza v. Nike, Inc.,* 793 F.3d at 1059 (internal quotation marks and brackets omitted). The first prong of this test requires a showing that one corporation controls the other to

such a degree as to render the latter a mere instrumentality of the former. *Id.,* at 1073. When examining the relationship between a parent and its subsidiary, this test "envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation." *Id.,* at 1073 (internal quotation marks omitted).

Courts consider nine factors when assessing the first prong of the alter ego test: (1) the commingling of funds and other assets of the entities; (2) the holding out by one entity that it is liable for the debts of the other; (3) identical equitable ownership of the entities; (4) use of the same offices and employees; (5) use of one as a mere shell or conduit for the affairs of the other; (6) inadequate capitalization; (7) disregard of corporate formalities; (8) lack of segregation of corporate records; and (9) identical directors and officers. *Corcoran v. CVS Health Corp.,* 169 F. Supp. 3d 970, 983 (N.D. Cal. 2016). "Because no one factor governs the analysis, courts should look at all the circumstances to determine whether the alter ego doctrine applies." *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.,* 364 F. Supp. 3d 1061, 1078 (N.D. Cal. 2019)(quotation marks and citations omitted).

Plaintiff presents no affidavits supporting its alter ego theory of personal jurisdiction, relying instead on allegations in its complaint. Opposition at 4:7-5:20. Dkt. 23. As a general rule, a plaintiff cannot simply rest on the bare allegations of the complaint, but must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977). The Court must, however, consider allegations in the complaint that are not controverted by the defendant. *Ranza v. Nike, Inc.,* 793 F.3d at 1068. Many of the allegations relied on by plaintiff are controverted by defendants, and thus may not be considered by the Court, and those which are not controverted are insufficient to establish an alter ego relationship between Talesun USA and either Zhongli or Suzhou.

Plaintiff's allegations that Zhongli and Suzhou conduct business in California "through their subsidiary Talesun Solar USA Co. Ltd.," "were the agent of Talesun USA," and "exercise

REPLY MEMORANDUM ISO DEFENDANTS' MOTION TO DISMISS COMPLAINT; Case No.: 4:19-CV-04243-YGR

control and dominion over Talesun USA," are mere conclusions insufficient to provide a factual basis for a finding of alter ego. Opposition at 4:13-15; 4:21-22; 5:19-20. Dkt. 23. Likewise, allegations that Talesun USA conducts its business "on behalf of, and for the sole benefit of its parent corporations in China," was "simply an instrument of the Chinese parents," was "merely an agent through which the Chinese parents conducted business in the U.S.," and "could not operate without the approval of its parents' board of directors," offer no facts in support of the alter ego theory. Opposition at 4:19-20; 5:12-16. Dkt. 23.

Significantly, plaintiff has presented no evidence to support its claim that Talesun USA is a subsidiary of Zhongli and Suzhou. In fact, neither corporation is a shareholder of Talesun USA. Weddell Decl., Exh. A, p. SP000011110, ¶ 7. Contrary to the allegations of plaintiff, neither Zhongli nor Suzhou paid the exclusivity deposit on behalf of Talesun USA. Weddell Decl., Exh. B (reflecting "Talesun Solar Hong Kong Limited" as the ordering party). Plaintiff has presented no evidence that each of the three corporations have not observed their separate corporate formalities.

At best, plaintiff has shown that at times the corporations shared an officer or a member of its board of directors. Opposition at 4:21-28. Dkt. 23. But shared management personnel is insufficient to establish the degree of control required to piece the corporate veil. *Ranza* 793 F.3d at 1073.

Plaintiff has failed to establish that there is such a unity of interest and ownership among the three defendants that the separate personalities of these entities no longer exist. In addition to failing to meet its burden as to the first prong of the alter ego test, plaintiff has presented no evidence to show that recognition of the separate corporate identities would result in fraud or injustice. The second prong of the alter ego test requires a showing that an inequitable result would result from the recognition of the corporate form. *Conde v. Sensa*, 259 F. Supp. 3d at 1069. No such showing has been made.

Talesun USA has not been shown to be the alter ego of Zhongli and Suzhou. This Court lacks personal jurisdiction over these Chinese corporations, and the complaint should be

9

dismissed.

### III. PLAINTIFF HAS FAILED TO COMPLY WITH THE HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD UNDER RULE 9(B).

The complaint does not meet Rule 9's heightened pleading requirements for fraud. Under rule 9, plaintiff must plead "*facts* which 'show how, when, where, to whom, and by what means the representations were tendered.'" *Lazar v. Superior Court (Rykoff-Sexton, Inc.)* 12 Cal.4th 631, 645 (1996) (quoting *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 73 (1990)) (internal quotations omitted, italics in original). A plaintiff must also "set forth what is false or misleading about a statement, and why it is false." *Cooper v. Pickett,* 137 F.3d 616, 625 (9th Cir. 1997).

Contrary to plaintiff's arguments, the complaint does not detail the alleged fraud with enough specificity to satisfy Rule 9(b). It is unclear from the complaint which defendant made which purported misrepresentations or omissions. The complaint is also silent as to what was false or misleading about the alleged misrepresentations made by defendants. Although plaintiff's opposition lists purported misrepresentations "summarized" in the complaint (Opposition at 8:21-9:10), it does not point to any allegations of the complaint describing "what is false or misleading about [these] statement[s], and why [they are] false." *See Cooper v. Pickett,* 137 F.3d 616, 625 (9th Cir. 1997). The allegation that defendants made certain statements, without explanation as to their falsity, is insufficient to state a claim under Rule 9(b).

### IV. PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANTS.

Plaintiff admits it never served Hao Sheng with the summons and complaint in this action, contrary to the proofs of service filed on August 7, 2019. Dkts. 8-10. It relies now on proofs of service filed on August 28, 2019, in which the server swears under oath that he served Changqing Hu in his capacity as the person "designated by law to accept service of process on behalf of" Zhongli, Suzhou and Talesun USA. Dkts. 20-22. Mr. Hu, however, has never been designated by law as the agent for service of process for any of the defendants. Hu Decl. at ¶ 2.

Nevertheless, plaintiff argues the defendants were properly served because Mr. Hu is

currently a member of the board of directors of Suzhou and Talesun USA, and a vice president of Zhongli. Opposition at 7:1-7. Dkt. 23. Neither Rule 4(h)(1)(B) nor California Code Civ. Proc. §416.10(b) include a member of the board of directors as a person who may be served on behalf of a corporation. Although Mr. Hu is currently a vice president of Zhongli, this title is purely honorary, as he was not appointed to this position by the board of directors and according to Chinese law he holds no senior level position with Zhongli. Hu Decl. at ⁋ 4. Service of process on a corporation is sufficient only if the person served is "an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 688 (9th Cir. 1988). Plaintiff bears the burden of establishing that service was valid under Rule 4 (*Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004)), and has presented no evidence that Mr. Hu is so integrated into the management of Zhongli, Suzhou or Talesun USA that service on him satisfies the due process requirement of notice to these defendants.

Defendants were not properly served, and the complaint should be dismissed.

///
///
///
///
///
///
///
///
///
///
///
///
///

REPLY MEMORANDUM ISO DEFENDANTS' MOTION TO DISMISS COMPLAINT; Case No.: 4:19-CV-04243-YGR

## CONCLUSION

Plaintiff has failed to present evidence of complete diversity and this Court lacks subject matter jurisdiction in this action. The Court also lacks personal jurisdiction over defendants Zhongli and Suzhou, Chinese corporations which do not conduct any business in California or the United States, and which have not been shown to be the alter egos of Talesun USA. In addition, the defendants have not been properly served. Finally, plaintiff has failed to state a claim against defendants with the required specificity. Defendants respectfully request that the Court dismiss the complaint in its entirety.


Dated: September 4, 2019

McMANIS FAULKNER

 /s/  Hilary Weddell

ELIZABETH PIPKIN
HILARY WEDDELL
JAMES GIACCHETTI

Attorneys for Defendants,
ZHONGLI SCIENCE AND TECHNOLOGY
GROUP CO., LTD.; SUZHOU TALESUN
SOLAR TECHNOLOGY CO., LTD.;
TALESUN SOLAR USA, LTD