1
2
3
4
5 **UNITED STATES DISTRICT COURT**
6 **NORTHERN DISTRICT OF CALIFORNIA**
7

| | |
|---|---|
| **MARTIFER-SILVERADO FUND I, LLC,** | CASE NO. 19-cv-04243-YGR |
| Plaintiff, | |
| vs. | **ORDER (1) TO SHOW CAUSE RE: CITIZENSHIP OF LLC MEMBERS AND (2) VACATING MOTION HEARING** |
| **ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., ET AL.,** | Re: Dkt. No. 12 |
| Defendants. | |

Plaintiff Martifer-Silverado Fund I, LLC brings this action against defendants Zhongli Science and Technology Group Co., Ltd., Suzhou Talesun Solar Technology Co., Ltd., and Taleson Solar USA, Ltd. ("Taleson USA") arising out of an alleged conspiracy orchestrated by Chinese-based parent companies to use their U.S. subsidiary to commit fraud. (Dkt. No. 1 ("Compl.").) In the complaint, plaintiff alleges that subject matter jurisdiction exists pursuant to the federal diversity jurisdiction statute, 28 U.S.C. section 1332. (Compl. ¶ 2.) On August 14, 2019, defendants filed a motion to dismiss, arguing, in part, that the Court lacks subject matter jurisdiction because plaintiff had not demonstrated complete diversity. (Dkt. No. 12 ("Motion"), at 7-8.)

"Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 USC § 1332(c)(1). A limited liability corporation, in contrast, "is a citizen of every state of which its owners/members are

citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, plaintiff alleges that it is an LLC with two constituent members: Silverado Power, LLC ("Silverado") and Martifer Solar USA ("Martifer"). (Compl. ¶ 4; *see also* Dkt. No. 23-2 ("Cheney Decl."), ¶ 3.) Plaintiff also submits declarations in support of its opposition to the motion to dismiss establishing that Silverado and Martifer themselves are LLCs. (Cheney Decl., ¶¶ 4-5.) However, plaintiff fails to offer evidence regarding the citizenship of Silverado and Martifer's members, which is necessary to determine their—and ultimately, plaintiff's— citizenship. When a limited liability company sues, the complaint must allege the citizenship of its constituent members. *Johnson*, 437 F.3d at 899. Plaintiff's failure to do so here precludes a finding that diversity jurisdiction exists.[1]

Plaintiff also fails to allege the citizenship of defendant Taleson USA. In their reply in support of the motion to dismiss, defendants offer evidence showing that Taleson USA is a Delaware corporation that does not currently conduct business, but formerly had its principal place of business in California. (Dkt. No. 24-2, ¶ 5.) Thus, Taleson USA allegedly is a citizen of Delaware and California. *See* 28 USC § 1332(c)(1). Defendants argue that "[t]he presence of citizens of California as both a plaintiff and a defendant destroys the court's diversity jurisdiction." (Dkt. No. 24 at 6.) However, because, as explained herein, the Court does not have

---

[1] Plaintiff's declarations state that Silverado is organized under the laws of Delaware and has its principal place of business in California, while Martifer was organized under the laws of California and had its principal place of business in California. (Cheney Decl. ¶¶ 4-5.) Such facts are responsive to the test for citizenship for a corporation, *see* 28 U.S.C. § 1332(c)(1), but as stated herein, an LLC's citizenship can be determined only by reference to its members. *Johnson*, 437 F.3d at 899.

In addition, plaintiff submits that Silverado's members are individuals, not partnerships, associations, or other LLCs. (Cheney Decl. ¶ 4.) Plaintiff appears to be responding to defendant's contention that "if a member of an LLC is itself a partnership, association, or another LLC, the court must know the citizenship of each 'submember' as well." (Motion at 8, citing *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).) However, courts in this district have applied the *Johnson* rule for establishing an LLC's citizenship even where an LLC's members are individuals rather than entities. *See, e.g., USA Table Tennis v. Nat'l Basketball Courts*, No. 18-CV-00319-DMR, 2019 WL 2368630, at *3 (N.D. Cal. June 5, 2019), *report and recommendation adopted*, No. 18-CV-00319-YGR, 2019 WL 2492118 (N.D. Cal. June 14, 2019) (determining LLC's citizenship by looking to citizenship of individual members). Plaintiff has cited no controlling authority to the contrary.

sufficient evidence to determine plaintiff's citizenship, it cannot conclude that the case lacks diversity jurisdiction.

Accordingly, plaintiff is hereby **ORDERED TO SHOW CAUSE** as to why this action should not be dismissed for lack of subject matter jurisdiction. Specifically, no later than **Friday, October 18, 2019**, plaintiff shall file a response to this order, specifying the citizenship of Silverado's and Martifer's members so the Court can determine whether plaintiff satisfies the requirement of complete diversity from defendants, alleged citizens of Delaware, California, and China.[2] Plaintiff shall include declarations or affidavits supporting any statements of fact, consistent with Civil Local Rule 7-5.

Further, the Court **SETS** an Order to Show Cause hearing for **9:01 a.m.** on **Friday, October 25, 2019**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. If plaintiff has filed its response to this order, the hearing shall be taken off calendar and no appearance shall be required. Failure to file a response timely may result in sanctions.

Finally, the Court **VACATES** the hearing on the motion to dismiss set for October 15, 2019. The motion hearing may be reset if necessary.

**IT IS SO ORDERED.**

Dated: October 8, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] The complaint alleges that defendants Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun Solar Technology Co., Ltd. are citizens of China. (Compl. ¶¶ 5-6.)

3