ELIZABETH PIPKIN (243611)
MATTHEW SCHECHTER (212003)
PATRICK HAMMON (255047)
HILARY WEDDELL (293276)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:      (408) 279-8700
Facsimile:      (408) 279-3244
Email:            epipkin@mcmanislaw.com

Attorneys for Defendants,
ZHONGLI SCIENCE AND TECHNOLOGY
GROUP CO., LTD.; SUZHOU TALESUN SOLAR
TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC<br><br>                   Plaintiff<br><br>          vs.<br><br>ZHONGLI SCIENCE AND TECHNOLOGY<br>GROUP CO., LTD.; SUZHOU TALESUN<br>SOLAR TECHNOLOGY CO., LTD.; and<br>DOES 1 THROUGH 5, inclusive<br><br>                   Defendants. | Case No.:   4:19-CV-04243-YGR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT**<br><br>Date:       May 26, 2020<br>Time:      2:00 P.M.<br>Location: Courtroom 1, 4th Floor<br>Judge:     The Hon. Yvonne Gonzalez Rogers |

1   TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on May 26, 2020, at 9:00 a.m., or as soon thereafter as

3   the matter may be heard in the above-entitled court, located at 1301 Oakland Street, Oakland,

4   California, defendants, Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun

5   Solar Technology Co., Ltd., will move the Court to dismiss this action pursuant to Federal Rules

6   of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(6), and 12(b)(7).

7        This motion will be based on this Notice of Motion, the Memorandum of Points and

8   Authorities, the papers and records on file herein, and on such oral and documentary evidence as

9   may be presented at the hearing on the motion.

10

11

12                                        McMANIS FAULKNER

13   DATED:  April 24, 2020

14                                        /s/ Hilary Weddell
                                          ELIZABETH PIPKIN
15                                        MATTHEW SCHECHTER
                                          PATRICK HAMMON
16                                        HILARY WEDDELL

17                                        Attorneys for Defendants,
                                          ZHONGLI SCIENCE AND TECHNOLOGY
18                                        GROUP CO., LTD.; SUZHOU TALESUN
                                          SOLAR TECHNOLOGY CO., LTD.
19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I,
LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................... 7

STATEMENT OF FACTS .......................................................................................... 7

LEGAL ARGUMENT ................................................................................................ 8

I.  ZHONGLI AND SUZHOU ARE NOT SUBJECT TO THE
PERSONAL JURISDICTION OF THIS COURT ............................................ 8

II.  PLAINTIFF HAS FAILED TO PROPERLY SERVE
DEFENDANTS ......................................................................................... 14

III.  THE COMPLAINT MUST BE DISMISSED UNDER RULE
12(b)(7) BECAUSE TALESUN USA IS AN INDISPENSIBLE
PARTY WHICH CANNOT BE JOINED AS A DEFENDANT IN
THIS LAWSUIT ......................................................................................... 15

A.  Talesun USA Is a Necessary Party ................................................... 15

B.  Joinder of Talesun USA Is Not Feasible Because It Would
Destroy the Court's Subject Matter Jurisdiction ............................... 17

C.  Talesun USA Is Indispensable Such That Without Joinder,
the Action Cannot Proceed in Equity and Good Conscience ............. 18

IV.  PLAINTIFF HAS FAILED TO COMPLY WITH THE
HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD
UNDER RULE 9(B). ................................................................................... 20

CONCLUSION ......................................................................................................... 21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I,
LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

1

## <u>TABLE OF AUTHORITIES</u>

**CASES**

2

3  *Amba Marketing Systems, Inc. v. Jobar International, Inc.,*
   551 F.2d 784 (9th Cir. 1977) .......................................................................... 9

4  *Brockmeyer v. May,*
5  383 F.3d 798 (9th Cir. 2004) ........................................................................ 14

6  *Conde v. Sensa,*
   259 F.Supp.3d 1064 (S.D. Cal. 2017) ........................................................... 13
7

8  *Dernick v. Bralorne Resources, Ltd.,*
   639 F.2d 196 (5th Cir.1981) .......................................................................... 16
9

   *Doe v. Unocal Corp.,*
10 248 F.3d 915 (9th Cir. 2001) ........................................................................ 12

11 *EEOC v. Peabody Western Coal Co.,*
   400 F.3d 774 (9th Cir. 2005) ................................................................... 15, 17
12

13 *EEOC v. Peabody Western Coal Co..,*
   610 F.3d 1070 (9th Cir. 2010) ................................................................. 15, 18
14

15 *Evergreen Int'l Aviation v. Banc of Am. Sec.,*
   2004 WL 1717627, at *4 (D. Or. July 29, 2004) .......................................... 19

16 *Exxon Mobil Corp. v. Allapattah Servs., Inc.,*
   545 U.S. 546 (2005) ..................................................................................... 17
17

18 *Freeman v. Northwest Acceptance Corp.,*
   754 F.2d 553 (5th Cir. 1985) ......................................................................... 17
19

   *GEC US 1 LLC v. Frontier Renewables, LLC,*
20 No. 16-CV-1276 YGR, 2016 WL 4677585, at *14 (N.D. Cal. Sept. 7, 2016) ........................ 12

21 *In re GlenFed, Inc. Sec. Litig.,*
   42 F.3d 1541 (9th Cir. 1994) ......................................................................... 21
22

23 *J&J v. Coopervision, Inc.,*
   720 F.Supp. 1116 (D. Del. 1989)................................................................... 19

24 *Jurimex Kommerz Transit G.m.b.H. v. Case Corp.,*
25 201 F.R.D. 337 (D. Del. 2001) .................................................... 16, 17, 18, 19

26 *Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) ....................................................................... 20
27

28 *Lopez v. Shearson Am. Express, Inc.,*
   684 F.Supp. 1144 (D.P.R. 1988)..................................................... 16, 18, 19

4

*Louisville, Cincinnati & Charleston R.R. Co. v. Letson*,
   43 U.S. 497 (1844) ................................................................................................ 17

*Makah Indian Tribe v. Verity*,
   910 F.2d 555 (9th Cir. 1990) .............................................................................. 15

*NetApp, Inc. v. Nimble Storage, Inc.*,
   No. 5:13-CV-05058-LHKHRL, 2015 WL 400251, at *6 (N.D. Cal. Jan. 29, 2015) .............. 12

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987) ............................................................................................... 14

*Polanco v. H.B. Fuller Co.*,
   941 F.Supp. 1512 (D.Minn. 1996) ................................................................ 16, 19

*Pulitzer–Polster v. Pulitzer*,
   784 F.2d 1305 (5th Cir. 1986) ............................................................................ 15

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015) .................................................................... 8, 9, 12

*Ronconi v. Larkin*,
   253 F.3d 423 (9th Cir. 2001) .............................................................................. 21

*Sandoval v. Ali*,
   34 F.Supp.3d 1031 (N.D. Cal. 2014) .................................................................... 9

*Semegen v. Weidner*,
   780 F.2d 727  (9th Cir. 1985) .............................................................................. 20

*Societe d'Assurance de l'Est SPRL v. Citigroup Inc.*,
   No. 10 CIV. 4754 JGK, 2011 WL 4056306, *3 (S.D.N.Y. Sept. 13, 2011)...................... 18, 19

*Sonora Diamond Corp. v. Superior Court*,
   83 Cal.App.4th 523 (2000) .................................................................................. 13

*Stewart v. Screen Gems-EMI Music, Inc.*,
   81 F.Supp.3d 938 (N.D. Cal. 2015) ...................................................................... 9

*Strawbridge v. Curtiss*,
   7 U.S. 267 (1806)................................................................................................. 17

*Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*,
   364 F.Supp.3d 1061 (N.D. Cal. 2019) ................................................................... 9

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .............................................................................. 20

*Taylor v. United States*,
   821 F.2d 1428 (9th Cir. 1987) ............................................................................ 20

5

*United Mine Workers of Am. v. Gibbs,*
 383 U.S. 715 (1966).................................................................. 15

*United States v. Bowen,*
 172 F.3d 682 (9th Cir. 1999) .......................................... 15, 16

*Williams v. Yamaha Motor Co.,*
 851 F.3d 1015 (9th Cir. 2017) ................................................ 12

*Yellowstone County v. Pease,*
 96 F.3d 1169 (9th Cir. 1996) .................................................. 16

**STATUTES**

Code Civ. Proc. §416.10 ........................................................... 14

28 U.S.C. § 1332(c)(1) ............................................................... 17

28 U.S.C. § 1367 ......................................................................... 15

**RULES**

Fed. R. Civ. P. 4 ......................................................................... 14

Fed. R. Civ. P. 4(e)(1) ............................................................... 14

Fed. R. Civ. P. 4(h) .................................................................... 14

Fed. R. Civ. P. 9 ........................................................................... 7

Fed. R. Civ. P. 9(b) ............................................................... 7, 20

Fed. R. Civ. P. 12(b)(2) ...................................................... 7, 8, 9

Fed. R. Civ. P. 12(b)(4) ....................................................... 7, 14

Fed. R. Civ. P. 12(b)(6) ....................................................... 7, 20

Fed. R. Civ. P. 12(b)(7) ....................................................... 7, 20

Fed. R. Civ. P. 19 ........................................................... 7, 15, 16

Fed. R. Civ. P. 19(a) ......................................................... 15, 17

Fed. R. Civ. P. 19(a)(1) ..................................................... 15, 16

Fed. R. Civ. P. 19(b) ......................................................... 15, 18

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

**INTRODUCTION**

Defendants, Zhongli Science and Technology Group Co., Ltd. ("Zhongli"), and Suzhou Talesun Solar Technology Co., Ltd. ("Suzhou"), (collectively "defendants"), bring this motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Martifer-Silverado Fund I, LLC ("M-S Fund" or "plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(6), and 12(b)(7).[1]  This Court lacks personal jurisdiction over Zhongli and Suzhou, foreign corporations with their principal places of business in China, and even if this Court did have jurisdiction, plaintiff failed to properly serve defendants with the summons and complaint in this action.  The FAC also does not name Talesun USA as a defendant, apparently in an attempt to confer subject matter jurisdiction on the Court.  Talesun USA, however, is an indispensable party which cannot be joined under Rule 19 because joinder would deprive the Court of subject matter jurisdiction.  Finally, plaintiff's complaint fails to state a claim against defendants, as it has not pled fraud with the specificity required by Rule 9(b).  The lawsuit should be dismissed, without leave to amend.

**STATEMENT OF FACTS**

Plaintiff filed its original complaint on July 24, 2019, against defendants Zhongli, Suzhou, and Talesun USA for purported omissions, misrepresentations, and concealment of material facts relating to three contracts plaintiff allegedly entered into with Talesun USA.  Dkt. 1.  On August 14, 2019, defendants filed a motion to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, lack of specificity under Rule 9, and failure to properly serve defendants.  Dkt. 12.  On October 17, 2019, plaintiff filed a motion for voluntary dismissal of defendant Talesun USA in an effort to cure the issue of subject matter jurisdiction caused by the absence of complete diversity between the parties.  Dkt. 27.  On October 21, 2019, the Court granted plaintiff's motion to dismiss Talesun USA and stated it would consider the grounds raised in defendants' motion to dismiss other than the lack of subject matter jurisdiction.  Dkt.

---

[1] Unless otherwise specified, all future references to a "Rule" are to the Federal Rules of Civil Procedure.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

29.  On March 20, 2020, the Court granted defendants' motion to dismiss with leave to amend. Dkt. 32.

Plaintiff filed its FAC on April 10, 2020.  Dkt. 33.  Plaintiff asserts that M-S Fund is a limited liability corporation organized under the laws of Delaware, which formerly maintained its principal place of business in San Francisco but no longer conducts intrastate business in California.  FAC at 2, ¶ 6.  Dkt. 33.  Plaintiff alleges that Zhongli is a Chinese corporation with its principal place of business at No. 8 Changkun Road, Southeast Economic Development Zone, Changshu, Suzhou, Jiangsu, China.  FAC at 3, ¶ 8.  Dkt. 33.  Plaintiff alleges Suzhou is a Chinese corporation with its principal place of business at No. 1 Talesun Road, Shajiabang, Changshu, Suzhou, Jiangsu, China.  FAC at 3, ¶ 9.  Dkt. 33.  Talesun USA is a Delaware corporation, which is not currently conducting business, but formerly had its principal place of business in San Jose, California.  Declaration of Chingqing Hu in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Hu Decl.") at ¶ 5.  Dkt. 24-2.

Plaintiff's proofs of service indicate service was made on defendants by serving Changqing Hu in his capacity as the person "designated by law to accept service of process on behalf of" Zhongli, Suzhou, and Talesun USA.  Dkts. 20-22.  Mr. Hu, however, has never been designated by law as the agent for service of process for any of the defendants.  Hu Decl. at ¶ 2. Dkt. 24-2.

## LEGAL ARGUMENT

### I.  ZHONGLI AND SUZHOU ARE NOT SUBJECT TO THE PERSONAL JURISDICTION OF THIS COURT.

A party may file a motion to dismiss for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Plaintiff does not contend that personal jurisdiction exists due to defendants' own contact with the forum, but rather that they are subject to liability as the alter egos of Talesun USA.  FAC at 2, ¶ 5.  Dkt. 33.

The plaintiff has the burden to establish a court's personal jurisdiction over a defendant. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  A plaintiff cannot simply rest on the bare allegations of the complaint, but must come forward with facts, by affidavit or otherwise,

supporting personal jurisdiction.  *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977).

To survive a Rule 12(b)(2) motion on an alter ego theory, a plaintiff must make a *prima facie* showing that both: (1) there is a unity of interest and ownership between the corporations such that their separate personalities do not actually exist, and (2) treating the corporations as separate entities would result in injustice.  *Ranza,* 793 F.3d at 1073 (9th Cir. 2015).  The first prong of the alter ego test requires "a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former."  *Id.* (citation omitted).  It requires such "pervasive control" that it can only be met where a parent corporation "dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation."  *Id.* (citation omitted). Courts typically consider nine factors when assessing the first prong of the alter ego test:

> [1] the commingling of funds and other assets of the entities, [2] the holding out by one entity that it is liable for the debts of the other, [3] identical equitable ownership of the entities, [4] use of the same offices and employees, [5] use of one as a mere shell or conduit for the affairs of the other, [6] inadequate capitalization, [7] disregard of corporate formalities, [8] lack of segregation of corporate records, and [9] identical directors and officers.

*Stewart v. Screen Gems-EMI Music, Inc.*, 81 F.Supp.3d 938, 954 (N.D. Cal. 2015) (quoting *Sandoval v. Ali*, 34 F.Supp.3d 1031, 1040 (N.D. Cal. 2014)).  "Because no one factor governs the analysis, courts should look at all the circumstances to determine whether the alter ego doctrine applies." *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.,* 364 F.Supp.3d 1061, 1078 (N.D. Cal. 2019) (quotation marks and citations omitted).

This Court found the facts alleged in the original complaint to be inadequate to demonstrate a unity of interest between defendants and Talesun USA.  Although the FAC contains new allegations, most are either speculative, based "on information and belief," or conclusory.  The only addition of substance to support plaintiff's alter ego claim is paragraph 73 of the FAC where plaintiff alleges that Eric Ma (the former General Manager of Talesun USA) and Lingqing Gu (who was designated as the PMK for Talesun USA) "confirmed" certain facts in their depositions in the state court action between plaintiff and Talesun Solar USA Ltd.  (*Martifer-Silverado Fund I, LLC v. Talesun Solar*

9

*USA Ltd.,* San Francisco Superior Court Case No. CGC-16-556139).  Other than stating their belief that the companies shared a few employees and executives, neither Ma nor Gu testified to the facts attributed to them in paragraph 73.

First, neither individual testified that Chairman Wang owned stock in defendants and Talesun USA.  FAC at ¶ 73.  Dkt. 33.  In fact, both testified that they did not know who owned the stock of Zhongli.[2]  Declaration of Hilary Weddell in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Weddell Decl.") Exh. A at 28:18-20, 30:22-24; Exh. B at 278:25-280:2.  Gu testified he did not know which entity was the parent company of Suzhou, and Ma was never asked.   Weddell Decl. Exh. B at 49:8-10.  Ma testified that Zhongli owned Talesun USA and Gu testified that he knew Suzhou was somewhere up the corporate structure from Talesun USA, but did not know whether there were other companies in between.[3]  Weddell Decl. Exh. A at 122:7-10; Weddell Decl. Exh. B at 50:10-51:1.

Second, neither individual testified that "Talesun USA acted as a mere shell/conduit for the Parents' affairs;" that defendants "exercised pervasive control over Talesun USA, dictating every facet of the subsidiary's business;" or that defendants "controlled Talesun USA to such a degree as to render the subsidiary a mere instrumentality of the Parents, including giving Talesun USA no actual decision-making authority concerning its affairs."  FAC at ¶ 73. Dkt 33.  On the contrary, Ma testified that "Talesun USA is operated as an independent entity."  Weddell Decl. Exh. A at 122:7-10.  Ma testified that as the General Manager of Talesun USA, he had authority to sign contracts below a certain threshold.  Only if the value of the contract exceeded this threshold was he required to obtain approval from the Board of Talesun USA before signing, and "significant transactions" may have needed parent approval as well.  Weddell Decl. Exh. A at 89:6-24.

---

[2] Plaintiff's FAC alleges that Zhongli is traded on the Shenzhen stock market.  FAC at 3, ¶ 10.  Dkt. 33.

[3] In actuality, neither Zhongli nor Suzhou is the direct parent corporation of Talesun USA, and neither holds any shares in Talesun USA.  Weddell Decl. Exh. C, p. SP000011110, ¶ 7.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

Third, neither deponent testified that "Talesun USA was constantly underfunded and could not pay its obligations as they came due[,]" including certain payments allegedly required pursuant to the contracts with M-S Fund.  FAC at ¶ 73.  Dkt. 33.  Instead, Ma explained during his deposition that although he could not remember the exact amount of money in the Talesun USA bank account at any given time, the fact that he might have gotten approval from Zhongli for certain M-S Fund related expenses was "not necessary directly related to the money, the capital resources." Weddell Decl. Exh. A at 84:5-13.

Fourth, while plaintiff alleges that Ma and Gu "confirmed" that Talesun USA "disregarded corporate formalities (including maintaining no separate financials, holding no regularly-scheduled board meetings, and taking interest-free loans from the Parents without any supporting documentation)," such is not the case.  FAC at ¶ 73. Dkt 33.  Contrary to plaintiff's assertion in footnote 4 of the FAC, Gu testified that Talesun USA did have a separate bank account.  Weddell Decl. Exh. B at 38:9-39:17.  Ma also testified that Talesun USA had a bank account and an office manager who prepared a budget and monthly finance report for Talesun USA with help from an outside accounting company.  Weddell Decl. Exh. A at 50:2-51:3.  Ma testified that Talesun USA had a board of directors that regularly conducted board meetings, and that minutes of those meetings were prepared.  Weddell Decl. Exh. A at 21:10-16, 23:9-23.  Neither Ma nor Gu testified that Talesun USA took any "interest-free loans from the Parents without any supporting documentation."

Finally, neither Ma nor Gu testified that defendants ordered the destruction of email communications relating to the deal between plaintiff and Talesun USA.  Rather, they testified that after Talesun USA closed its operations in 2014, many company records were either erased or lost and could not be produced in response to plaintiff's 2017 document request in the state court case between plaintiff and Talesun USA. Weddell Decl. Exh. A at 14:25-15:10, 129:17-131:11; Exh. B at 87:3-102:21.  Gu testified "[t]he documents that we were able to gather or e-mails that we could gather, I have already turned them over to my lawyer."  Weddell Decl. Exh. B at 87:10-12.

1    Plaintiff's factual allegations show nothing more than that Talesun USA and defendants

2    shared a few employees, officers, or directors, and defendants had some involvement in assisting

3    Talesun USA in the underlying transaction with M-S Fund, and are insufficient to demonstrate an

4    alter ego relationship.

5    It is well established that "[t]otal ownership and shared management personnel are alone

6    insufficient to establish the requisite level of control." *Ranza*, 793 F.3d at 1073.  In accordance with

7    this principle, this Court previously has held that the sharing of several employees, officers, directors,

8    and agents is insufficient to satisfy the first prong of the alter ego test, "[o]therwise parent and

9    subsidiary entities would always be presumed alter egos." *GEC US 1 LLC v. Frontier Renewables,*

10   *LLC*, No. 16-CV-1276 YGR, 2016 WL 4677585, at *14 (N.D. Cal. Sept. 7, 2016).

11   Further, the first prong of the alter ego test is not satisfied simply because "an active parent

12   corporation [is] involved directly in decision-making about its subsidiaries' holdings," where the

13   corporations "observe all of the corporate formalities necessary to maintain corporate separateness."

14   *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001), abrogated on other grounds by *Williams v.*

15   *Yamaha Motor Co.*, 851 F.3d 1015 (9th Cir. 2017).  As such, plaintiff's allegations that Zhongli and

16   Suzhou were heavily involved in Talesun USA's operations, including by providing financial

17   backing and using Talesun USA to achieve business objectives in the U.S., do not by themselves

18   support a finding of alter ego status.  There is nothing inherently improper about Talesun USA

19   conducting business in the U.S. for defendants' benefit. *See NetApp, Inc. v. Nimble Storage, Inc.*, No.

20   5:13-CV-05058-LHKHRL, 2015 WL 400251, at *6 (N.D. Cal. Jan. 29, 2015).

21   Moreover, plaintiff fails to present facts showing defendants exercised "pervasive control"

22   over "every facet of the subsidiary's business—from broad policy decisions to routine matters of

23   day-to-day operation."  Although the facts do not show defendants had even pervasive control of

24   Talesun USA regarding the transaction with M-S Fund, they fall far short of establishing defendants'

25   control over every facet of Talesun USA's business.

26   Finally, although inadequate capitalization of a subsidiary may be a basis for holding a parent

27   corporation liable for acts of the subsidiary, plaintiff has failed to present facts or allegations relating

28   to Talesun USA's liabilities and assets.  *See NetApp, Inc.*, 2015 WL 400251, at *7.  Here, plaintiff

12

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

1  makes conclusory allegations that Talesun USA was underfunded, based only on the fact that it did

2  not make certain payments.[4]  It is mere speculation that these payments were not made by Talesun

3  USA because it was undercapitalized.  Moreover, plaintiff's claim that "[o]n December 3, 2012,

4  Talesun USA admitted it was so undercapitalized that it could not afford to pay the additional

5  $46,160" of the $546,160 initial closing payment is inaccurate.  *See* FAC at 10, ¶ 49.  Dkt. 33.

6  The December 3, 2012, email says nothing about "undercapitalization" or "inability to pay."

7  Instead, the email stated that the late addition of certain projects to the closing "will result in a

8  slightly higher payment of about $50k over $1MM. While small sum, it may still take Talesun

9  USA a little bit while (a few days top) for disbursing the fund simply for administrative

10  requirement."  Weddell Decl. Exh. D.  The fact that Talesun USA needed more time to make the

11  additional payment does not mean it was undercapitalized.

12     The FAC fails to set forth facts to establish that there is such a unity of interest and

13  ownership between the defendants and Talesun USA that the separate personalities of these

14  entities no longer exist.  In addition to failing to meet its burden as to the first prong of the alter

15  ego test, plaintiff presents no facts showing that recognition of the separate corporate identities

16  would result in fraud or injustice.  The second prong of the alter ego test requires a showing that

17  an inequitable result would result from the recognition of the corporate form.  *Conde v. Sensa*,

18  259 F.Supp.3d 1064, 1069 (S.D. Cal. 2017).  No such showing has been made.

19     "Alter ego is an extreme remedy, sparingly used."  *Id.* (quoting *Sonora Diamond Corp. v.*

20  *Superior Court*, 83 Cal.App.4th 523, 539 (2000)).  Plaintiff has failed to plead any activity of

21  Zhongli or Suzhou in California or the United States, and has failed to demonstrate that the

22  separateness of these corporations should not be respected.  This Court lacks personal

23  jurisdiction over Zhongli and Suzhou, and the complaint should be dismissed.

24  ///

25  ///

26

27

28  [4] Contrary to the allegations of plaintiff, neither Zhongli nor Suzhou paid the exclusivity deposit on behalf of
Talesun USA.  Weddell Decl., Exh. E (reflecting "Talesun Solar Hong Kong Limited" as the ordering party).

13

## II.   PLAINTIFF HAS FAILED TO PROPERLY SERVE DEFENDANTS.

A party may file a motion to dismiss for insufficient service of process.  Fed. R. Civ. P. 12(b)(4).  A federal court lacks personal jurisdiction over a defendant if service of process is insufficient.  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Plaintiff bears the burden of establishing that service was valid under Rule 4.  *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004).

Rule 4(h) provides that a corporation may be properly served either 1) in the manner prescribed by Rule 4(e)(1) for serving an individual, or 2) by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant."  Rule 4(e)(1) provides that an individual may be served by following state law for serving a summons in an action brought in the state where the district court is located or where service is made.

California law provides that service on a corporation may be made by either of the following methods: 1) to the person designated as agent for service of process as provided by the California Corporations Code; or 2) to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.  Code Civ. Proc. §416.10.

Plaintiff's proofs of service filed on August 28, 2019 indicate service was made on defendants by serving Changqing Hu in his capacity as the person "designated by law to accept service of process on behalf of" Zhongli, Suzhou, and Talesun USA.  Dkts. 20-22.  Mr. Hu, however, has never been designated by law as the agent for service of process for any of the defendants.  Hu Decl. at ¶ 2.  Dkt. 24-2.

Defendants were not properly served, and the complaint should be dismissed.

///

///

///

1

### III.   THE COMPLAINT MUST BE DISMISSED UNDER RULE 12(b)(7) BECAUSE TALESUN USA IS AN INDISPENSIBLE PARTY WHICH CANNOT BE JOINED AS A DEFENDANT IN THIS LAWSUIT.

2

3      A party may file a motion to dismiss for failure to join a party whose presence is needed

4  for a just adjudication as stated in Rule 19.  *See EEOC v. Peabody Western Coal Co.*, 400 F.3d

5  774, 778 (9th Cir. 2005) ("*Peabody I*").  Rule 19 outlines a three-step process for determining

6  whether a court should dismiss an action for failure to join an indispensable party.  *United States*

7  *v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).  First, a court determines whether an absent party is

8  necessary.  Second, "[i]f the absent party is 'necessary,' the court must determine whether

9  joinder is 'feasible.'"  *Id.* (citing Fed. R. Civ. P. 19(a)-(b)).  Joinder may not be feasible if, for

10  instance, venue is improper, the court lacks personal jurisdiction over the party, or joinder would

11  destroy subject matter jurisdiction. *Peabody I*, 400 F.3d at 779.  Third, if joinder is not feasible,

12  the court must determine whether the absent party is indispensable such that without joinder the

13  action cannot proceed in "equity and good conscience." *Id.* (quoting Fed. R. Civ. P. 19(b));

14  *EEOC v. Peabody Western Coal Co.*, 610 F.3d 1070, 1076-78 (9th Cir. 2010) ("*Peabody II*").

15  "In circumstances where the litigation should not proceed without absent persons, the federal suit

16  should be dismissed." *Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1308-09 (5th Cir. 1986).

17      The Ninth Circuit has stated that the Rule 19 "inquiry is a practical one and fact specific."

18  *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  In the interests of judicial

19  efficiency, the Supreme Court has stated that "joinder of ... parties ... is strongly encouraged."

20  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), *superseded by statute on other*

21  *grounds*, 28 U.S.C. § 1367.

22      **A.  Talesun USA Is a Necessary Party.**

23      The first inquiry is whether Talesun USA is a necessary party under any of the three

24  conditions set forth in Rule 19(a)(1).  Under Rule 19(a)(1), a person who is subject to service of

25  process and whose joinder will not deprive the court of subject matter jurisdiction must be joined

26  as a party if:

27      (A)  in that person's absence, the court cannot accord complete relief among
            existing parties; or

28

---

15

1

      (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

2

          i.   as a practical matter impair or impede the person's ability to protect the interest; or

3

          ii.  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

4

5

Fed. R. Civ. P. 19(a)(1); *see also Bowen*, 172 F.3d at 688.  Rule 19(a)(1) is phrased in the

6

disjunctive; thus, joinder is appropriate if any condition is met.  *Yellowstone County v. Pease*, 96

7

F.3d 1169, 1172 (9th Cir. 1996).

8

          While not always clearly delineating under which subsection the analysis relies, courts

9

have routinely held that subsidiaries are necessary parties in actions against their parents when

10

the subsidiary is an "active or primary participant" in the acts underlying the action.  *See, e.g.,*

11

*Polanco v. H.B. Fuller Co.,* 941 F.Supp. 1512, 1521 (D.Minn. 1996) (collecting cases); *Jurimex*

12

*Kommerz Transit G.m.b.H. v. Case Corp.,* 201 F.R.D. 337, 340 (D. Del. 2001) (*"Jurimex"*),

13

*aff'd*, 65 F. App'x 803 (3d Cir. 2003) (subsidiary is a necessary and indispensable party under

14

Rule 19 when a plaintiff seeks to hold parent company liable for conduct of subsidiary); *Lopez v.*

15

*Shearson Am. Express, Inc.,* 684 F.Supp. 1144, 1147 (D.P.R. 1988) ("The law appears very clear

16

that where the subsidiary is the primary participant in a dispute involving both the parent and the

17

subsidiary, the subsidiary is an indispensable party."); *Dernick v. Bralorne Resources, Ltd.,* 639

18

F.2d 196, 199 (5th Cir.1981) (failure to join a subsidiary that was the primary participant "would

19

be improper" under Rule 19).

20

          Here, plaintiff's complaint leaves no doubt that Talesun USA is a primary participant in

21

the facts that give rise to plaintiff's claims.  There is no dispute that plaintiff's allegations are

22

based *not* upon any agreement between Zhongli or Suzhou – there is none –, but upon the three

23

(3) purported agreements between plaintiff and Talesun USA.  FAC at 4, ¶ 15.  Dkt. 33.  Indeed,

24

plaintiff's complaint is replete with accusations against Talesun USA.  The FAC mentions

25

"Talesun USA" over 120 times.  Any disposition of plaintiff's claims against the two defendants

26

already joined will necessarily involve an interpretation of contracts to which only plaintiff and

27

Talesun USA are the alleged parties.  Plaintiff concedes its interactions were with Talesun USA

28

and its employees, and claims false statements purportedly made by Talesun USA induced

16

1   plaintiff to enter into three (3) different contracts with Talesun USA.  Plaintiff alleges the

2   misrepresentations and intentional omissions of defendants Zhongli and Suzhou were made

3   through Talesun USA.  *See e.g.,* FAC at 17, ¶ 87.  Dkt. 33.  Thus, this case is similar to *Jurimex*

4   *Kommerz Transit G.m.b.H*, where the court found that the absent subsidiaries were necessary

5   parties under Rule 19(a) because plaintiff's interactions were almost entirely with the absent

6   subsidiaries, not the defendant parent.  201 F.R.D. at 340.

7          While plaintiff initially sued Talesun USA as a defendant in this matter, it voluntarily

8   dismissed Talesun USA after defendants moved to dismiss because its presence destroyed the

9   court's diversity jurisdiction.  Dkt. 27.  However, federal courts have specifically rejected this

10  tactic, *i.e.*, plaintiffs cannot rely on the "alter ego" doctrine to avoid joining non-diverse

11  subsidiaries.  *See, e.g., Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 559-560 (5th Cir.

12  1985) ("[C]ourts have not hesitated to dismiss cases in which a non-diverse subsidiary has been

13  found an indispensable party, especially when plaintiffs have an alternative forum in state

14  courts.")

15  **B.  Joinder of Talesun USA Is Not Feasible Because It Would Destroy the Court's**
    **Subject Matter Jurisdiction.**

16

17         Although Talesun USA is a necessary party, it cannot be joined because it would destroy

18  diversity jurisdiction, depriving the court of subject matter jurisdiction.  *See Peabody I*, 400 F.3d

19  at 779.  A corporation is considered to be a citizen of both its state of incorporation and where it

20  has its principal place of business.  28 USC § 1332(c)(1).  Talesun USA is a Delaware

21  corporation, which is not currently conducting business, but formerly had its principal place of

22  business in San Jose, California.  Hu Decl. at ¶ 5. Dkt. 24-2.  The First Amended Complaint

23  alleges that some of plaintiff's members are citizens of California.  FAC at 2-3, ¶¶ 6-7.  Dkt. 33.

24         The presence of citizens of California as both a plaintiff and a defendant would destroy

25  the court's diversity jurisdiction.  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other*

26  *grounds by, Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555-556

27  (1844); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) ("Incomplete

28  diversity destroys original jurisdiction with respect to all claims").  Thus, joinder of Talesun

USA is not feasible because doing so would deprive this court of subject matter jurisdiction over this case.

### C. Talesun USA Is Indispensable Such That Without Joinder, the Action Cannot Proceed in Equity and Good Conscience.

Where joinder of the absent party is not feasible, the court must determine whether the absent party is indispensable such that without joinder the action cannot proceed in "equity and good conscience." *Peabody II*, 610 F.3d at 1076-78. To make that determination, the court considers: "(1) the extent to which a judgment rendered in [Talesun USA's] absence might prejudice [it] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided ...; (3) whether a judgment rendered in [Talesun USA's] absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b); *Peabody II*, 610 F.3d at 1078 (stating that an "indispensable party" is "one who not only has an interest in the controversy, but has an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience"). Here, all of Rule 19(b)'s factors weigh heavily in favor of dismissing this action.

As to the first factor, to allow the action to proceed in Talesun USA's absence would lead to a substantial risk of prejudice against it. Because the complaint alleges Talesun USA committed numerous fraudulent acts, a judgment for plaintiffs could impair Talesun USA's ability to defend itself in the related pending matters or any subsequent lawsuits. A judgment in this case may have a preclusive effect as to factual issues involving Talesun USA's alleged misconduct. Also, if this action did not have any preclusive effect, in the event plaintiff did not obtain a favorable judgment here, it could pursue an action asserting the same claims against Talesun USA in state court.

Thus, this case is similar to cases like *Lopez, Jurimex,* and *Societe d'Assurance de l'Est SPRL* where courts have found the absent subsidiary risked substantial prejudice if the suit proceeded without it, because numerous allegations were aimed directly at it, and it appeared the

18

1  bulk of the facts to be proven in the suit were acts taken by the subsidiary.  *See Lopez,* 684

2  F.Supp. at 1147; *Jurimex,* 201 F.R.D. at 340 (dismissing case in part because "[a] judgment

3  against [the parent] would undoubtedly prejudice the [s]ubsidiaries, whose conduct is largely at

4  issue in this case"); *Societe d'Assurance de l'Est SPRL v. Citigroup Inc*., No. 10 CIV. 4754 JGK,

5  2011 WL 4056306, *3 (S.D.N.Y. Sept. 13, 2011) ("In cases where, as here, the plaintiffs attempt

6  to hold a parent company liable for the actions of its subsidiary through piercing the corporate

7  veil, the action should be dismissed if the subsidiary cannot be joined because of the critical role

8  that the subsidiary should play in the lawsuit."); *see also Evergreen Int'l Aviation v. Banc of Am.*

9  *Sec*., 2004 WL 1717627, at *4 (D. Or. July 29, 2004) ("[T]he Court is not satisfied [the parent]

10  has the ability to protect the subsidiaries' interests in the absence of an express assignment of

11  those interests by the subsidiaries."); *J&J v. Coopervision, Inc*., 720 F.Supp. 1116, 1125 (D. Del.

12  1989) ("[T]he fact that [nonparty] is a wholly-owned subsidiary of a party does not necessarily

13  mean that [nonparty's] interests are adequately protected by its parent corporation so as to negate

14  [nonparty's] indispensability.").

15      Courts consistently find a subsidiary to be a necessary party in these circumstances

16  because a judgment rendered in the subsidiary's absence may "have a preclusive effect on [its]

17  ability to relitigate certain issues .... Moreover, even if not formally preclusive, an adverse ruling

18  would have an adverse precedential effect on the subsidiary's position in future litigation."

19  *Polanco,* 941 F.Supp. at 1521.

20      Consideration of the second factor, the extent to which any prejudice could be lessened or

21  avoided, also weighs in favor of dismissal.  No option exists to lessen the prejudice to Talesun

22  USA because the court cannot address plaintiff's claims without deciding whether Talesun

23  USA's actions give rise to liability.  *See Jurimex,* 201 F.R.D. at 340-41 ("The Court fails to see

24  how a judgment in this litigation could be rendered that would avoid this prejudice if the

25  Subsidiaries were not joined.").

26      The third factor, which is a similar analysis as Rule 19(a), also favors dismissal.  A

27  judgment without Talesun USA would not be adequate, as it allows for the possibility that

28  plaintiff could bring another action against Talesun USA for the same conduct at issue here.  In

19

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I,
LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

1  fact, plaintiff has already sued Talesun USA in state court for breach of the contracts at issue in

2  this action (San Francisco Superior Court case number CGC-16-556139).[5]

3        As to the fourth factor, plaintiff seeks the same remedy, for the same state-law breach of

4  contract claims alleged here, in its state court action.

5        Plaintiff cannot attempt to litigate its claims based on the agreements it entered into with

6  Talesun USA without joining it as a defendant.  Plaintiff dismissed Talesun USA in an attempt to

7  circumvent federal diversity requirements.  Such gamesmanship should not be allowed, and the

8  complaint should be dismissed pursuant to Rule 12(b)(7).

9        **IV.    PLAINTIFF HAS FAILED TO COMPLY WITH THE HEIGHTENED**
10             **PLEADING REQUIREMENTS FOR FRAUD UNDER RULE 9(B).**

11        A party may file a motion to dismiss for failure to state a claim upon which relief can be

12  granted.  Fed. R. Civ. P. 12(b)(6).  Even though state law determines whether state law claims

13  are viable in a diversity action, the manner in which such claims are stated is evaluated under the

14  Federal Rules.  *See, e.g., Taylor v. United States*, 821 F.2d 1428, 1433 (9th Cir. 1987).

15        Claims sounding in fraud or mistake are subject to the heightened pleading requirements

16  of Rule 9(b), which requires that a plaintiff "state with particularity the circumstances

17  constituting fraud."  Fed. R. Civ. P. 9(b); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124

18  (9th Cir. 2009).  To satisfy this standard, allegations must be "specific enough to give defendants

19  notice of the particular misconduct which is alleged to constitute the fraud charged so that they

20  can defend against the charge and not just deny that they have done anything wrong."  *Semegen*

21  *v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  Thus, claims sounding in fraud must allege "an

22  account of the 'time, place, and specific content of the false representations as well as the

23  identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764

24  (9th Cir. 2007) (per curiam). Plaintiffs must not only identify the false statements, but must also

25  state "what is false or misleading about a statement, and why it is false."  *In re GlenFed, Inc.*

26

27

28

---

[5] There is also a pending arbitration brought by one of plaintiff's members-- Silverado Power--against Talesun USA.  (AAA case number 01-16-0005-5997).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I,
LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

1   *Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*

2   *as stated in Ronconi v. Larkin*, 253 F.3d 423, 429 n.6 (9th Cir. 2001).

3        The FAC contains conclusory allegations that fail to satisfy Rule 9(b)'s heightened

4   standard of pleadings for fraud.  As such, the complaint should be dismissed for failure to plead

5   fraud with particularity.

6                     **CONCLUSION**

7        The Court lacks personal jurisdiction over defendants Zhongli and Suzhou, Chinese

8   corporations which do not conduct any business in California or the United States, and the

9   defendants have not been properly served.  Plaintiff also has failed to state a claim against

10   defendants with the required specificity.  Finally, the Court must dismiss the First Amended

11   Complaint because Talesun USA is a necessary party which cannot be joined in the action.

12   Plaintiff's attempt to confer diversity jurisdiction where no such jurisdiction exists should not be

13   allowed.  Any trial of this case would be a trial of the conduct of Talesun USA; it would be

14   prejudicial to proceed without Talesun USA; and the Court cannot fashion any protection against

15   this prejudice.

16        Defendants respectfully request that the Court dismiss the complaint in its entirety,

17   without leave to amend.

18   DATED:  April 24, 2020

                                     McMANIS FAULKNER

19                                    /s/ Hilary Weddell

20                                    ELIZABETH PIPKIN

                                    MATTHEW SCHECHTER

21                                    PATRICK HAMMON

                                    HILARY WEDDELL

22                                    Attorneys for Defendants,

23                                    ZHONGLI SCIENCE AND TECHNOLOGY

                                    GROUP CO., LTD.; SUZHOU TALESUN

24                                    SOLAR TECHNOLOGY CO., LTD.

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS MARTIFER SILVERADO FUND I,
LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR