1  ELIZABETH PIPKIN (243611)
   MATTHEW SCHECHTER (212003)
2  PATRICK HAMMON (255047)
   HILARY WEDDELL (293276)
3  McMANIS FAULKNER
   a Professional Corporation
4  50 West San Fernando Street, 10th Floor
   San Jose, California 95113
5  Telephone:    (408) 279-8700
   Facsimile:    (408) 279-3244
6  Email:        epipkin@mcmanislaw.com

7  Attorneys for Defendants,
   ZHONGLI SCIENCE AND TECHNOLOGY
8  GROUP CO., LTD.; SUZHOU TALESUN SOLAR
   TECHNOLOGY CO., LTD.
9
                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                        OAKLAND DIVISION
12

13  MARTIFER-SILVERADO FUND I, LLC          Case No.:   4:19-CV-04243-YGR

14             Plaintiff                     **DEFENDANTS' REPLY IN SUPPORT OF
                                             MOTION TO DISMISS MARTIFER-
15         vs.                               SILVERADO FUND I, LLC'S
                                             FIRSTAMENDED COMPLAINT**
16  ZHONGLI SCIENCE AND TECHNOLOGY
    GROUP CO., LTD.; SUZHOU TALESUN          Date:      May 26, 2020
17  SOLAR TECHNOLOGY CO., LTD.               Time:      2:00 P.M.
                                             Location: Courtroom 1, 4th Floor
18             Defendants,                   Judge:     The Hon. Yvonne Gonzalez Rogers

19
20
21
22
23
24
25
26
27
28

                                          1
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S
FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 7

LEGAL ARGUMENT .......................................................................................... 7

I.   PLAINTIFF HAS NOT ESTABLISHED THIS COURT HAS
     PERSONAL JURISDICTION OVER DEFENDANTS ................................... 7

     A.   Plaintiff Fails to Assert Sufficient Facts to Establish That
          Talesun USA Is the Alter Ego of Defendants ..................................... 7
     B.   Use of a Subsidiary as a "Marketing Conduit" Is Not an
          Independent Basis for a Finding of Alter Ego ................................... 9
     C.   Inadequate Capitalization Is Not an Independent Basis for
          Alter Ego Liability ............................................................................ 9
     D.   An Agency Relationship Does Not Subject a Principal to the
          General Jurisdiction of This Court ................................................... 10
     E.   Defendants Are Not Subject to the General Jurisdiction of
          This Court on the Ground It Injected Products Into the
          Forum ................................................................................................ 10
     F.   The Court Does Not Have Specific Jurisdiction Over
          Defendants ........................................................................................ 11

          1.   Defendants Have Not Purposefully Directed Their
               Activities Into, Nor Purposefully Availed
               Themselves of the Benefits of, California Laws ..................... 12
          2.   Plaintiff Has Not Shown It Would Not Have
               Suffered an Injury "but for" Defendants' Forum-
               Related Conduct ................................................................... 14
          3.   The Exercise of Personal Jurisdiction Over
               Defendants Is Unreasonable ................................................. 15

II.  PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF
     ESTABLISHING THAT SERVICE ON DEFENDANTS WAS
     VALID UNDER RULE 4 ............................................................................ 16
III. DISMISSAL IS MANDATED UNDER RULE 12(b)(7)
     BECAUSE TALESUN USA IS A NECESSARY PARTY THAT
     CANNOT BE JOINED ................................................................................ 17
IV.  PLAINTIFF HAS FAILED TO COMPLY WITH THE
     HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD
     UNDER RULE 9(B) .................................................................................... 19
V.   JURISDICTIONAL DISCOVERY IS NOT WARRANTED ........................ 19
VI.  OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF ................... 21

CONCLUSION .................................................................................................. 21

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S
FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Adams v. Allied Signal General Aviation Avionics*
  74 F.3d 882 (8th Cir. 1996) ........................................................... 17

*Adobe Systems Incorporated v. NA Tech Direct, Inc*.
  No. 17-cv-05226-YGR, 2018 WL 3304633, at *5 (N.D. Cal. July 5, 2018).......................... 20

*Asashi Metal Indus. Co. v. Super. Ct.*
  480 U.S. 102, 115 (1987)................................................................ 16

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,*
  566 F.3d 1012, 1022 (Fed. Cir. 2009)............................................ 19, 20

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*
  874 F.3d 1064, 1068 (9th Cir. 2017) ............................................ 11, 13

*Barantsevich v. VTB Bank*
  954 F.Supp.2d 972, 997 (C.D. Cal. 2013) ......................................... 20

*Boschetto v. Hansing*
  539 F.3d 1011, 1020 (9th Cir. 2008) ............................................... 20

*Bristol-Myers Squibb Co. v. Super. Ct.*
  137 S.Ct. 1773, 1780 (2017).......................................................... 11

*Brockmeyer v. May*
  383 F.3d 798, 801 (9th Cir. 2004) ................................................... 16

*Butcher's Union Local No. 498 v. SDC Investment, Inc*.
  788 F.2d 535, 540 (9th Cir. 1986) ............................................ 19, 20, 21

*CFA N. Cal., Inc. v. CRT Partners LLP*
  378 F.Supp.2d 1177, 1186 (N.D. Cal. 2005) ...................................... 15

*Conde v. Sensa*
  259 F.Supp.3d 1064, 1069 (S.D. Cal. 2017)....................................... 8, 9

*Cooper v. Pickett*
  137 F.3d 616, 625 (9th Cir. 1997) ................................................... 19

*Core-Vent Corp. v. Nobel Indus. AB*
  11 F.3d 1482, 1489 (9th Cir. 1993) .................................................. 16

*Daimler AG v. Bauman*
  571 U.S. 117 (2014)..................................................................... 10

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*
  840 F.2d 685, 688 (9th Cir. 1988) ............................................................... 17

*Dou Yee Enterprises (S) PTE, Ltd. v. Advantek, Inc.*
  149 F.R.D. 185, 189 (D. Minn. 1993) ............................................................ 18

*Duple Motor Bodies, Ltd. v. Hollingsworth*
  417 F.2d 231, 234-235 (9th Cir. 1969) ......................................................... 11

*E.E.O.C. v. Peabody Western Coal Co.*
  610 F.3d 1070, 1076-1078 (9th Cir. 2010) ................................................... 18

*Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*
  103 F.3d 888, 894 (9th Cir. 1996) ............................................................... 14

*Freeman v. Nw Acceptance Corp.*
  754 F.2d 553, 559-560 (5th Cir. 1985) ......................................................... 18

*Getz v. Boeing Co.*
  654 F.3d 852, 860 (9th Cir. 2011) ............................................................... 20

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*
  328 F.3d 1122, 1132 (9th Cir. 2003) ........................................................... 15

*In re Packaged Seafood Prod. Antitrust Litig.*
  338 F.Supp.3d 1118, 1154, n.23 (S.D. Cal. 2018) ........................................... 9

*In re Western States Wholesale Nat. Gas Antitrust Litig.*
  715 F.3d 716, 742 (9th Cir. 2013) ........................................................... 14, 15

*Int'l  Shoe Co. v. Washington*
  326 U.S. 310, 316 (1945) ........................................................................... 11

*John Doe v. Unocal Corp.*
  248 F.3d 915 (9th Cir. 2001) ........................................................................ 9

*Key Tronic Corp. v. SMART Techs. ULC*
  No. 2:16-CV-0028-TOR, 2016 WL 7104252, at *8–9 (E.D. Wash. Dec. 5, 2016) ............... 21

*Lazar v. Super. Court*
  12 Cal.4th 631, 645 (1996) ......................................................................... 19

*Meyers v. ASICS Corp.*
  711 F.Supp. 1001, 1003-1006 (C.D. Cal. 1989) .............................................. 11

*Morrill v. Scott Financial Corp.*
  873 F.3d 1136, 1142 (9th Cir. 2017) ........................................................... 12

*Panavision Intern., L.P. v. Toeppen*
  141 F.3d 1316, 1323 (9th Cir. 1998) ........................................................... 15

*Pebble Beach Co. v. Caddy*
  453 F.3d 1151, 1155 (9th Cir. 2006) ...................................................................... 12

*Picot v. Weston*
  780 F.3d 1206, 1214 (9th Cir. 2015) ...................................................................... 13

*Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp.*
  633 F.2d 155, 159 (9th Cir. 1980) .......................................................................... 11

*Ranza v. Nike, Inc.*
  793 F.3d 1059, 1073 (9th Cir. 2015) ............................................................. 7, 9, 10

*Rivera Rojas v. Loewen Group Intern., Inc.*
  178 F.R.D. 356, 364 (D.P.R. 1998) ........................................................................ 18

*Schwarzenegger v. Fred Martin Motor Co.*
  374 F.3d 797, 802 (9th Cir. 2004) .......................................................................... 12

*Shermoen v. United States*
  982 F.2d 1312, 1317 (9th Cir. 1992) ...................................................................... 17

*Sonora Diamond Corp. v. Superior Court*
  83 Cal.App.4th 523, 539 (2000) ............................................................................... 8

*Stansfield v. Starkey*
  220 Cal. App. 3d 59, 73 (1990) .............................................................................. 19

*Stewart v. Screen Gems-EMI Music, Inc.*
  81 F.Supp.3d 938, 954 (N.D. Cal. 2015) ............................................................... 8, 9

*Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.*
  364 F.Supp.3d 1061, 1078 (N.D. Cal. 2019) ........................................................... 8

*Taubler v. Giraud*
  655 F.2d 991, 993 (9th Cir. 1981) .......................................................................... 11

*Walden v. Fiore*
  571 U.S. 277, 284 (2014) ............................................................................ 11, 13, 15

*Ward v. Apple Inc.*
  791 F.3d 1041, 1049 (9th Cir. 2015) ...................................................................... 18

*Washington Shoe v. A-Z Sporting Goods, Inc.*
  704 F.3d 668, 675 (9th Cir. 2012) .......................................................................... 13

*Williams v. Yamaha Motor Co. Ltd.*
  851 F.3d 1015, 1023 (9th Cir. 2017) ...................................................................... 10

**STATUTES**

Code Civ. Proc. § 416.10(b) ................................................................................................ 16

Fed. R. Civ. P. 4(h)(1)(B) ................................................................................................... 16

Fed. R. Civ. P. 9(b) ............................................................................................................. 19

Fed. R. Civ. P. 12(b)(7) ...................................................................................................... 17

Fed. R. Civ. P. 19(a) ........................................................................................................... 18

Fed. R. Civ. P. 19(b) ........................................................................................................... 18

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

**INTRODUCTION**

This Court lacks personal jurisdiction over defendants Zhongli Science and Technology Group Co. Ltd. ("Zhongli") and Suzhou Talesun Solar Technology Co., Ltd ("Suzhou") (collectively "defendants"), foreign corporations with their principal places of business in China. Even if this Court did have personal jurisdiction over defendants, plaintiff failed to properly serve them. Plaintiff's First Amended Complaint ("FAC") should also be dismissed for failure to join Talesun Solar USA Ltd. ("Talesun USA") whose presence is needed for a just adjudication. Further, the FAC has not pled fraud with specificity. The lawsuit should be dismissed, without leave to amend.

**LEGAL ARGUMENT**

**I.     PLAINTIFF HAS NOT ESTABLISHED THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS.**

When defendants moved to dismiss plaintiff's original complaint based on this court's lack of personal jurisdiction over defendants, plaintiff only argued that this court had general jurisdiction over defendants as the alter ego of their subsidiary, Talesun USA. (Dkt. 23.) This court found the alter ego allegations were insufficient to confer jurisdiction, but gave plaintiff an opportunity to present additional facts. (Dkt. 32.) Plaintiff has not done so, and, essentially conceding this failure, advances a number of new theories, none of which has merit. This court does not have personal jurisdiction over defendants, and the case must be dismissed.

**A.     Plaintiff Fails to Assert Sufficient Facts to Establish That Talesun USA Is the Alter Ego of Defendants.**

The facts alleged in the FAC and in opposition to defendants' motion to dismiss fail to demonstrate (1) that there is a unity of interest and ownership between the corporations such that their separate personalities do not actually exist, and (2) that treating the corporations as separate entities would result in injustice. Plaintiff has not shown that defendants exercise "pervasive control" over Talesun USA, a standard that can be met only where a parent corporation "dictates every facet of the subsidiary's business—from broad policy decisions to routine matters of day-to-day operation." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) [citation omitted].

Courts consider nine factors when assessing the first prong of the alter ego test: (1) the commingling of funds and other assets of the entities; (2) the holding out by one entity that it is

7

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

1    liable for the debts of the other; (3) identical equitable ownership of the entities; (4) use of the

2    same offices and employees; (5) use of one as a mere shell or conduit for the affairs of the other;

3    (6) inadequate capitalization; (7) disregard of corporate formalities; (8) lack of segregation of

4    corporate records; and (9) identical directors and officers.  *Stewart v. Screen Gems-EMI Music,*

5    *Inc.*, 81 F.Supp.3d 938, 954 (N.D. Cal. 2015).  "Because no one factor governs the analysis,

6    courts should look at all the circumstances to determine whether the alter ego doctrine applies."

7    *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Co.,* 364 F.Supp.3d

8    1061, 1078 (N.D. Cal. 2019) (quotation marks and citations omitted).

9         "Alter ego is an extreme remedy, sparingly used."  *Conde v. Sensa*, 259 F.Supp.3d 1064,

10   1069 (S.D. Cal. 2017), *quoting Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523,

11   539 (2000).  This Court found the facts alleged in the original complaint to be inadequate to

12   demonstrate a unity of interest and ownership between defendants and Talesun USA.  Order

13   Granting Motion to Dismiss With Leave to Amend ("Order") at 9:20-10:2.  Dkt. 32.  New

14   allegations in the FAC are mostly speculative, based "on information and belief," or conclusory.

15   Plaintiff does not address defendants' refutation of the new "facts" asserted in the FAC

16   (Defendants'  Motion to Dismiss Martifer-Silverado Fund I, LLC's First Amended Complaint

17   ("Motion") at 9:23-11:28 (Dkt. 35)), and does not argue these facts show defendants' control of

18   Talesun USA.  Memorandum of Points and Authorities in Support of Plaintiff's Opposition to

19   Defendants' Motion to Dismiss First Amended Complaint ("Opposition") at 21:1-22:2.  Dkt. 36.

20   The only facts called out by plaintiff in its Opposition are text messages to and from a Talesun

21   USA employee, and an email from Talesun USA's legal counsel, which express frustration with

22   bureaucratic red tape and delays in communicating with "mainland folks." Opposition at 21:11-

23   22. Dkt 36.

24        The evidence does not establish that defendants dictated every facet of Talesun USA's

25   business, and plaintiff has failed to satisfy the first prong of the alter ego test.  Plaintiff also fails

26   to argue that recognition of the separate corporate identities would result in fraud or injustice,

27   which requires a showing that an inequitable result would occur from the recognition of the

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S
FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

corporate form.  *Conde v. Sensa*, 259 F.Supp.3d 1064, 1069 (S.D. Cal. 2017).  The separate

identities of defendants and Talesun USA should be respected by this Court.

**B.      Use of a Subsidiary as a "Marketing Conduit" Is Not an Independent Basis for a Finding of Alter Ego**

Plaintiff contends that an alter ego finding, and the resultant conferring of general

jurisdiction, may be made on the single ground that a parent uses a subsidiary as a marketing

conduit in order to shield itself from liability.  Opposition at 19:7-20:28. Dkt 36.  This is

incorrect.  "We have not previously applied the marketing conduit theory to assert *general*

jurisdiction over a foreign defendant, and we decline to do so here."  *Ranza v. Nike*, 793 F.3d

1059, 1075 [italics in original].  Whether the defendants used Talesun USA "as a mere shell or

conduit" for the their affairs is but one of the factors to be considered by the Court in its alter ego

analysis, as discussed in Section I.A above.[1]

**C.      Inadequate Capitalization Is Not an Independent Basis for Alter Ego Liability.**

Plaintiff contends that it has presented facts sufficient to establish alter ego on the

singular basis of undercapitalization.  Opposition at 22:3-15. Dkt. 36. First, inadequate

capitalization is but one of nine factors the Court must consider in determining the first prong of

the alter ego test: that there is a unity of interest and ownership between the corporations such

that their separate personalities do not actually exist.  *See Stewart v. Screen Gems-EMI Music,*

*Inc.*, 81 F.Supp.3d 938, 954 (N.D. Cal. 2015).  "The rule in California appears to be: inadequate

capitalization is an important factor and, where it appears, an important one."  *In re Packaged*

*Seafood Prod. Antitrust Litig.*, 338 F.Supp.3d 1118, 1154, n.23 (S.D. Cal. 2018).

---

[1] While acknowledging that a subsidiary may be found to be the alter ego of a parent who uses it as a marketing conduit, *John Doe v. Unocal Corp.,* 248 F.3d 915 (9th Cir. 2001) does not hold that use of a subsidiary to market products is sufficient, by itself, to confer alter ego liability. In that case, the court conducted the proper analysis and found there was not "such a unity of interest and ownership between [the parent] and its subsidiaries that their separate corporate personalities no longer exist." *Id.* at 928.  In *Ranza,* 793 F.3d at 1075, the plaintiff made much of the fact that the principal business of the subsidiary was the marketing and distribution of Nike products, but the court concluded that "Nike's involvement in NEON, though substantial, is insufficient to negate the formal separation between the two entities such that they are functionally one single enterprise."

Second, in evaluating whether a subsidiary was undercapitalized, courts typically look to allegations related to an entity's liabilities and assets, and this Court found plaintiff's initial complaint contained no specific allegations about Talesun USA's assets and liabilities. Order at 2:12-24. Dkt. 32. Plaintiff has made no attempt to cure this failure, and its allegations that Talesun USA was undercapitalized are insufficient to satisfy the first prong of the alter ego test.

### D. An Agency Relationship Does Not Subject a Principal to the General Jurisdiction of This Court.

Plaintiff contends the court may exercise personal jurisdiction over defendants on the sole ground that Talesun USA was "a mere agent or instrumentality" of defendants. Opposition at 18:10-12. Dkt 36. An agency relationship alone is an insufficient basis on which to subject defendants to the jurisdiction of the Court. In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), the United States Supreme Court voided the agency approach for the purpose of conferring general jurisdiction. *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017). *Daimler's* criticism of a rule exercising jurisdiction over a nonresident acting through an agent in the forum state "applies no less in the context of specific jurisdiction than in that of general jurisdiction. Accordingly, *Daimler's* reasoning is clearly irreconcilable with the agency test set forth in *Unocal*." *Id.* at 1024.

After *Daimler*, the "agency test" for piercing the corporate veil is no longer available as a means of conferring personal jurisdiction. *Ranza*, 793 F.3d at 1071. To comport with due process, the court may exercise personal jurisdiction over a nonresident parent where the subsidiary is subject to the substantial control of the parent. *Williams*, 851 F.3d at 1024-1025. This analysis, in effect, is the alter ego analysis recognized by the courts and discussed above in Section I.A.

### E. Defendants Are Not Subject to the General Jurisdiction of This Court on the Ground It Injected Products Into the Forum.

Plaintiff contends the Ninth Circuit has "long recognized that a company which injects its products into a forum is subject to jurisdiction." Opposition at 17:24-25. Dkt. 36. The cases cited by plaintiff do not hold that the "injection" of products into a forum subjects a foreign manufacturer to the general jurisdiction of the forum. Two expressly conducted their analysis according to the Ninth Circuit's three-part test for specific jurisdiction. *Taubler v. Giraud*, 655

F.2d 991, 993 (9th Cir. 1981) ("This court has detected the presence of limited jurisdiction with a three-part test"); *Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp.*, 633 F.2d 155, 159 (9th Cir. 1980) ("In this circuit three criteria are applied"). In *Meyers v. ASICS Corp.*, 711 F.Supp. 1001, 1003-1006 (C.D. Cal. 1989), the Court conducted a specific jurisdiction analysis and concluded the defendant had purposefully availed itself of the privilege of conducting activities in the forum. In *Duple Motor Bodies, Ltd. v. Hollingsworth*, 417 F.2d 231, 234-235 (9th Cir. 1969), a products liability case, the Court found no due process violation in subjecting the manufacturer to liability in the state where the injury occurred, recognizing there must "be some act by which the defendant purposefully avails (himself) of the privilege of conducting activities within the forum State." Whether the defendants' contacts with California subject them to the specific jurisdiction of this Court depends on the nature of its contacts with the forum. As discussed below in Section F, there is no basis for exercising specific jurisdiction over defendants here.

### F.     The Court Does Not Have Specific Jurisdiction Over Defendants.

For a nonresident defendant to be subject to the jurisdiction of the court, it must have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). In determining whether the court has specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum state," and the primary concern for the court is "the burden on the defendant." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1068 (9th Cir. 2017), *quoting Walden v. Fiore,* 571 U.S. 277, 284 (2014), and *Bristol-Myers Squibb Co. v. Super. Ct.,* 137 S.Ct. 1773, 1780 (2017).

The Ninth Circuit employs "a three-part test to determine whether a defendant has sufficient contacts to be subject to specific personal jurisdiction:

1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

2) The claim must be one which arises out of or relates to the defendant's forum-related

11

activities; and

3)   The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Morrill v. Scott Financial Corp.,* 873 F.3d 1136, 1142 (9th Cir. 2017).

1.   <u>Defendants Have Not Purposefully Directed Their Activities Into, Nor Purposefully Availed Themselves of the Benefits of, California Laws.</u>

The first prong of the specific jurisdiction test may be satisfied with facts sufficient to show either purposeful availment or purposeful direction, which are two distinct concepts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). A purposeful availment analysis is most often used in suits sounding in contract, while a purposeful direction analysis is most often used in suits sounding in tort. *Id.*

"Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). A prima facie showing of purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. By taking such actions, a defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws." *Schwarzenegger,* 374 F.3d at 802 [internal quotations omitted].

Here, plaintiff does not argue that defendants have purposefully availed themselves of the benefits of California law, because defendants have not. There are no allegations that defendants entered into or performed any contracts in California, negotiated with plaintiff in California, or travelled to California. All of defendants' alleged acts took place outside the forum. Because defendants are not alleged to have purposefully availed themselves of the benefits of the forum, to satisfy the first prong of the specific jurisdiction test, plaintiff must show defendants purposefully directed their activities at California.

Evidence of purposeful direction generally consists of intentional foreign action expressly aimed at the forum state. *Pebble Beach Co.,* 453 F.3d at 1156. To satisfy the purposeful direction test, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

state." *Picot v. Weston,* 780 F.3d 1206, 1214 (9th Cir. 2015).  This test focuses on the

defendant's contacts with the forum state itself, not with persons who reside there.  *Walden,* 571

U.S. at 285.

With respect to the first prong, a court must look to the defendant's own contacts with the

forum, not to the knowledge of a plaintiff's connections to the forum.  *Axiom,* 874 F.3d at 1070.

"[I]t is the defendant's conduct that must form the necessary connection with the forum State

that is the basis for its jurisdiction over him."  *Walden,* 571 U.S. at 285.  While a defendant's

contacts with the forum "may be intertwined with his transactions or interactions with the

plaintiff or other parties…. <u>a defendant's relationship with a plaintiff or third party, standing

alone, is an insufficient basis for jurisdiction</u>. *Id.* at 286 (emphasis added).  The analysis "must

focus on the defendant's contacts with the forum state, not the defendant's contacts with the

resident of the forum."  *Picot,* 780 F.3d at 1214.  It is insufficient to show only a foreign act with

foreseeable effects in the forum state.  *Washington Shoe v. A-Z Sporting Goods, Inc.,* 704 F.3d

668, 675 (9th Cir. 2012), *abrogated on other grounds by Axiom Foods, Inc.,* 874 F.3d 1064.

Although plaintiff's Opposition contains a laundry list of "facts" showing defendants'

alleged involvement with <u>plaintiff</u> (Opposition at 13:1-14:6), only three of these alleged facts

describe defendants' contacts with California, as opposed to defendants' contacts with plaintiff.

First, plaintiff alleges that defendants "established their subsidiary in California for the

purpose of marketing and selling Talesun Solar's Chinese-manufactured solar panels in

California".  Opposition at 13:3-5 [citing FAC, ¶¶ 8-9].  But neither defendant is the direct parent

corporation of Talesun USA, and neither holds any shares in Talesun USA (Declaration of

Hilary Weddell in Support of Defendants' Motion to Dismiss Plaintiff's First Amended

Complaint ["Weddell Decl."], Exh. C, p. SP000011110, ¶ 7).

Next, plaintiff argues defendants "wired all payments to Plaintiff, in California, under the

MIPA" (Opposition at 13:14-16 [citing FAC, ¶¶ 28, 29, 58, 61]), but there is no evidence that the

payments came from defendants.  Plaintiff's FAC concedes that the exclusivity deposit was

transferred to plaintiff not by either of the defendants, but by "Talesun Solar Hong Kong

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S
FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

Limited."  FAC, ¶ 28, n. 3; *see also* Weddell Decl., Exh. E (payment details receipt).  Moreover, paragraphs 58 and 61 of the FAC do not allege that any other party sent money to plaintiff, only that Talesun USA was unable or unwilling to make certain payments.  Plaintiff has not—because it cannot—present any evidence that defendants made payments to plaintiff in California.

Finally, plaintiff alleges that defendants "supplied their own financials and due diligence materials to California's power companies to induce them to permit title of the project companies to transfer to Talesun USA" (Opposition at 13:16-19 [citing FAC, ¶¶ 39, 41, 50]), but omit the fact that defendants provided their financials to plaintiff at plaintiff's request.[2]  It was plaintiff, not defendants, who dealt with the utility companies.  *See* Declaration of Jim Howell in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss ("Howell Decl."), Exh. 9.  Dkt. 41.  Indeed, paragraphs 41 and 51 of the FAC and the corresponding exhibits referenced there reflect that plaintiff, not defendants, created the organizational chart purporting to show the buyer of the solar project companies and provided it to one of the utility companies.

Because plaintiff failed to establish the first prong of the personal jurisdiction analysis defendants are not subject to the specific jurisdiction of this Court.

    2.  <u>Plaintiff Has Not Shown It Would Not Have Suffered an Injury "but for"</u>
        <u>Defendants' Forum-Related Conduct.</u>

The second prong of the specific jurisdiction analysis requires the court to determine whether plaintiff's claim "arises out of or relates to" a defendant's forum-related conduct.  This court has referred to the second prong of the specific jurisdiction test as a "but for" test.  Under this test, "a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action."  *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013), *quoting Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives,* 103 F.3d 888, 894 (9th Cir. 1996).  The question is: "but for Defendants' contacts with California, would Plaintiff's claims have arisen?"  *CFA N. Cal., Inc. v. CRT*

---

[2] The parties had discussed a possible corporate guarantee, which was not ultimately included in the agreement.  *See* FAC, ¶ 24; Howell Decl. Exh. 1.

*Partners LLP*, 378 F.Supp.2d 1177, 1186 (N.D. Cal. 2005).

Here, the only "but-for" relationship between California and this action is plaintiff's presence here, which does not establish the necessary "minimum contact" with California. *See Walden,* 571 U.S. at 284 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Plaintiff does not allege any injury that would not have occurred but for plaintiff's foreign conduct.

       3.  <u>The Exercise of Personal Jurisdiction Over Defendants Is Unreasonable.</u>

If a plaintiff satisfies both of the first two prongs, the burden shifts to the defendant to show that exercise of jurisdiction would be unreasonable. *In re Western States*, 715 F.3d at 745. This inquiry is based on a consideration of: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.* No single factor is dispositive. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003).

Most, if not all, of these factors weigh against the exercise of jurisdiction. As detailed above, defendants have not injected themselves into California's affairs. Defendants are based in China and conduct no business here, so the burden on them to defend here would be great. Since both defendants are citizens of China, the exercise of jurisdiction over them in California would conflict with the sovereignty of China. The fifth factor, which "focuses on the location of the evidence and witnesses" (*Panavision Intern., L.P. v. Toeppen,* 141 F.3d 1316, 1323 (9th Cir. 1998)), weighs against jurisdiction because the majority of the evidence and witnesses related to defendants' alleged acts, which occurred in China, are located in China. Regarding the sixth factor, litigation of the controversy here cannot be characterized as particularly convenient for plaintiff given that most of the evidence and witnesses would not be located here.

1    As the Supreme Court has cautioned: "Great care and reserve should be exercised when

2  extending . . . notions of personal jurisdiction into the international field." *Asashi Metal Indus.*

3  *Co. v. Super. Ct.*, 480 U.S. 102, 115 (1987) (citation omitted); *see also Core-Vent Corp. v. Nobel*

4  *Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993) ("[L]itigation against an alien defendant creates a

5  higher jurisdictional barrier than litigation against a citizen from a sister state because important

6  sovereignty concerns exist." (citation omitted)).

7    The exercise of jurisdiction here, over Chinese companies who did not purposefully

8  direct their activities at California, would not comport with fair play and substantial justice.

9  ## II.   PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT SERVICE ON DEFENDANTS WAS VALID UNDER RULE 4.

10

11    Plaintiff has the burden of establishing that service was valid under Rule 4.  *Brockmeyer*

12  *v. May,* 383 F.3d 798, 801 (9th Cir. 2004).  Plaintiff's opposition concedes Mr. Hu was not

13  designated by law as the agent for service of process for any of the defendants, as was reflected

14  in plaintiff's amended proofs of service.  Opposition at 26:14-17.  Dkt. 36.  Now plaintiff claims

15  the defendants were properly served because Mr. Hu is currently a member of the board of

16  directors of Suzhou and Talesun USA, and a vice president of Zhongli.  *Id.* at 26:22-27:3.

17  Neither Rule 4(h)(1)(B) nor California Code Civ. Proc. §416.10(b) include a member of the

18  board of directors as a person who may be served on behalf of a corporation.  Although Mr. Hu

19  is currently a vice president of Zhongli, this title is purely honorary, as he was not appointed to

20  this position by the board of directors and according to Chinese law he holds no senior level

21  position with Zhongli.  Declaration of Chingqing Hu in Support of Defendants' Motion to

22  Dismiss Plaintiff's Complaint ("Hu Decl.") at ¶ 4.  Dkt. 24-2.

23    Alternatively, plaintiff argues that Mr. Hu is "so intertwined within the different Zhongli

24  corporate parent and subsidiary entities that" that service on him satisfies the due process

25  requirement of notice to Zhongli and Suzhou.  Opposition at 27:5-12.  Dkt. 36.  The only

26  evidence offered in support of this argument is a document that purports to list positions Mr. Hu

27  has held with Zhongli.  *Id.* at 27:9-12 (citing Frid Decl., Exh. 10). Dkt. 36. Plaintiff does not

28  explain how Mr. Hu's position with defendants is sufficiently consequential such that it would be

16

1   "fair, reasonable and just to imply the authority on his part to receive service" (*Direct Mail*

2   *Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988),

3   and therefore plaintiff has not met its burden of establishing that service was valid.

4          Finally, plaintiff argues that given the alleged alter ego relationship, service on Mr. Hu,

5   the only remaining board member for Talesun USA, constituted proper service on defendants.[3]

6   Opposition at 27:13-21. Dkt. 36. This argument is unpersuasive given the failure to demonstrate

7   jurisdiction on an alter ego theory.

8   **III.     DISMISSAL IS MANDATED UNDER RULE 12(b)(7) BECAUSE TALESUN
             USA IS A NECESSARY PARTY THAT CANNOT BE JOINED.**

9          A motion to dismiss under Rule 12(b)(7) for failure to join a necessary party should be

10   granted if an absent party is "necessary" to the suit and that party cannot be joined such that "in

11   'equity and good conscience' the suit should be dismissed." *Shermoen v. United States*, 982

12   F.2d 1312, 1317 (9th Cir. 1992). There can be no dispute that Talesun USA is a necessary party

13   here where the alleged misrepresentations and intentional omissions of defendants were made

14   <u>through</u> Talesun USA.[4] *See e.g.,* FAC at 17, ¶ 87. Dkt. 33. Plaintiff's Opposition fails to

15   distinguish established case law that subsidiaries are necessary parties in actions against their

16   parents when the subsidiary is an "active or primary participant" in the acts underlying the

17   action. Motion at 16:8-19 (citing cases). Plaintiff concedes that its interactions were "almost

18   entirely with the absent subsidiary [Talesun USA,]" but argues that is only because defendants

19   "limited" Talesun USA's "role to doing nothing more than passing along messages and

20   apologizing." Opposition at 24:3-5.

21          Instead, plaintiff, with no legal support, asserts that Talesun USA is merely an "empty

22   shell"[5] and therefore is not a necessary party to this lawsuit. However, the law is contrary to

23

24   [3] Plaintiff cites *Adams v. Allied Signal General Aviation Avionics,* 74 F.3d 882 (8th Cir. 1996) and includes a purported parenthetical quote. The quoted language does not appear in the *Adams* case. In fact, the *Adams* court found plaintiff's argument the subsidiary was authorized to accept service on behalf

25   of the parent, who was "the only named defendant that clearly exists," unpersuasive. 74 F.3d at 885.

26   [4] Recognizing it is a necessary party, plaintiff initially sued Talesun USA, but voluntarily dismissed it after defendants moved to dismiss the original complaint because its presence destroyed the court's

27   diversity jurisdiction. Dkt. 27.

28   [5] Contrary to plaintiff's allegations, Talesun USA is not an "empty shell." Talesun USA still exists as a corporate entity, and although it is not currently conducting business, it has one board member in China,

1  plaintiff's position.  "As a general rule, the use of the alter ego doctrine has been unsuccessful as

2  a means to avoid the joinder of a nondiverse party." *Rivera Rojas v. Loewen Group Intern., Inc.*,

3  178 F.R.D. 356, 364 (D.P.R. 1998), *citing Freeman v. Nw Acceptance Corp.,* 754 F.2d 553, 559-

4  560 (5th Cir. 1985).  Like the plaintiff in *Freeman v. Northwest Acceptance Corp.*, plaintiff here

5  is attempting to hold defendants liable for their subsidiary's actions on the theory that the absent

6  subsidiary was the parent's alter ego.  754 F.2d at 556.  As the *Freeman* court stated: "The

7  Freemans are by no means the first plaintiffs to use the alter ego doctrine in an attempt to avoid

8  joinder of a nondiverse party. [citation]  The tactic has met with singularly small success." *Id.* at

9  559.  Plaintiff cannot have its cake and eat it too.

10      Finally, although it may not always be necessary for all joint tortfeasors to be named as

11  defendants in a single lawsuit, "an absent party's role as a joint tortfeasor does not **preclude it**

12  from having an interest in the action that warrants protection." *Ward v. Apple Inc.*, 791 F.3d

13  1041, 1049 (9th Cir. 2015) (emphasis added) (finding absent party's role as an antitrust co-

14  conspirator is not alone dispositive of whether it has interests that warrant protection under Rule

15  19(a)).  As described above, Talesun USA has an interest that warrants protection because

16  allowing this case to proceed in its absence when it was the primary actor in the alleged

17  fraudulent conduct would thwart one of the policies underlying Rule 19, reaching "complete,

18  consistent and efficient settlement of controversies." *See Dou Yee Enterprises (S) PTE, Ltd. v.

19  Advantek, Inc.,* 149 F.R.D. 185, 189 (D. Minn. 1993).

20      Once this Court finds Talesun USA is a necessary party, it must determine whether

21  joinder is feasible. Fed. R. Civ. P. 19(a)-(b).  Here, joinder is not be feasible because it would

22  destroy subject matter jurisdiction.  Motion at 17:15-18:2.  Dkt. 35.

23      Where joinder of the absent necessary party is not feasible, the court must determine

24  whether the absent party is indispensable such that without joinder the action cannot proceed in

25  "equity and good conscience." *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1076-

26  1078 (9th Cir. 2010).  As explained in detail defendants' opening memorandum, which largely

27

28  Mr. Hu.  *See* FAC, 77; Opposition at 27:13-14.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S
FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

went unaddressed by plaintiff, all of the Rule 19(b)'s factors weigh heavily in favor of dismissing this action.  Motion at 18:3-20:8.  Dkt. 35.

## IV.   PLAINTIFF HAS FAILED TO COMPLY WITH THE HEIGHTENED PLEADING REQUIREMENTS FOR FRAUD UNDER RULE 9(B).

The complaint does not meet Rule 9's heightened requirements for fraud which requires pleading "*facts* which 'show how, when, where, to whom, and by what means the representations were tendered.'"  *Lazar v. Super. Court,* 12 Cal.4th 631, 645 (1996) (quoting *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 73 (1990)) (internal quotations omitted, italics in original).   A plaintiff must also "set forth what is false or misleading about a statement, and why it is false." *Cooper v. Pickett,* 137 F.3d 616, 625 (9th Cir. 1997).

Contrary to plaintiff's arguments, the FAC does not detail the alleged fraud with enough specificity to satisfy Rule 9(b).  The FAC lumps the defendants together such that it is unclear from the complaint which defendant made which purported misrepresentations or omissions. *See, e.g.,* FAC ¶¶ 36-39, 42-43, 49-55, 67-70 (referring to defendants generally as "the parents"). The complaint is also silent as to what was false or misleading about the alleged misrepresentations made by defendants.  *See, e.g.,* FAC ¶¶ 46-48.

## V.   JURISDICTIONAL DISCOVERY IS NOT WARRANTED.

Unsurprisingly, given its weak showing that this court has personal jurisdiction over defendants, plaintiff ask the court to allow it to conduct jurisdictional discovery.   Given that plaintiff has been aware of the need to present facts supporting personal jurisdiction at least since the filing of defendants' initial motion to dismiss nine months ago, and has failed to file a formal motion for discovery, its request for discovery may be rejected on this basis alone. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 566 F.3d 1012, 1022 (Fed. Cir. 2009).

Jurisdictional discovery is not an entitlement: "The trial court still has broad discretion to permit or deny [jurisdictional] discovery[.]"  *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).  A party requesting jurisdictional discovery must make "a showing that further discovery would elucidate the facts necessary to prove that the court [has] personal jurisdiction".  *Autogenomics,* 566 F.3d at 1023 (applying Ninth Circuit law).   To

19

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS MARTIFER-SILVERADO FUND I, LLC'S FIRST AMENDED COMPLAINT, Case No.:   4:19-CV-04243-YGR

make the requisite showing, a party must explain specifically what discovery is necessary, why it believes discovery will lead to relevant evidence, and how it will suffer actual and substantial prejudice if the discovery is denied.  *See id.*, n. 2 (plaintiff did not provide the court with the reasons for its request or particular areas to which discovery would be directed); *Getz v. Boeing Co.,* 654 F.3d 852, 860 (9th Cir. 2011) (plaintiffs' allegations of jurisdictional contacts were "purely speculative," and plaintiffs failed to identify any "specific facts, transactions, or conduct" that might support the exercise of personal jurisdiction);  *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008); *Butcher's Union*, 788 F.2d at 540-541.

A showing based on belief or speculation will not suffice.  *Butcher's Union*, 788 F.2d at 540.  Courts routinely deny requests for jurisdictional discovery where the request is simply a fishing expedition, "based on little more than a hunch that it might yield jurisdictionally relevant facts[.]"  *Boschetto,* 539 F.3d at 1020; *see also Butcher's Union,* 788 F.2d at 540-541; *Barantsevich v. VTB Bank*, 954 F.Supp.2d 972, 997 (C.D. Cal. 2013); *Adobe Systems Incorporated v. NA Tech Direct, Inc.*, No. 17-cv-05226-YGR, 2018 WL 3304633, at *5 (N.D. Cal. July 5, 2018).  Plaintiff's admission that it "can only imagine the level of absolute domination and control that would be evident in the Parents' direct communications with their subsidiary," (Opposition at 29:3-5, Dkt. 36) highlights the speculative nature of its request.  Here, plaintiff has failed to explain why jurisdictional discovery is needed, such as by identifying facts in dispute, specifying the nature of the discovery sought, and explaining how such discovery would demonstrate the existence of personal jurisdiction as to each defendant.  "Such a showing is especially important where, as here, the defendant enters declarations into evidence specifically denying certain jurisdictional allegations."  *Autogenomics,* 566 F.3d at 1023.

Moreover, as evidenced by the allegations of the FAC and plaintiff's memorandum and declarations in opposition, plaintiff has already conducted substantial discovery into the relationship among these entities over the past several years in the state court action between plaintiff and Talesun Solar (the alleged alter ego).  Allowing additional discovery would be nothing more than authorizing the kind of "fishing expedition" condemned by the courts.

Jurisdictional discovery in this case would also "impos[e] undue burdens on a party who may not even be subject to the court's power." *See Key Tronic Corp. v. SMART Techs. ULC*, No. 2:16-CV-0028-TOR, 2016 WL 7104252, at *8–9 (E.D. Wash. Dec. 5, 2016) ("it is particularly important to avoid imposing undue burdens on a party who may not even be subject to the court's power.")  Plaintiff's bare allegations that it believes additional discovery may enable it to make the requisite showing does not satisfy the requirement that they make "the clearest showing" of actual and substantial prejudice. *See Butcher's Union,* 788 F.2d at 540.

## VI.   OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF

Defendants object to the following evidence submitted in support of plaintiff's opposition:

| MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION: |
|---|---|
| Exhibits 1-4, 8 to the Frid Decl. | Authentication.  Fed. R. Evid. 901. |
| Exhibits 2 and 5 to the Isern Decl. | Hearsay. Fed. R. Evid. 801, 802. |
| Exhibit 11 to the Frid Decl.<br>Exhibits 15 and 34 to the Howell Decl. | Hearsay and authentication. Fed. R. Evid. 801, 802, 901. |
| Exhibits 16 and 22 to the Howell Decl.<br>Paragraphs 10 and 12 of the Isern Decl.<br>Paragraph 4, second sentence, of the Isern Decl. | Lacks personal knowledge. Fed. R. Evid. 602. |
| Exhibit 5 to the Frid Decl. | A copy of the document was not attached. |

## CONCLUSION

Plaintiff was given the opportunity to cure the issues in the original complaint, but has not done so.  Defendants respectfully request that the Court dismiss the complaint in its entirety.


DATED:  May 15, 2020

McMANIS FAULKNER


/s/ Hilary Weddell
ELIZABETH PIPKIN
MATTHEW SCHECHTER
PATRICK HAMMON
HILARY WEDDELL

Attorneys for Defendants,
Zhongli Science and Technology Group Co., Ltd.;
Suzhou Talesun Solar Technology Co., Ltd.