UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARTIFER-SILVERADO FUND I, LLC,**<br><br>   Plaintiff,<br><br>   vs.<br><br>**ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., ET AL.,**<br><br>   Defendants. | CASE NO. 19-cv-04243-YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 53 |

The Court is in receipt of defendants Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun Solar Technology Co., Ltd.'s motion for leave to file a motion for reconsideration of the Court's September 11, 2020 order denying defendants' motion to dismiss the first amended complaint (Dkt. No. 45). Having carefully considered the motion, the Court finds that defendants have not satisfied the requirements of Local Rule 7-9(b)(1)-(3).

Defendants' assertion that the Court improperly applied the "purposeful availment" test, instead of the "purposeful direction" test, misconstrues the order. Therein, the Court referred to both tests, and moreover, its analysis focused almost entirely on evidence of defendants' actions outside the forum state that were directed at the forum, which goes to the showing required under the "purposeful direction" test. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004). To the extent the Court referred to "purposeful availment," it did so to reflect the language used and arguments raised in the parties' own briefing.[1]

In any event, under either test, the result is the same. Defendants repeatedly argue that none of the Court's findings alone is sufficient to establish personal jurisdiction. The Court,

---

[1] The Ninth Circuit also has recognized that courts "often use the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction." *Schwarzenegger*, 374 F.3d at 802.

however, did not rely on any single fact or jurisdictional theory in isolation, instead considering whether the evidence, taken as a whole, demonstrated minimum contacts with the forum. In some instances, defendants' motion misleadingly highlights arguments that the Court merely noted, but on which it did not rely in reaching a decision. Defendants also repeat many of the same arguments already raised in their prior briefing and considered by the Court.

Likewise, defendants' motion largely rehashes the same arguments previously made as to why they believe Talesun Solar USA Ltd. is a necessary party. None of these arguments warrants reconsideration. In particular, the Court firmly rejects defendants' contention that the order "ignore[d] the long list of cases cited" and "overlook[ed] [] controlling authority." None of the decisions cited by defendants on this issue is from the U.S. Supreme Court, the Ninth Circuit, or even another court in this district. Furthermore, simply because an order does not address every case cited in the parties' briefing does not mean the relevant cases were not properly considered.

In sum, no material difference in law or fact exists from the time of presentation of the initial motion, nor did the Court fail to consider the facts or arguments presented therein. To the extent defendants now attempt to reframe their prior arguments, the rules do not allow them a second bite of the apple. In any event, the Court does not believe reframing would change the outcome. Accordingly, defendants' motion is denied.

This Order terminates Docket Number 53.

**IT IS SO ORDERED.**

Dated: October 16, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**