1  ELIZABETH PIPKIN (243611)
   PATRICK HAMMON (255047)
2  HILARY WEDDELL (293276)
   McMANIS FAULKNER
3  A Professional Corporation
   50 West San Fernando Street, 10th Floor
4  San Jose, California 95113
   Telephone:   (408) 279-8700
5  Facsimile:   (408) 279-3244
   Email:  epipkin@mcmanislaw.com
6
7  Attorneys for Defendants,
   ZHONGLI SCIENCE AND TECHNOLOGY
   GROUP CO., LTD.; SUZHOU TALESUN SOLAR
8  TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC, | Case No.: 4:19-CV-04243-YGR |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:     December 14, 2020<br>Time:     2:00 p.m.<br>Location: Courtroom 1, 4th Floor<br>Judge:    The Hon. Yvonne Gonzalez Rogers |
| vs. | |
| ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation; TALESUN SOLAR USA, LTD., a Delaware corporation; and DOES 1 through 5, inclusive,<br><br>Defendants. | |

Plaintiff Martifer-Silverado Fund I, LLC ("plaintiff") and Defendants Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun Solar Technology Co., Ltd. ("defendants") (collectively the "parties") submit the following Joint Case Management Statement:

1. <u>Jurisdiction and Service:</u>   Not applicable.

2. <u>Facts:</u>  Plaintiff alleges defendants engaged in purported misrepresentations and omissions of material facts with respect to three agreements that plaintiff allegedly entered into with Talesun USA, in 2012.  Defendants deny making any misrepresentations or omissions of material facts and assert that plaintiff knew or had reason to know all pertinent facts at the time of these alleged agreements.

3.   <u>Legal Issues:</u>

*Plaintiff's Portion*.

Plaintiff alleges that Defendants engaged in specific, fraudulent conduct in this forum (including both affirmative misrepresentations and omissions) which induced Plaintiff to enter into a series of commercial contracts with Defendants' subsidiary.  Plaintiff also alleges that Defendants not only failed to preserve evidence relevant to this dispute, but took affirmative acts to destroy all emails, communications, and other documents related to this dispute. *See PersonalWeb Techs, LLC v. Google, Inc.*, 2014 WL 580290, at *2 (N.D. Cal. Feb. 13, 2014 (duty to preserve evidence arises "once a party reasonably anticipates litigation").  As for Defendants' arguments, below, the evidence will show that Plaintiff did not discover, or have reason to discover, the facts alleged *in this case* until taking discovery, and reviewing declarations submitted by Defendants' representatives, in an ongoing state court matter.  Such discoveries exposed the nature and depth of Defendants' fraudulent scheme, including that they view contracts entered into in the United States more as licenses to negotiate (versus obligations to perform).  All of which occurred well within three years prior to the filing of this case.  The Court has already rejected Defendants' argument (below) that damages in this fraud

case are entirely duplicative of those sought in the state court contract case.

*Defendants' Portion.*

Defendants contest the factual allegations made by plaintiff and assert that there are a number of factual and legal issues with plaintiff's action, which will be asserted in defendants' answer to plaintiff's First Amended Complaint, currently due on December 15, 2020. Defendants do not believe that plaintiff will be able to establish the elements of its purported claims. Among other issues that will be put before the Court, some of the main legal issues with plaintiff's action are as follows:

First, plaintiff's action is barred by the three year statute of limitations under California Civil Code section 338(d). As early as January, 2013, counsel for plaintiff was threatening to bring an action "for misrepresentations made to induce the Fund to enter into the MIPA and Standstill Agreement, and for other improper actions." Plaintiff did not finally file this action until July 24, 2019. The statute of limitations for a claim for fraud is three years. *Kline v. Turner* 87 Cal. App. 4th 1369, 1373-74 (2001) ("An action for relief on the grounds of fraud or mistake must be commenced within three years.") (citing Cal. Code Civ. Proc. § 338(d) ). "However, such action is not deemed accrued 'until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.' " *Id.* "To excuse failure to discover the fraud within three years after its commission, a plaintiff also must plead 'facts showing that he was not negligent in failing to make the discovery sooner and that he had no actual or presumptive knowledge of facts sufficient to put him on inquiry.'" *Cansino v. Bank of Am.,* 224 Cal.App.4th 1462, 1472 (2014); quoting *Hobart v. Hobart Estate Co.,* 26 Cal.2d 412, 437 (1945).

Plaintiff threatened to bring this very fraud claim in 2013 but did not finally file this action until July 24, 2019, over six years later. Thus, there is evidence that it knew of its claims early on and should have filed before 2016 at the latest. Plaintiff's own allegations show that it knew or had reason to know of any purported misrepresentations made back in 2012 when the deal was being negotiated. For example, plaintiff claims defendants

3
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: 4:19-CV-04243-YGR

misrepresented that "Talesun USA had sufficient liquid capital" to perform its obligations under the MIPA and that it did not discover this was untrue until 2019. (Dkt. 33, ¶ 87.) This assertion of delayed discovery is belied by plaintiff's own complaint, which states that "[i]n late September 2012, Talesun USA admitted it was so undercapitalized that it could not even make a required $175,000 deposit." (Dkt. 33, ¶ 29.)

Defendants also contend that plaintiff did not suffer any damage. Civil Code section 3333 governs damages in a fraud action, and provides that "the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." As this Court knows, plaintiff filed an action for breach of contract in California state court, against Talesun Solar USA, and has asserted that any judgment in that case should include defendants therein as "alter egos" of Talesun Solar USA. Plaintiff cannot obtain a double recovery for the same "detriment" under a breach of contract and fraud cause of action. *See Glendale Fed. Sav. & Loan Assn. v. Marina View Heights* 66 Cal.App.3d 101, 138 (1977) (upholding the trial court's single award of compensatory damages for two causes of action for breach of contract and fraud in order to avoid "double recovery.") Plaintiff resold the solar projects at issue and will have to prove what "detriment" it suffered that is not already included in its state court action. Defendants do not believe that there is any such additional "detriment."

4. <u>Motions:</u> Defendants have already filed four substantive motions on which the Court has ruled. *See* Dkt. 32 [3/20/20 Order Granting Motion to Dismiss with Leave to Amend]; Dkt. 45 ]9/11/20 Order Denying Motion to Dismiss]; Dkt. 56 [10/16/20 Order Denying Motion for Leave to File Motion for Reconsideration]; Dkt. 67 [11/24/20 Order Denying Motion to Stay]. There are no pending motions before this Court.

*Plaintiff's Portion.*

Defendants crystallize, below, that they intend to continue using their billion-dollar war-chest to file every conceivable motion known to man (with the hopes of driving the costs

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: 4:19-CV-04243-YGR

of litigation so high that Plaintiff will simply give up).  While opposing endless onslaught of motions threatened by Defendants, below, Plaintiff intends to investigate whether the Court may deem a defendant a "vexatious litigant" such that permission to file additional motions must be sought.  *See Benoza v. Target Personnel Services,* 1997 WL 446232 (N.D. Cal. Jul 29, 1997).  Plaintiff also anticipates filing the following motions:  Motion to compel and/or for terminating sanctions based on Defendants' destruction of all documents and communications relevant to this dispute.  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (affirming terminating sanctions where "deletion and 'wiping' of 2,200 files, acts that were indisputably intentional, amounted to willful spoliation of relevant evidence.").  Defendants have also already sent numerous witnesses, from China, to testify in California in the state court contract matter; Plaintiff will be curious to learn why Defendants suddenly seek refuge under the Hague Convention having previously waived any such protections.

*Defendants' Portion.*

Defendants anticipate filing the following motions:

- Motion for Judgment on the Pleadings:  Defendants would like to bring a motion for judgment on the pleadings, pursuant to Rule 12(c) and (h)(2)(B) of the Federal Rules of Civil Procedure, challenging the timeliness of plaintiff's claims.  An early motion for judgment on the pleadings "may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." *Miller v. Indiana Hosp.* 562 F.Supp. 1259, 1268 (WD PA 1983); *See also Von Saher v. Norton Simon Museum of Art at Pasadena* 592 F.3d 954, 969 (9th Cir. 2010) (challenge for failure to state a claim proper where facts and dates alleged in complaint indicate the claim is barred by the statute of limitations); *Aldabe v. Aldabe* 616 F.2d 1089, 1093 (9th Cir. 1980) (motion to dismiss for failure to state a claim that is filed after the close of pleadings is treated as a motion for judgment on the pleadings).

- Motion(s) to Determine Timing and Scope of, and Applicability of Hague Convention to, Discovery:  Defendants also intend to file one or more motions regarding discovery in this case on the following grounds:

- To the extent that discovery is propounded on defendants, which reside in China, defendants contend that the parties must follow the Hague Convention procedures. Article 277 of the Chinese Civil Procedure Law bars defendants from collecting or producing evidence located in the People's Republic of China ("PRC" or "China") unless they comply with the procedures under the Hague Convention. As recognized by another court in this district, Article 277 provides the following:

  > Request for and to provide judicial assistance shall be made through channels prescribed by international treaties concluded or acceded to by the People's Republic of China; or in the absence of such a treaty, shall be made through diplomatic channels. A foreign embassy or consulate to the People's Republic of China may serve process on and investigate and collect evidence from its citizens but shall not violate the laws of the People's Republic of China and shall not take compulsory measures. Except for the circumstances in the preceding paragraph, no foreign authority or individual shall, without permission from the competent authorities of the People's Republic of China, serve process or conduct investigation and collection of evidence within the territory of the People's Republic of China.

  *Sun Group U.S.A. Harmony City, Inc. v. CRRC Corporation Ltd.*, Case No. 17-cv-02191-SK, 2019 WL 6134958 (N.D. Cal. Nov. 11, 2019); *see also Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 930 (N.D. Ill. 2019) (denying motion to compel discovery because request would force defendants to violate Article 277); *Melaleuca, Inc. v. Kot Nam Shan*, 2018 WL 1952523, at *7 (D. Idaho Apr. 24, 2018) (finding that "China has indicated that taking depositions, whether voluntary or compelled ... may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention").

  Defendants intend to file a motion requesting that the Court implement a protocol through which the parties to this litigation may request discovery by proceeding through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. *Sun Group U.S.A.*

*Harmony City, Inc. v. CRRC Corporation Ltd.*, Case No. 17-cv-02191-SK, 2019 WL 6134958 (N.D. Cal. Nov. 11, 2019). As will be set forth in that submission, such a protocol is necessary so that defendants are not placed in the untenable position of being forced to choose between disobeying discovery requests in this case, on the one hand, and violating Chinese law, on the other.

- On November 17, 2020, the parties appeared before this Court for hearing on defendants' motion to stay. At the hearing, the Court stated: "So here this case in federal court is a fraud case. It's not a contract case….but the big question is remedies for me. We will not, if you litigate this case in front of me – we will not be getting into all the breach of contract issues that are being litigated somewhere else…" (Nov. 17, 2020 Tx, pp. 3:21-4:4.)

Counsel for plaintiff responded that plaintiff is "certainly not going to be seeking any contractual remedies in your case. That is reserved for the state court case." (*Id.* at 4:8-10.) When the court pressed counsel as to what plaintiff's damages are, counsel said its damages are "consequential damages." (*Id.* at 4:11-19.) Consequential damages, however, are already covered in a breach of contract cause of action. (See Civ. Code §3300.)

Given the serious probability that plaintiff's damages claims in this action overlap with its claims for damages in the state court action (e.g. plaintiff's complaint seeks $30 million in damages in this action, around the same amount sought in the state court action), and in the interests of judicial economy, defendants believe that plaintiff should explain, in detail, at the outset of this litigation, any special damages that are not already part of its state court action, and the basis thereon, and provide any supporting documents.

Initially, plaintiff must particularly identify its damages in its initial

disclosures, under Rule 26(a)(1)(iii), which requires that plaintiff provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." If plaintiff does not comply with this rule, defendants may seek an order from this Court compelling it to do so.

- Motion for Summary Judgment/adjudication: If the Court declines to dismiss this action on defendants' motion for judgment on the pleadings, defendants plan on filing a motion for summary judgment against plaintiff's claims, after obtaining necessary discovery. Defendants are aware that under this Court's standing order, each party may only bring one motion for summary judgment. Thus, defendants want to clarify their ability to bring both a motion for judgment on the pleadings, based on clear defects on the face of the complaint, and a motion for summary judgment upon completing necessary discovery.

5. Amendment of Pleadings: Defendants will serve and file their answer to plaintiff's First Amended Complaint on December 15, 2020.

6. Evidence Preservation:

*Plaintiff's Portion.*

Plaintiff has taken reasonable measures to search for and preserve relevant evidence, and will be curious to see if Defendants suddenly locate and produce communications and documents relevant to this dispute (which documents and communications they claim to have destroyed when they swapped out all servers in the Defendants' corporate empire without

creating any back-ups).

*Defendants' Portion.*

Defendants have taken reasonable measures to search for and preserve relevant evidence. Defendants object to plaintiff's unfounded claims of purported "destruction" of evidence.

7. Disclosures:

*Plaintiff's Portion.*

Plaintiff proposes that the Court set a deadline of January 28, 2021, for the parties to exchange their initial disclosures.

*Defendants' Portion.*

Subject to defendants' objections regarding discovery above, defendants propose that the Court set a deadline of January 14, 2021, for the parties' initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure. This should give plaintiff sufficient time to provide a detailed basis of its alleged "consequential damages" that are not already part of its state court action, its computation thereof, and any supporting witnesses and documents.

8. Discovery:

*Plaintiff's Portion.*

Discovery should follow its normal course, and Plaintiff will attempt to procure from Defendants all communications and documents related to their failed solar development venture. Defendants should not be permitted to stage unilateral discovery based on arguments the Court has already rejected. At a minimum, Plaintiff requires the deposition of Baixing Wang (the "Chairman"), Frank Qi, and a PMK witness for both defendant entities.

*Defendants' Portion.*

As set forth above, defendants believe that plaintiff should provide discovery into its damages that are not already being claimed in its state court action at the outset of this litigation. Once the above-referenced discovery issues are resolved, defendants will need time to conduct discovery into plaintiff's claims. Defendants expect to serve written discovery

seeking detailed information pertaining to any purported misrepresentations or omissions of material facts that were made, the persons involved, plaintiff's evidence with respect thereto, and plaintiff's knowledge or purported lack thereof. Defendants will also seek all of plaintiff's documents that pertain to this matter, properly produced pursuant to the Federal Rules of Civil Procedure. Defendants will also want to depose any witnesses, including M-S Fund; its members, John Cheney, Hans Isern, and Jim Howell; the M-S Fund employees involved; and the entities that purchased the solar projects at issue.

9. <u>Class Actions:</u> Not applicable.

10. <u>Related Cases:</u> On December 22, 2016, Plaintiff filed suit in San Francisco Superior Court against one of Defendants' alleged subsidiaries, Talesun Solar USA Ltd. ("Talesun USA"), for claims that Talesun USA breached a Membership Interest Purchase Agreement, entered into between the parties on or about November 28, 2012, and a subsequent Standstill Agreement, and Letter Agreement. Defendants filed a motion for judgment on the pleadings seeking dismissal of this action, which is set for hearing on December 22, 2020. If the motion is denied, the Court will reset the case for trial.

Plaintiff's affiliate, Silverado Power LLC also filed an arbitration action on December 21, 2016, alleging breach of the Development Services Agreement between Silverado Power LLC and Talesun Solar USA Ltd. This matter is pending before arbitrator William Quinby of the American Arbitration Association. Arbitrator Quinby has postponed the scheduling of the merits hearing until after the state court action concludes. In the meantime, the parties are engaged in written discovery. A hearing on Talesun Solar's Motion for Summary Judgment is scheduled for January 22, 2022.

11. <u>Relief:</u>

*Plaintiff's Portion.*

As discussed at the hearing on the motion to stay, Plaintiff will be seeking damages including consequential damages and punitive damages for defendants' fraud. Plaintiff is not aware of any procedure whereby Plaintiff is required to prove damages at the outset of the

case. In this case, Plaintiff anticipates damages will require the testimony of expert witnesses.

*Defendants' Portion.*

As set forth above, plaintiff has not shown how the relief sought in this action is different from the state court action. Plaintiff should be required to do so at the outset of this litigation.

12. Settlement and ADR: The parties are amenable to engaging in mediation or an early settlement conference to resolve this matter.

13. Consent to Magistrate Judge For All Purposes: The Defendants do not consent to have a magistrate judge conduct all further proceedings.

14. Other References: The parties do not believe this matter is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, at this time.

15. Narrowing of Issues: As set forth above, defendants have suggested a number of motions to be considered by this Court, including a motion for judgment on the pleadings and a motion to determine the order and scope of discovery, and a motion for summary judgment, to help focus discovery and clarify the issues.

16. Expedited Trial Procedure: Defendants contend that this action is not proper for the Expedited Trial Procedure of General Order No. 64's Attachment A.

17. Scheduling:

*Plaintiff's Portion.*

Given the relatively straightforward issues in this case, coupled with the fact that Plaintiff has already produced all communications in its possession relevant to this deal while Defendants have zero documents or communications to produce, Plaintiff will be ready to try this case in December 2021. Plaintiff requests a trial date in December 2021, or as soon thereafter as the Court's calendar permits, with the pre-trial deadlines backed out therefrom.

*Defendants' Portion.*

Given the complexity of the issues, the international discovery issues which require additional process to comply with international and Chinese law, and the client communication

barriers inherent in representing foreign entities located in China, defendants request the following schedule.

- Trial – March 27, 2023 at 8:00 a.m.
- Pre-trial Conference – March 10, at 9:00 a.m.
- Hearing of Dispositive Motions – October 18, 2022
- Expert and Fact discovery cut-off – September 2, 2022
- Expert Witness Designations – May 23, 2022
- Initial Disclosures – January 14, 2021

18. <u>Trial:</u> Both parties request a jury trial. Defendant expects the trial will last for two weeks. Plaintiff believes the trial will be completed in one week.

19. <u>Disclosure of Non-party Interested Entities or Persons:</u> Talesun Solar USA Ltd.

20. <u>Professional Conduct:</u> All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other matters:</u> Not applicable.

Dated: December 7, 2020

ONGARO PC

By: /s/ DAVID R. ONGARO

David R. Ongaro

Attorneys for Plaintiff,
MARTIFER-SILVERADO FUND I, LLC

Dated: December 7, 2020

McMANIS FAULKNER

/s/ PATRICK HAMMON

ELIZABETH PIPKIN
PATRICK HAMMON
HILARY WEDDELL

Attorneys for Defendants,
ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD.; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD.

<h1 style="text-align:center">PROOF OF SERVICE</h1>

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 1604 Union Street, San Francisco, CA 94123.

On <u>December 7, 2020</u>, I served a true copy of the following document described as**:**

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the interested parties in this action as follows:

**BY E-FILING:** By electronically serving the document(s) listed above via CM/ECF on the recipients designed on the Transaction Receipt located on the CM/ECF website.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 7, 2020, at San Francisco, California.

*/s/ Christine M. Gill*
Christine M. Gill