ELIZABETH PIPKIN (243611)
MARWA ELZANKALY (206658)
PATRICK HAMMON (255047)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    (408) 279-8700
Facsimile:    (408) 279-3244
Email:        epipkin@mcmanislaw.com

Attorneys for Defendants,
ZHONGLI SCIENCE AND
TECHNOLOGY GROUP CO., LTD.,
SUZHOU TALESUN SOLAR
TECHNOLOGY CO., LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC | Case No.:   4:19-CV-04243-YGR |
| Plaintiff | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation; and DOES 1 through 5, inclusive. | Date:     June 1, 2021<br>Time:     2:00 P.M.<br>Location: Courtroom 1, 4th Floor<br>Judge:    The Hon. Yvonne Gonzalez Rogers |
| Defendants, | |

1

Pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, defendants, Zhongli Science and Technology Group Co., Ltd. ("Zhongli Science"), and Suzhou Talesun Solar Technology Co., Ltd. ("Suzhou Talesun"), (collectively "defendants"), hereby request that this Court take judicial notice of the documents, and allegations made therein, listed below as part of its determination of defendants' motion for judgment on the pleadings.

Rule 201(b)(2) allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it…(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts have consistently held that, under this section, courts can take judicial notice of court filings made in other, related judicial proceedings. (See e.g. *Schulze v. FBI*, No. 1:05-cv-0180 AWI GSA, 2010 WL 2902518, at *1 (E.D. Cal. July 22, 2010); *Cartmill v. Sea World*, No. 10CV00361 DMS POR, 2010 WL 4569922, at *1 (S.D. Cal. Nov. 5, 2010); and *NuCal Foods, Inc. v. Quality Egg LLC* 887 F. Supp. 2d 977, 984 (E.D. Cal. 2012)). Although courts cannot take judicial notice of the truth of statements made in such court filings, the court can judicially notice the fact that certain statements were made therein. *Nucal*, 887 F. Supp. 2d at 984.

1)  Martifer-Silverado Fund I, LLC's Complaint, filed in the San Francisco County Superior Court; case number CGC-16-556139, on December 22, 2016. A true and correct copy of the document is attached hereto as **Exhibit A**.

2)  Martifer-Silverado Fund I, LLC's First Amended Complaint, filed in the San Francisco County Superior Court; case number CGC-16-556139, on April 20, 2017. A true and correct copy of the document is attached hereto as **Exhibit B**.

3)  Martifer-Silverado Fund I, LLC's Second Amended Complaint, filed in the San Francisco County Superior Court; case number CGC-16-556139, on October 3, 2018. A true and correct copy of the document is attached hereto as **Exhibit C**.

4)  Martifer-Silverado Fund I, LLC's Third Amended Complaint, filed in the San Francisco County Superior Court; case number CGC-16-556139, on February 7, 2019. A true and correct copy of the document is attached hereto as **Exhibit D**.

1    Here, the documents which defendants seek to judicially notice and the fact that certain

2    allegations were made therein, are all pleadings filed by plaintiff, Martin-Silverado Fund LLC

3    ("plaintiff"), against Talesun Solar USA, Inc., in a breach of contract action in the San Francisco

4    County Superior Court, based on the same set of facts and circumstances, and the same alleged

5    three agreements, that are the subject of this action.  As set forth in defendants' motion for

6    judgment on the pleadings, these pleadings and the allegations made therein are relevant to

7    defendants' motion.

8        For those reasons, defendants request that this court grant their request for judicial notice

9    in support of their motion for judgment on the pleadings as to plaintiff's First Amended

10   Complaint.

13   DATED:  April 27, 2021

                                                        McMANIS FAULKNER

                                                        /s/ Marwa Elzankaly
                                                        ELIZABETH PIPKIN
                                                        MARWA ELZANKALY
                                                        PATRICK HAMMON

                                                        Attorneys for Defendants,
                                                        ZHONGLI SCIENCE AND TECHNOLOGY
                                                        GROUP CO., LTD., SUZHOU TALESUN
                                                        SOLAR TECHNOLOGY CO., LTD.

# EXHIBIT A

# ORIGINAL 

PLD-C-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>David R. Burtt (SBN 201220)<br>MOBILITY LEGAL P.C.<br>317 Washington St., Ste 207<br>Oakland, CA 94607<br>　TELEPHONE NO: (510) 208-1909　　FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* dburtt@mobilitylegal.com<br>ATTORNEY FOR *(Name):* Martifer-Silverado Fund I, LLC | **FOR COURT USE ONLY**<br><br>**F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>DEC 2 2 2016<br><br>CLERK OF THE COURT<br>BY: _____<br>　　　　Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
　STREET ADDRESS: 400 McAllister St.
　MAILING ADDRESS:
　CITY AND ZIP CODE: San Francisco 94102
　BRANCH NAME: Civic Center Courthouse

PLAINTIFF: Martifer-Silverado Fund I, LLC

DEFENDANT: Talesun Solar USA Ltd.

☐ DOES 1 TO _____

| CONTRACT | |
|---|---|
| ☑ **COMPLAINT** | ☐ **AMENDED COMPLAINT** *(Number):* |
| ☐ **CROSS-COMPLAINT** | ☐ **AMENDED CROSS-COMPLAINT** *(Number):* |

**Jurisdiction** *(check all that apply):*
☐ **ACTION IS A LIMITED CIVIL CASE**
　Amount demanded 　☐ does not exceed $10,000
　　　　　　　　　　☐ exceeds $10,000 but does not exceed $25,000
☑ **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)
☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
　　☐ from limited to unlimited
　　☐ from unlimited to limited

CASE NUMBER:
**CGC-16-556139**

FILED BY FAX

1. **Plaintiff*** *(name or names):*
　Martifer-Silverado Fund I, LLC
　alleges causes of action against **defendant*** *(name or names):*
　Breach of Contract
2. This pleading, including attachments and exhibits, consists of the following number of pages: 2
3. a. Each plaintiff named above is a competent adult
　　☑ **except plaintiff** *(name):* Martifer-Silverado Fund I, LLC
　　　(1) ☐ a corporation qualified to do business in California
　　　(2) ☐ an unincorporated entity *(describe):*
　　　(3) ☑ other *(specify):*
　　　　　Limited Liability Corporation
　b. ☐ Plaintiff *(name):*
　　　a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

　　　b. ☐ has complied with all licensing requirements as a licensed *(specify):*
　c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
　　☑ **except defendant** *(name):* Talesun Solar USA Lt　☐ **except defendant** *(name):*
　　　(1) ☐ a business organization, form unknown　　　(1) ☐ a business organization, form unknown
　　　(2) ☐ a corporation　　　　　　　　　　　　　　(2) ☐ a corporation
　　　(3) ☐ an unincorporated entity *(describe):*　　　(3) ☐ an unincorporated entity *(describe):*
　　　(4) ☐ a public entity *(describe):*　　　　　　　(4) ☐ a public entity *(describe):*
　　　(5) ☑ other *(specify):* Limited Liability Corp.　(5) ☐ other *(specify):*

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-C-001 [Rev. January 1, 2007] | **COMPLAINT—Contract** | Code of Civil Procedure, § 425.12 |

**4.** *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
     (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named
         defendants and acted within the scope of that agency or employment.
     (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to
         plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☐ Plaintiff is required to comply with a claims statute, **and**
     a. ☐ has complied with applicable claims statutes, *or*
     b. ☐ is excused from complying because *(specify):*

**6.** ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

**7.** This court is the proper court because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☑ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☑ other *(specify):*
     Required by contract

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☑ Breach of Contract
   ☐ Common Counts
   ☐ Other *(specify):*

**9.** ☑ Other allegations:
   Breach of Master Membership Interest Purchase Agreement

**10.** **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. ☑ damages of: $ In excess of $10,000,000
   b. ☑ interest on the damages
     (1) ☑ according to proof
     (2) ☐ at the rate of *(specify):*     percent per year from *(date):*
   c. ☑ attorney's fees
     (1) ☐ of: $
     (2) ☑ according to proof.
   d. ☐ other *(specify):*

**11.** ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 12/21/2016

David R. Burtt
         ▶ _____
     (TYPE OR PRINT NAME)                (SIGNATURE OF PLAINTIFF OR ATTORNEY)
         *(If you wish to verify this pleading, affix a verification.)*

**EXHIBIT  B**

DAVID R. BURTT, State Bar No. 201220
   dburtt@mobilitylegal.com
MOBILITY LEGAL P.C.
317 Washington Street #207
Oakland, CA 94607
Telephone: (510) 208-1909

Attorneys for Plaintiff
MARTIFER-SILVERADO FUND I, LLC

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*
**04/20/2017**
Clerk of the Court
BY:VANESSA WU
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

SAN FRANCISCO COUNTY

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC, | Case No. CGC-16-556139 |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| TALESUN SOLAR USA, LTD. and DOES 1 through 5, inclusive, | |
| Defendants. | |

Plaintiff Martifer-Silverado Fund I, LLC, for its First Amended Complaint against Defendants Talesun Solar USA Ltd. and Does 1 through 5, inclusive, alleges as follows:

**The Parties**

1.      Plaintiff Martifer-Silverado Fund I, LLC ("MS-Fund") is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California. MS-Fund is a joint venture between Martifer Solar USA and Silverado Power, LLC that was responsible for overseeing the development of a large pipeline of utility-scale solar projects.

2.      On information and belief, Defendant Talesun Solar USA Ltd. ("Talesun USA") was formed as a U.S. subsidiary of Zhongli Talesun Solar (based in China) ("Talesun China"), a leading international producer of solar modules and solar cells and itself a major division of

- 1 -

Zhongli Science and Technology Group Co., Ltd., a successful manufacturer of industrial components that is traded on the Shenzhen stock exchange. Talesun USA is also a Delaware corporation and described its business as constructing and developing utility-scale solar projects in the U.S.

3. On information and belief, after failing to perform and admitting default under the series of related transaction documents described below, Talesun China took steps to effectively wind down Talesun USA and formed a new entity, Zhongli New Energy USA Co., LLC ("Zhongli New Energy"), which operates as a successor-in-interest to Talesun USA.

4. Plaintiff is unaware of the true names and capacities of DOES 1-5, inclusive, but is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible for the acts and obligations, and or should be subject to and bound by the declarations and judicial determinations sought herein. When Plaintiff learns the true names and capacities of DOE Defendants, it will amend this First Amended Complaint accordingly.

### General Allegations

*MS-Fund's Master Membership Purchase Agreement with Talesun USA*

*(and Talesun USA's Multiple Breaches)*

5. On or about November 28, 2012, MS-Fund and Talesun USA entered into a Master Membership Interest Purchase Agreement ("MIPA") wherein Talesun USA agreed to purchase MS-Fund's equity interests in a number of solar project development companies for an aggregate purchase price of $30,600,000.

6. Pursuant to Section 5.1 of the MIPA, Talesun USA represented and warranted that it had authority and power to enter into the MIPA and to perform its obligations without obtaining any further consent or approval from any third party.

7. Pursuant to Section 5.1.8 of the MIPA, Talesun USA represented and warranted that it had sufficient liquid capital (or committed sources of capital) to permit it to timely perform its obligations under the MIPA, that its performance was not subject to any financing

1    contingency, and that it knew of no circumstances or conditions that could reasonably be

2    expected to prevent its performance.

3           8.       Section 2.1 of the MIPA required that, on or before a December 31, 2012: "(a)

4    [MS-Fund] shall sell, transfer and assign to [Talesun USA] all of the applicable Seller Equity

5    Interests free and clear of all Liens other than Permitted Liens, and [Talesun USA] shall purchase

6    and acquire all such Seller Equity Interests, and (b) the Parties shall take or cause to be taken the

7    other actions described in Article 3 with respect thereto..."

8           9.       Pursuant to Section 3.1.2.2 of the MIPA, on each scheduled closing date,

9    "[Talesun USA] shall pay to [MS-Fund] in immediately available funds the Closing Date

10   Payment for the applicable [. . .] Equity Interests."

11         10.    While the first closing under the MIPA was scheduled to occur on November 30,

12   2012 (to transfer ownership of nine of the thirty-five project companies), Talesun USA failed to

13   pay MS-Fund the required Closing Date Payment on that date (as Talesun USA has conceded

14   that its $500,000 payment was short by $46,160).  Later, Talesun USA failed to make any

15   required interconnection payments for these initial projects to the utilities, which failure

16   ultimately contributed to their demise.

17         11.    Talesun USA further breached its obligations under the MIPA by failing to

18   purchase the remainder of MS-Fund's equity interests in the project companies on or before

19   December 31, 2012.

20         12.    Talesun further breached its obligations under the MIPA by, among other things,

21   failing to timely deliver to MS-Fund a letter of credit in MS-Fund's favor in an initial amount of

22   $35,000,000 (as required by Section 3.1.2.10), failing to swap out all of MS-Fund's posted credit

23   securities thereby releasing MS-Fund from its existing credit support obligations (as required by

24   Section 3.1.4.5), and by failing to reimburse MS-Fund for $3,180,400 in cash deposits it had

25   already made on the development projects (as required by Section 3.1.4.6).

26

27

28

*MS-Fund's Standstill Agreement with Talesun USA*

*(and Talesun USA's Multiple Breaches)*

13. On December 25, 2012, Talesun USA notified MS-Fund that it would be unable to close on the remaining project companies as required by the MIPA.

14. On or about December 31, 2012, MS-Fund and Talesun USA entered into a Standstill Agreement which, in some respects, modified the MIPA and addressed a number of issues that arose because of Talesun USA's failure to timely fulfill its obligations under the MIPA.

15. For example, the Standstill Agreement set a new deadline of no later than January 10, 2013, for Talesun USA to deliver a new Closing Date Payment, and also required that MS-Fund forbear on exercising its remedies under the MIPA until that date passed.

16. Section 1.1(d) of the Standstill Agreement also required that by no later than January 10, 2013, Talesun USA pay MS-Fund $500,000 "in reimbursement of [MS-Fund's] direct damages paid or incurred due to [Talesun USA's] nonperformance . . ."

17. Talesun USA breached the Standstill Agreement by, among other things, failing to timely deliver the new Closing Date Payment, failing to timely pay MS-Fund $500,000, and failing to deliver the required payment security.

*MS-Fund's Letter Agreement with Talesun USA*

*(and Talesun USA's Breach)*

18. On August 30, 2013, MS-Fund and Talesun USA entered into a Letter Agreement concerning a negotiated "path forward" for the nine solar projects related to Talesun USA's $500,000 payment.

19. The Letter Agreement obligated Talesun USA to pay MS-Fund $399,263 by no later than September 5, 2013, to provide a letter of credit by September 30, 2013, and to pay MS-Fund an additional $180,000 upon the execution of new lease option agreements for certain project companies.

- 4 -

20. Talesun USA breached the Letter Agreement by, among other things, failing to pay MS-Fund $399,263 on or before January 10, 2013.

## FIRST CAUSE OF ACTION

### (Breach of Contract – MIPA)

21. MS-Fund re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 20 of this First Amended Complaint.

22. MS-Fund and Talesun USA entered into the written Master Membership Interest Purchase Agreement on November 28, 2012, which agreement was valid and binding.

23. MS-Fund has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the MIPA.

24. All conditions required by the MIPA for Talesun USA's performance have occurred.

25. Talesun USA wrongfully breached the MIPA by, among other things, short-paying $46,160 on its first closing payment, failing to purchase the remainder of MS-Fund's equity interests in the project companies on or before December 31, 2012, failing to timely deliver to MS-Fund a letter of credit in MS-Fund's favor in an initial amount of $35,000,000, failing to swap out all of MS-Fund's posted credit securities thereby releasing MS-Fund from its existing credit support obligations, and failing to reimburse MS-Fund for $3,180,400 in cash deposits it had already made on the development projects.

26. As a direct and proximate result of Talesun USA's breaches of the MIPA, MS-Fund has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Breach of Contract – Standstill Agreement)

27. MS-Fund re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26 of this First Amended Complaint.

28. MS-Fund and Talesun USA entered into the written Standstill Agreement on December 31, 2012, which agreement was valid and binding.

- 5 -

29.     MS-Fund has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Standstill Agreement.

30.     All conditions required by the Standstill Agreement for Talesun USA's performance have occurred.

31.     Talesun USA wrongfully breached the Standstill Agreement by, among other things, failing to timely deliver the closing date payment described on Exhibit B of the Standstill Agreement, failing to timely pay MS-Fund $500,000, and failing to deliver the required payment security.

32.     As a direct and proximate result of Talesun USA's breaches of the Standstill Agreement, MS-Fund has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Breach of Contract – Letter Agreement)

33.     MS-Fund re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 32 of this First Amended Complaint.

34.     MS-Fund and Talesun USA entered into the written Letter Agreement on August 30, 2013, which agreement was valid and binding.

35.     MS-Fund has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Letter Agreement.

36.     All conditions required by the Letter Agreement for Talesun USA's performance have occurred.

37.     Talesun USA breached the Letter Agreement by, among other things, failing to pay MS-Fund $399,263 on or before January 10, 2013, and by failing to pay additional outstanding milestone payments described in Table 2 of the Letter Agreement.

38.     As a direct and proximate result of Talesun USA's breach of the Letter Agreement, MS-Fund has been damaged in an amount to be determined at trial.

- 6 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Martifer-Silverado Fund I, LLC prays that judgment be entered

in its favor and against Defendant Talesun Solar USA Ltd. as follows:

     A.     Actual damages in an amount to be proven at trial, but in excess of this Court's

minimum jurisdictional requirements;

     B.     For prejudgment and post-judgment interest at the maximum legal rate, as

provided by applicable law;

     C.     For costs incurred herein, including attorneys' fees, as allowed by law; and

     D.     For such other relief as the Court deems just and proper.

DATED:  April 20, 2017

**MOBILITY LEGAL P.C.**

By: _____
        David R. Burtt

Attorneys for Plaintiff
MARTIFER-SILVERADO FUND I, LLC

**EXHIBIT C**

1  DAVID R. ONGARO, State Bar No. 154698
       dongaro@ongaropc.com
2  ALEXA R. HANKARD, State Bar No. 312221
       ahankard@ongaropc.com
3  ONGARO PC
4  50 California Street, Suite 3325
   San Francisco, CA 94111
5  Telephone: (415) 433-3900
   Facsimile: (415) 433-3950
6
7  DAVID R. BURTT, State Bar No. 201220
       dburtt@mobilitylegal.com
   MOBILITY LEGAL P.C.
8  317 Washington Street #207
   Oakland, CA 94607
9  Telephone: (510) 208-1909

10 Attorneys for Plaintiff
   MARTIFER-SILVERADO FUND I, LLC
11

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

10/03/2018
Clerk of the Court
BY:JUDITH NUNEZ
Deputy Clerk

12

13              SUPERIOR COURT OF CALIFORNIA

14                 SAN FRANCISCO COUNTY

15

16 MARTIFER-SILVERADO FUND I, LLC,            Case No. CGC-16-556139

17              Plaintiff,                     **SECOND AMENDED COMPLAINT**

18       v.

19 TALESUN SOLAR USA, LTD., ZHONGLI
   NEW ENERGY USA CO., LLC, as alter ego of
20 TALESUN SOLAR USA, LTD., and DOES 1
   through 5, inclusive,
21
                Defendants.
22

23       Plaintiff Martifer-Silverado Fund I, LLC, for its Second Amended Complaint against

24 Defendants Talesun Solar USA Ltd., Zhongli New Energy USA Co., LLC, as alter ego of

25 Talesun Solar USA, Ltd., and Does 1 through 5, inclusive, alleges as follows:

26

27

28

                                    - 1 -

SECOND AMENDED COMPLAINT
Case No. CGC-16-556139

1.     Plaintiff Martifer-Silverado Fund I, LLC ("MS-Fund") is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California. MS-Fund is a joint venture between Martifer Solar USA and Silverado Power, LLC that was responsible for overseeing the development of a large pipeline of utility-scale solar projects.

2.     On information and belief, Defendant Talesun Solar USA Ltd. ("Talesun USA") was formed as a U.S. subsidiary of Zhongli Talesun Solar (based in China) ("Talesun China"), a leading international producer of solar modules and solar cells and itself a major division of Zhongli Science and Technology Group Co., Ltd., a successful manufacturer of industrial components that is traded on the Shenzhen stock exchange. Talesun USA is also a Delaware corporation and described its business as constructing and developing utility-scale solar projects in the U.S.

3.     On information and belief, after admitting default under the series of related transaction documents described below, Talesun China took steps to effectively wind down Talesun USA and formed a new entity, Defendant Zhongli New Energy USA Co., LLC ("Zhongli New Energy"), which operates as an alter ego to Talesun USA and shares at least the same ownership, management, employees, and marketing as Talesun USA.

4.     On information and belief, a unity of interest and ownership between Zhongli New Energy and Talesun USA exists, such that any individuality and separateness between these entities has ceased. Talesun USA, among other things, systematically engaged in a series of transactions intended to transfer its assets to other entities such as Zhongli New Energy and Zhongli New Energy operates out of Talesun USA's offices and warehouses. Zhongli New Energy exercises control and dominion over Talesun USA with a disregard for the separate legal status of this entity and as a result, an attempt to defraud creditors like MS-Fund. Adherence to the fiction of Talesun USA as a separate entity distinct from Zhongli New Energy would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

-2-

5.      Plaintiff is unaware of the true names and capacities of DOES 1-5, inclusive, but is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible for the acts and obligations, and or should be subject to and bound by the declarations and judicial determinations sought herein.  When Plaintiff learns the true names and capacities of DOE Defendants, it will amend this Second Amended Complaint accordingly.

## General Allegations

*MS-Fund's Master Membership Purchase Agreement with Talesun USA*

*(and Talesun USA's Multiple Breaches)*

6.      On or about November 28, 2012, MS-Fund and Talesun USA entered into a Master Membership Interest Purchase Agreement ("MIPA") wherein Talesun USA agreed to purchase MS-Fund's equity interests in a number of solar project development companies for an aggregate purchase price of $30,600,000.

7.      Pursuant to Section 5.1 of the MIPA, Talesun USA represented and warranted that it had authority and power to enter into the MIPA and to perform its obligations without obtaining any further consent or approval from any third party.

8.      Pursuant to Section 5.1.8 of the MIPA, Talesun USA represented and warranted that it had sufficient liquid capital (or committed sources of capital) to permit it to timely perform its obligations under the MIPA, that its performance was not subject to any financing contingency, and that it knew of no circumstances or conditions that could reasonably be expected to prevent its performance.

9.      Section 2.1 of the MIPA required that, on or before a December 31, 2012: "(a) [MS-Fund] shall sell, transfer and assign to [Talesun USA] all of the applicable Seller Equity Interests free and clear of all Liens other than Permitted Liens, and [Talesun USA] shall purchase and acquire all such Seller Equity Interests, and (b) the Parties shall take or cause to be taken the other actions described in Article 3 with respect thereto…"

- 3 -

10. Pursuant to Section 3.1.2.2 of the MIPA, on each scheduled closing date, "[Talesun USA] shall pay to [MS-Fund] in immediately available funds the Closing Date Payment for the applicable [. . .] Equity Interests."

11. Talesun USA failed to pay MS-Fund the required Closing Date Payments by their due dates.

12. Later, Talesun USA failed to make any required interconnection payments for these initial projects to the utilities, which failure ultimately contributed to their demise.

13. Talesun further breached its obligations under the MIPA by, among other things, failing to timely deliver to MS-Fund a letter of credit in MS-Fund's favor in an initial amount of $35,000,000 (as required by Section 3.1.2.10), failing to swap out all of MS-Fund's posted credit securities thereby releasing MS-Fund from its existing credit support obligations (as required by Section 3.1.4.5), and by failing to reimburse MS-Fund for $3,180,400 in cash deposits it had already made on the development projects (as required by Section 3.1.4.6).

*MS-Fund's Standstill Agreement with Talesun USA*

*(and Talesun USA's Breach)*

14. On December 25, 2012, Talesun USA notified MS-Fund that it would be unable to close on the remaining project companies as required by the MIPA.

15. On or about December 31, 2012, MS-Fund and Talesun USA entered into a Standstill Agreement which, in some respects, modified the MIPA and addressed a number of issues that arose because of Talesun USA's failure to timely fulfill its obligations under the MIPA.

16. For example, the Standstill Agreement set a new deadline of no later than January 10, 2013, for Talesun USA to deliver the closing date payment, and also required that MS-Fund forbear on exercising its remedies under the MIPA until that date passed.

17. Section 1.1(d) of the Standstill Agreement also required that by no later than January 10, 2013, Talesun USA pay MS-Fund $500,000 "in reimbursement of [MS-Fund's] direct damages paid or incurred due to [Talesun USA's] nonperformance . . ."

- 4 -

1   18.   Talesun USA breached the Standstill Agreement by, among other things, failing

2   to timely deliver the closing date payment, failing to timely pay MS-Fund $500,000, and failing

3   to deliver the required payment security.

4   *MS-Fund's Letter Agreement with Talesun USA*

5   *(and Talesun USA's Breach)*

6   19.   On August 30, 2013, MS-Fund and Talesun USA entered into letter agreement

7   concerning a negotiated "path forward" for the nine solar projects which Talesun USA purchased

8   from MS-Fund on November 30, 2012.

9   20.   The letter agreement obligated Talesun USA to pay MS-Fund $399,263 by no

10  later than September 5, 2013, to provide a letter of credit by September 30, 2013, and to pay MS-

11  Fund an additional $180,000 upon the execution of new lease option agreements for certain

12  project companies.

13  21.   Talesun USA breached the letter agreement by, among other things, failing to pay

14  MS-Fund $399,263 on or before January 10, 2013.

15  **FIRST CAUSE OF ACTION**

16  **(Breach of Contract – MIPA)**

17  22.   MS-Fund re-alleges and incorporates by reference each and every allegation

18  contained in Paragraphs 1 through 21 of this Second Amended Complaint.

19  23.   MS-Fund and Talesun USA entered into the written Master Membership Interest

20  Purchase Agreement on November 28, 2012, which agreement was valid and binding.

21  24.   MS-Fund has performed all conditions, covenants, and promises required on its

22  part to be performed in accordance with the terms and conditions of the MIPA.

23  25.   All conditions required by the MIPA for Talesun USA's performance have

24  occurred.

25  26.   Talesun USA wrongfully breached the MIPA by failing to purchase MS-Fund's

26  equity interests in the project companies on or before December 31, 2012, failing to timely

27  deliver to MS-Fund a letter of credit in MS-Fund's favor in an initial amount of $35,000,000,

28

- 5 -

1 failing to swap out all of MS-Fund's posted credit securities thereby releasing MS-Fund from its

2 existing credit support obligations, and failing to reimburse MS-Fund for $3,180,400 in cash

3 deposits it had already made on the development projects.

4      27.    As a direct and proximate result of Talesun USA's breaches of the MIPA, MS-

5 Fund has been damaged in an amount to be determined at trial, plus accrued interest and

6 attorneys' fees and other costs of collection.

7 **SECOND CAUSE OF ACTION**

8 **(Breach of Contract – Standstill Agreement)**

9      28.    MS-Fund re-alleges and incorporates by reference each and every allegation

10 contained in Paragraphs 1 through 27 of this Second Amended Complaint.

11      29.    MS-Fund and Talesun USA entered into the written Standstill Agreement on

12 December 31, 2012, which agreement was valid and binding.

13      30.    MS-Fund has performed all conditions, covenants, and promises required on its

14 part to be performed in accordance with the terms and conditions of the Standstill Agreement.

15      31.    All conditions required by the Standstill Agreement for Talesun USA's

16 performance have occurred.

17      32.    Talesun USA wrongfully breached the Standstill Agreement by, among other

18 things, failing to timely deliver the closing date payment described on Exhibit B of the Standstill

19 Agreement, failing to timely pay MS-Fund $500,000, and failing to deliver the required payment

20 security.

21      33.    As a direct and proximate result of Talesun USA's breaches of the Standstill

22 Agreement, MS-Fund has been damaged in an amount to be determined at trial, plus accrued

23 interest and attorneys' fees and other costs of collection.

24 **THIRD CAUSE OF ACTION**

25 **(Breach of Contract – Letter Agreement)**

26      34.    MS-Fund re-alleges and incorporates by reference each and every allegation

27 contained in Paragraphs 1 through 33 of this Second Amended Complaint.

28

- 6 -

1    35.    MS-Fund and Talesun USA entered into the written Letter Agreement on August

2    30, 2013, which agreement was valid and binding.

3    36.    MS-Fund has performed all conditions, covenants, and promises required on its

4    part to be performed in accordance with the terms and conditions of the Letter Agreement.

5    37.    All conditions required by the Letter Agreement for Talesun USA's performance

6    have occurred.

7    38.    Talesun USA breached the letter agreement by, among other things, failing to pay

8    MS-Fund $399,263 on or before January 10, 2013, and by failing to pay additional outstanding

9    milestone payments described in Table 2.

10    39.    As a direct and proximate result of Talesun USA's breach of the Letter

11    Agreement, MS-Fund has been damaged in an amount to be determined at trial, plus accrued

12    interest and attorneys' fees and other costs of collection.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martifer-Silverado Fund I, LLC prays that judgment be entered

in its favor and against Defendants Talesun Solar USA Ltd. and Zhongli New Energy USA Co.,

LLC, as alter ego of Talesun Solar USA, Ltd., as follows:

A.    General damages on all causes of action;

B.    Attorneys' fees and costs, pursuant to contract, on all causes of action;

C.    Interest at the maximum legal rate on all sums awarded;

D.    Cost of suit; and

E.    Such other and further relief as the Court deems just and proper.

DATED:  October 3, 2018                    **MOBILITY LEGAL P.C.**

By: _____
     David R. Burtt

Attorneys for Plaintiff
MARTIFER-SILVERADO FUND I, LLC

- 7 -

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 50 California Street, Suite 3325, San Francisco, CA 94111.

On October 3, 2018, I served a true and correct copy of the documents described as:

**SECOND AMENDED COMPLAINT**

on the interested party in this action as follows:

Elizabeth Pipkin
James Giacchetti
McMANIS FAULKNER
50 W. San Fernando Street, 10th Floor
San Jose, CA 95113
Tel: (408) 279-8700
Email: epipkin@mcmanislaw.com
      jgiachetti@mcmanislaw.com

*Attorneys for TALESUN SOLAR USA LTD. &*
*ZHONGLI NEW ENERGY USA CO., LLC*

**BY UNITED STATES MAIL:** I enclosed the document listed above in a sealed envelope addressed to the persons at the address listed herein and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the practice of this business for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 3, 2018, at San Francisco, California.

Kirsten Mikkelsen

PROOF OF SERVICE
Case No. CGC-16-556139

# EXHIBIT  D

1  DAVID R. ONGARO, State Bar No. 154698
      dongaro@ongaropc.com
2  ALEXA R. HANKARD, State Bar No. 312221
      ahankard@ongaropc.com
3  ONGARO PC
   50 California Street, Suite 3325
4  San Francisco, CA 94111
   Telephone: (415) 433-3900
5  Facsimile: (415) 433-3950

6

7  DAVID R. BURTT, State Bar No. 201220
      dburtt@mobilitylegal.com
   MOBILITY LEGAL P.C.
8  317 Washington Street #207
   Oakland, CA 94607
9  Telephone: (510) 208-1909

10 Attorneys for Plaintiff
   MARTIFER-SILVERADO FUND I, LLC

11

12

13                SUPERIOR COURT OF CALIFORNIA

14                    SAN FRANCISCO COUNTY

15

16 MARTIFER-SILVERADO FUND I, LLC,          Case No. CGC-16-556139

17          Plaintiff,                       **THIRD AMENDED COMPLAINT**

18      v.

19 TALESUN SOLAR USA, LTD., ZHONGLI
   NEW ENERGY USA CO., LLC, as alter ego of
20 TALESUN SOLAR USA, LTD., and DOES 1
   through 5, inclusive,
21
            Defendants.
22

23      Plaintiff Martifer-Silverado Fund I, LLC, for its Third Amended Complaint against

24 Defendants Talesun Solar USA Ltd., Zhongli New Energy USA Co., LLC, as alter ego of

25 Talesun Solar USA, Ltd., and Does 1 through 5, inclusive, alleges as follows:

26

27

28

                                   - 1 -

## The Parties

1.     Plaintiff Martifer-Silverado Fund I, LLC ("MS-Fund") is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California. MS-Fund is a joint venture between Martifer Solar USA and Silverado Power, LLC that was responsible for overseeing the development of a large pipeline of utility-scale solar projects.

2.     On information and belief, Defendant Talesun Solar USA Ltd. ("Talesun USA") was formed as a U.S. subsidiary of Zhongli Talesun Solar (based in China) ("Talesun China"), a leading international producer of solar modules and solar cells and itself a major division of Zhongli Science and Technology Group Co., Ltd., a successful manufacturer of industrial components that is traded on the Shenzhen stock exchange. Talesun USA is also a Delaware corporation and described its business as constructing and developing utility-scale solar projects in the U.S.

3.     On information and belief, after admitting default under the series of related transaction documents described below, Talesun China took steps to effectively wind down Talesun USA and formed a new entity, Defendant Zhongli New Energy USA Co., LLC ("Zhongli New Energy"), which operates as a successor-in-interest and/or alter ego to Talesun USA and shares at least the same ownership, management, employees, and marketing as Talesun USA.

4.     On information and belief, a unity of interest and ownership between Zhongli New Energy and Talesun USA exists, such that any individuality and separateness between these entities has ceased. Talesun USA, among other things, systematically engaged in a series of transactions intended to transfer its assets to other entities such as Zhongli New Energy and Zhongli New Energy operates out of Talesun USA's offices and warehouses. Zhongli New Energy exercises control and dominion over Talesun USA with a disregard for the separate legal status of this entity and as a result, an attempt to defraud creditors like MS-Fund. Adherence to

-2-

the fiction of Talesun USA as a separate entity distinct from Zhongli New Energy would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

5.    Plaintiff is unaware of the true names and capacities of DOES 1-5, inclusive, but is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible for the acts and obligations, and or should be subject to and bound by the declarations and judicial determinations sought herein. When Plaintiff learns the true names and capacities of DOE Defendants, it will amend this Third Amended Complaint accordingly.

## General Allegations

*MS-Fund's Master Membership Purchase Agreement with Talesun USA*

*(and Talesun USA's Multiple Breaches)*

6.    On or about November 28, 2012, MS-Fund and Talesun USA entered into a Master Membership Interest Purchase Agreement ("MIPA") wherein Talesun USA agreed to purchase MS-Fund's equity interests in a number of solar project development companies for an aggregate purchase price of $30,600,000.

7.    Pursuant to Section 5.1 of the MIPA, Talesun USA represented and warranted that it had authority and power to enter into the MIPA and to perform its obligations without obtaining any further consent or approval from any third party.

8.    Pursuant to Section 5.1.8 of the MIPA, Talesun USA represented and warranted that it had sufficient liquid capital (or committed sources of capital) to permit it to timely perform its obligations under the MIPA, that its performance was not subject to any financing contingency, and that it knew of no circumstances or conditions that could reasonably be expected to prevent its performance.

9.    Section 2.1 of the MIPA required that, on or before a December 31, 2012: "(a) [MS-Fund] shall sell, transfer and assign to [Talesun USA] all of the applicable Seller Equity Interests free and clear of all Liens other than Permitted Liens, and [Talesun USA] shall purchase and acquire all such Seller Equity Interests, and (b) the Parties shall take or cause to be taken the other actions described in Article 3 with respect thereto…"

-3-

10. Pursuant to Section 3.1.2.2 of the MIPA, on each scheduled closing date, "[Talesun USA] shall pay to [MS-Fund] in immediately available funds the Closing Date Payment for the applicable [. . .] Equity Interests."

11. While the first closing under the MIPA was scheduled to occur on November 30, 2012 (to transfer ownership of nine of the thirty-five project companies), Talesun USA failed to pay MS-Fund the required Closing Date Payment on that date (as Talesun USA has conceded that its $500,000 payment was short by $46,160). Later, Talesun USA failed to make any required interconnection payments for these initial projects to the utilities, which failure ultimately contributed to their demise.

12. Talesun USA further breached its obligations under the MIPA by failing to purchase the remainder of MS-Fund's equity interests in the project companies on or before December 31, 2012.

13. Talesun further breached its obligations under the MIPA by, among other things, failing to timely deliver to MS-Fund a letter of credit in MS-Fund's favor in an initial amount of $35,000,000 (as required by Section 3.1.2.10), failing to swap out all of MS-Fund's posted credit securities thereby releasing MS-Fund from its existing credit support obligations (as required by Section 3.1.4.5), and by failing to reimburse MS-Fund for $3,180,400 in cash deposits it had already made on the development projects (as required by Section 3.1.4.6).

*MS-Fund's Standstill Agreement with Talesun USA*

*(and Talesun USA's Breach)*

14. On December 25, 2012, Talesun USA notified MS-Fund that it would be unable to close on the remaining project companies as required by the MIPA.

15. On or about December 31, 2012, MS-Fund and Talesun USA entered into a Standstill Agreement which, in some respects, modified the MIPA and addressed a number of issues that arose because of Talesun USA's failure to timely fulfill its obligations under the MIPA.

-4-

16. For example, the Standstill Agreement set a new deadline of no later than January 10, 2013, for Talesun USA to deliver the closing date payment, and also required that MS-Fund forbear on exercising its remedies under the MIPA until that date passed.

17. Section 1.1(d) of the Standstill Agreement also required that by no later than January 10, 2013, Talesun USA pay MS-Fund $500,000 "in reimbursement of [MS-Fund's] direct damages paid or incurred due to [Talesun USA's] nonperformance . . ."

18. Talesun USA breached the Standstill Agreement by, among other things, failing to timely deliver the closing date payment, failing to timely pay MS-Fund $500,000, and failing to deliver the required payment security.

*MS-Fund's Letter Agreement with Talesun USA*

*(and Talesun USA's Breach)*

19. On August 30, 2013, MS-Fund and Talesun USA entered into letter agreement concerning a negotiated "path forward" for the nine solar projects which Talesun USA purchased from MS-Fund on November 30, 2012.

20. The letter agreement obligated Talesun USA to pay MS-Fund $399,263 by no later than September 5, 2013, to provide a letter of credit by September 30, 2013, and to pay MS-Fund an additional $180,000 upon the execution of new lease option agreements for certain project companies.

21. Talesun USA breached the letter agreement by, among other things, failing to pay MS-Fund $399,263 on or before January 10, 2013.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract – MIPA)**

22. MS-Fund re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 of this Third Amended Complaint.

23. MS-Fund and Talesun USA entered into the written Master Membership Interest Purchase Agreement on November 28, 2012, which agreement was valid and binding.

-5-

24. MS-Fund has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the MIPA.

25. All conditions required by the MIPA for Talesun USA's performance have occurred.

26. Talesun USA wrongfully breached the MIPA by, among other things, short-paying $46,160 on its first closing payment, failing to purchase the remainder of MS-Fund's equity interests in the project companies on or before December 31, 2012, failing to timely deliver to MS-Fund a letter of credit in MS-Fund's favor in an initial amount of $35,000,000, failing to swap out all of MS-Fund's posted credit securities thereby releasing MS-Fund from its existing credit support obligations, and failing to reimburse MS-Fund for $3,180,400 in cash deposits it had already made on the development projects.

27. As a direct and proximate result of Talesun USA's breaches of the MIPA, MS-Fund has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Breach of Contract – Standstill Agreement)

28. MS-Fund re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27 of this Third Amended Complaint.

29. MS-Fund and Talesun USA entered into the written Standstill Agreement on December 31, 2012, which agreement was valid and binding.

30. MS-Fund has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Standstill Agreement.

31. All conditions required by the Standstill Agreement for Talesun USA's performance have occurred.

32. Talesun USA wrongfully breached the Standstill Agreement by, among other things, failing to timely deliver the closing date payment described on Exhibit B of the Standstill Agreement, failing to timely pay MS-Fund $500,000, and failing to deliver the required payment security.

- 6 -

33.     As a direct and proximate result of Talesun USA's breaches of the Standstill Agreement, MS-Fund has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### (Breach of Contract – Letter Agreement)

34.     MS-Fund re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 33 of this Third Amended Complaint.

35.     MS-Fund and Talesun USA entered into the written Letter Agreement on August 30, 2013, which agreement was valid and binding.

36.     MS-Fund has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Letter Agreement.

37.     All conditions required by the Letter Agreement for Talesun USA's performance have occurred.

38.     Talesun USA breached the letter agreement by, among other things, failing to pay MS-Fund $399,263 on or before January 10, 2013, and by failing to pay additional outstanding milestone payments described in Table 2.

39.     As a direct and proximate result of Talesun USA's breach of the Letter Agreement, MS-Fund has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martifer-Silverado Fund I, LLC prays that judgment be entered in its favor and against Defendants Talesun Solar USA Ltd. and Zhongli New Energy USA Co., LLC, as alter ego of Talesun Solar USA, Ltd., as follows:

A.      Actual damages in an amount to be proven at trial, but in excess of this Court's minimum jurisdictional requirements;

B.      For prejudgment and post-judgment interest at the maximum legal rate, as provided by applicable law;

C.      For costs incurred herein, including attorneys' fees, as allowed by law; and

E.      For such other relief as the Court deems just and proper.

- 7 -

DATED: February 6, 2019

**MOBILITY LEGAL P.C.**

By: _____
    David R. Burtt

Attorneys for Plaintiff
MARTIFER-SILVERADO FUND I, LLC

- 8 -