```
                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
                          OAKLAND DIVISION


MARTIFER-SILVERADO FUND I, LLC, )  Case No.  19-cv-04243-YGR
                                )
          Plaintiff,            )  Oakland, California
                                )  Monday, March 28, 2022
     vs.                        )
                                )  ZOOM WEBINAR PROCEEDINGS
ZHONGLI SCIENCE AND TECHNOLOGY  )
GROUP CO., LTD., et al,         )
                                )
          Defendants.           )
_____)


         TRANSCRIPT OF CASE MANAGEMENT CONFERENCE
       BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS
              UNITED STATES DISTRICT COURT JUDGE


APPEARANCES:  (Via Zoom Webinar)

For Plaintiff:                DAVID R. BURTT, ESQ.
                              Mobility Legal P.C.
                              3464 Arivaca Court
                              Reno, Nevada 89511
                              (650) 544-8090

                              DAVID RAYMOND ONGARO, ESQ.
                              Ongaro PC
                              1604 Union Street
                              San Francisco, California 94123
                              (415) 433-3900

For Defendant:                ELIZABETH MARIE PIPKIN, ESQ.
                              MARWA ELZANKALY, ESQ.
                              McManis Faulkner, APC
                              50 W. San Fernando Street, 10th Floor
                              San Jose, California 95113
                              (408) 279-8700




Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

```
                                                          2

 1   APPEARANCES:  (Cont'd.)

 2   Transcription Service:      Peggy Schuerger
                                 Ad Hoc Reporting
 3                               2220 Otay Lakes Road, Suite 502-85
                                 Chula Vista, California 91915
 4                               (619) 236-9325

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    OAKLAND, CALIFORNIA  MONDAY, MARCH 28, 2022  1:59 P.M.
2                             --oOo--
3        THE CLERK:  Calling Civil Case 19-4243-YGR, Martifer-
4    Silverado Fund I, LLC v. Zhongli Science and Technology Group Co.,
5    Ltd, et al.  Counsel, starting with the Plaintiff, please state
6    your appearance for the record.
7        MR. ONGARO:  Good afternoon, Your Honor.  David Ongaro
8    on behalf of the Plaintiffs.
9        MR. BURTT:  And David Burtt also on behalf of Plaintiff.
10       THE COURT:  Okay.  Good afternoon.
11       MS. PIPKIN:  Good afternoon, Your Honor.  Elizabeth
12   Pipkin and Marwa Elzankaly, McManis Faulkner, on behalf of
13   Defendants.
14       THE COURT:  Good afternoon, Your Honor.
15       MS. ELZANKALY:  Good afternoon, Your Honor.
16       THE COURT:  Good afternoon.  Okay.  You all need me to
17   try and schedule -- so you mentioned that you were all interested
18   in a mediation or early settlement conference "at the appropriate
19   time."  I don't know what that means.  So based upon what
20   typically happens in litigation, when would be the appropriate
21   time?  That is, how much discovery do you need, what resolutions
22   do you need on these other cases, whatever?  Is there some marker
23   by which we'll say, Okay, we've spent enough money.  We are going
24   to try to resolve this before spending more money.
25       MR. ONGARO: Yes.  From the Plaintiff's standpoint, Your

Honor, I think we'd need just a little bit of time to get our experts -- our economic experts in line so we can understand -- it's a very complex damages case -- so we can understand where we are in the damages. But I think we could do that in the next -- you know, by -- by May or June.

THE COURT: Ms. Pipkin?

MS. PIPKIN: Thank you, Your Honor. I would agree that we need more clarity on the damages claims here before any discussions have any hope of bearing fruit. I also think that having a summary judgment opportunity before any discussions would be helpful because we think that we have potential grounds for summary judgment here. And we are going --

THE COURT: And you understand -- you understand that you only get one summary judgment; right?

MS. PIPKIN: Yes.

THE COURT: And what would be the anticipated grounds?

MS. PIPKIN: We do not think that the Plaintiff will be able to prove that any representative of the entities made any statements that were fraudulent. We also anticipate that there could be grounds based on any ruling that comes out of the state court on the grounds of issue preclusion. And, finally, with respect to the damages claims, we think that they're -- depending on what the claims are -- which we're still shooting in the dark on that -- that we think that there might be grounds, depending on those claims.

```
 1                THE COURT:  I'm not sure what you mean by that.
 2                MS. PIPKIN:   Well, some of the damages that the
 3   Plaintiff has claimed in the state court case, Your Honor, are
 4   extremely remote and not supported by the law.  And that's what we
 5   anticipate the Plaintiff doing here.
 6                But until we see the model, we don't know if we would
 7   have grounds for summary judgment.
 8                THE COURT:  Okay.  And when is the state court -- you're
 9   still doing post-trial briefing; is that right?
10                MR. ONGARO:  That's correct, Your Honor.  And I don't --
11                THE COURT:  The judge -- whoever the judge is that
12   you're in front of, any sense of when that judge may issue a
13   ruling?
14                MR. ONGARO:  Yes.  I believe we will get a ruling in
15   May.
16                MS. PIPKIN:  May I amend that, Your Honor, or provide a
17   comment on that?
18                THE COURT:  Sure.
19                MS. PIPKIN:  Thank you, Your Honor.  The judge has
20   listed May 23rd as the last date that the Court wishes to see
21   objections to proposed statements of decision in that matter, and
22   so it could be more June before we get a proposed statement of
23   decision from the Court.  And of course there is an objection
24   procedure after that.  So the final decision could not be made
25   until summer sometime at this point.
```

1     THE COURT: Okay. So in light of what you've said to
2 me, your deadlines seem to be appropriate. So expert witness,
3 opening designations, April 23rd, 202- -- oh, wait -- no. Why
4 would I do that a year from now?
5     MR. ONGARO: Your Honor, that -- we requested a trial
6 date next year. They requested a trial date the year after.
7 So --
8     THE COURT: But you said you would be in a position to
9 disclose your experts this year.
10     MR. ONGARO: Oh, yes, Your Honor.
11     THE COURT: So can't you -- and, in fact, that's kind of
12 critical to any resolution. So -- who's recommending expert
13 disclosures a year from now?
14     MS. PIPKIN: That's the Defendants, Your Honor.
15     THE COURT: Why?
16     MS. PIPKIN: We just think we're going to need some time
17 to get the discovery and understand what the Plaintiff's damages
18 model is and then line up an expert that's appropriate to speak to
19 that model. We're talking about a case where --
20     THE COURT: Well, all right. But they said that they
21 can do it in 30 days, so why would I give you a year?
22     MS. PIPKIN: Well, that's the first I've heard of 30
23 days, Your Honor. I understand -- the initial disclosures
24 themselves are extremely vague, and so I'm really surprised to
25 hear the Plaintiffs say that they are going to have an expert who

1  in 30 days can speak to the damages because the disclosures are
2  woefully inadequate.
3          MR. ONGARO: Well, I don't think the disclosures are
4  inadequate. The damages are the special, consequential, and
5  punitive damages that we've alleged. And, yes, would the
6  consequential damages be subject to expert opinion? Of course
7  they will.
8          THE COURT: When can you get your damages expert reports
9  out?
10         MR. ONGARO: The reports themselves -- well, Mr. Burtt,
11 what do you think? -- June 1st?
12         MR. BURTT: I hesitate to commit to that -- that quickly
13 -- maybe July. It's going to require an analysis of significant
14 third party --
15         THE COURT: What did you say you could get out in 30
16 days?
17         MR. ONGARO: Well, I think you're -- I'm not sure what
18 you're referring to, Your Honor. I apologize.
19         THE COURT: I thought just in this conference, you --
20 when I was asking about settlement -- you said you could get your
21 expert report out in 30 -- in about 30 days.
22         MR. ONGARO: I think we'd need a little more time than
23 30 days, Your Honor. I thought just -- I thought you were talking
24 about simple disclosure of experts.
25         MR. BURTT: That was my interpretation as well.

```
 1                THE COURT:  All right.  You said July 1st?
 2                MR. ONGARO:  Yes, Your Honor.
 3                THE COURT:  All right.  So expert reports by July 1st.
 4   Are you expecting anything other than damages for purposes of
 5   experts?
 6                MR. ONGARO:  I do not believe so at this time, Your
 7   Honor.
 8                THE COURT:  All right.  Once you get that, Ms. Pipkin,
 9   30 days to respond?  Is that --
10                MS. PIPKIN:  I -- that may work, Your Honor.  There's a
11   significant amount of third party discovery that may have to
12   occur, so we will do our best.  But depending on what the
13   Plaintiff is relying on, we may need the opportunity to do
14   additional third party discovery.
15                THE COURT:  All right.  Rebuttal reports, August 12th.
16   There are only going to be two experts, so expert discovery cutoff
17   September 2nd is fine -- '22, not '23.
18        Other than -- and you've been litigating these things, so is
19   there -- how much non-expert discovery -- can you finish it off by
20   next September?
21                MR. ONGARO:  If they produce witnesses for deposition,
22   yes, Your Honor.
23                MS. PIPKIN:  Your Honor, you're referring to September
24   of 2022?
25                THE COURT:  I am.
```

1     MS. PIPKIN:  I think it's probably going to take a
2 little more time, Your Honor, because of the third party issues.
3     THE COURT:  What third party issues?
4     MS. PIPKIN:  The damages model, as Mr. -- as best I
5 understand it -- that Mr. Ongaro referred to has to do with
6 consequential damages and it has to do with the sale of an entity
7 that Plaintiff had a stake in to a third party.  And there were a
8 number of bankers and other individuals involved with this, and it
9 sounds like Plaintiff -- I don't know exactly what Plaintiff is
10 trying to do here, but it sounds like Plaintiff is probably going
11 to try to bring in evidence from the ultimate buyer of the equity
12 interest in the entity, which Plaintiff has said is a $1.6 billion
13 deal.
14   So we just anticipate that it's going to take a while to get
15 information from these third party entities.
16     THE COURT:  Okay.  I'll amend this.  So what I'll do is
17 non-expert discovery cutoff, September 9th.  The rebuttal reports
18 then won't be due until September 30th so you can process all of
19 that and you'll have a couple months to see what follow-up
20 discovery you need to do.
21     MS. PIPKIN:  Thank you, Your Honor.
22     THE COURT:  So then the expert discovery cutoff will be
23 October -- we'll give you October 21st.
24   All right.  Then dispositive motions need to be filed by
25 November 14th.

 1     And then just a reminder, we have to have a summary judgment
 2  conference.  Given that this is leading up to the -- there will be
 3  holidays, we'll figure out an appropriate briefing schedule at the
 4  conference.  All right.  So make sure that you get on my calendar
 5  before the 14th so you don't miss your deadline.
 6              MS. PIPKIN:  Will do, Your Honor.
 7              THE COURT:  In terms of my schedule, I can't get you out
 8  until May 1st, so trial date is May 1st, 2023.  With a May 1st
 9  trial date, your pretrial conference will be April 14th.  Your
10  pretrial statements are due March 31st, which include all your
11  trial findings.  You'll be placed on a compliance calendar for
12  March 24th.  I don't expect to see you.  What I expect is that
13  five business days prior, which will be March 17th, you'll file a
14  joint statement indicating that you've read my standing order on
15  trials, you are complying, and there are no issues.  If there are
16  issues, that's when I need to know so that I can get you on the
17  phone and we can take care of them so that we stay on track for
18  the trial time.  And that will give -- give enough time to get a
19  ruling out and for you all to digest it, etc.
20     Okay.  So last day to complete ADR will be January 31st,
21  2023.  No amendment of pleadings without good cause and only upon
22  motion.
23     I'll put you back on my calendar for case management
24  conference around the time you should be thinking about filing
25  your summary judgment motions -- October 31st at 2:00 p.m.

1  Reminder to file an updated case management statement and let me
2  know how things are going.  If I don't need to talk to you, I will
3  take that off calendar.
4       If you're filing your letters, I'll take it off calendar and
5  we will just do the summary judgment conference.
6       Make sure you've read my standing order with respect to
7  expert witnesses and their reports.  The reports have -- there's
8  a specific format that I use, including you have to number all
9  your paragraphs, you have to have an executive summary up front
10 that identifies all the actual opinions.  I do that because the
11 Daubert dates are the same as dispositive motions.  And it has
12 happened in the past that civil litigators will file motions to
13 strike the hearsay from the expert reports, not knowing that, one,
14 expert reports never come into evidence at trial; two, experts can
15 rely on hearsay, so there's no point in striking it.  The point is
16 to advise the other side what they're relying on.  And so the
17 question is do the opinions have a foundation.  And to make sure
18 that everybody's on the same page as to the opinions and make sure
19 that they are identified specifically up front, those are the
20 things that should be attacked to the extent you can attack them.
21 Okay.  So make sure that you follow those -- those rules.
22      Do you have any questions?  Oh, wait.  With respect to ADR,
23 I'll refer you to private ADR.  You've already been referred to
24 Magistrate Judge Kim for your discovery disputes so, to the extent
25 there are any, those go in front of her.

1  Any other questions?
2  MS. PIPKIN: No, Your Honor.
3  MR. ONGARO: I don't think so, Your Honor.
4  THE COURT: All right. Okay. Good enough. Everybody
5  stay safe. Good luck. Thank you.
6  MS. PIPKIN: Okay. You, too.
7  MR. ONGARO: Thank you, Your Honor.
8  MS. PIPKIN: Thank you, Your Honor, and good to see you.
9  THE COURT: You, too.
10  (Proceedings adjourned at 2:17 p.m.)
11
12  I, Peggy Schuerger, certify that the foregoing is a
13  correct transcript from the official electronic sound recording
14  provided to me of the proceedings in the above-entitled matter.
15
16  _____          March 30, 2022
    Signature of Approved Transcriber         Date
17
    Peggy Schuerger
18  **Ad Hoc Reporting**
    Approved Transcription Provider
19  for the U.S. District Court,
    Northern District of California
20
21
22
23
24
25