ELIZABETH PIPKIN (243611)
MARWA ELZANKALY (206658)
TRINITY TAYLOR (310947)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: epipkin@mcmanislaw.com

Attorneys for Defendants,
ZHONGLI SCIENCE AND
TECHNOLOGY GROUP CO., LTD.,
SUZHOU TALESUN SOLAR
TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC<br><br>Plaintiff,<br><br>vs.<br><br>ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation; and DOES 1 through 5, inclusive.<br><br>Defendants. | Case No.: 4:19-CV-04243-YGR<br><br>**REQUEST FOR TELEPHONIC CONFERENCE; DECLARATION OF MARWA ELZANKALY** |

Defendants, Zhongli Science and Technology Group Co., Ltd. ("Zhongli") and Suzhou Talesun Solar Technology Co. Ltd. ("Suzhou") (collectively "defendants"), hereby request a telephonic conference pursuant to the Court's Standing Order, regarding the failure of plaintiff, Martifer-Silverado Fund I, LLC ("plaintiff"), to provide its portion of defendants' joint discovery letters, or timely respond to defendants' meet and confer efforts, regarding: 1) Plaintiff's failure to commit to a date certain for the deposition of Hans Isern after more than three months of defendants' efforts to meet and confer; and 2) Plaintiff's continued failure to properly respond to defendants' first set of document requests, served almost four months ago, or complete its document production.

### I. This Court Should Set a Telephonic Conference for Plaintiff to Commit to a Reasonable Date Certain for the Deposition of Hans Isern Both as an Individual and as Plaintiff's Person Most Knowledgeable.

As set forth in the foregoing Declaration of Marwa Elzankaly, defendants began meeting and conferring with plaintiff on April 5, 2022, to set the depositions of plaintiff and its three principals. After months of defendants' continuous efforts, the parties have only set the depositions of two of the three principals, to be deposed both in their individual capacities and as plaintiff's 30(b)(6) deposition witnesses. Moreover, plaintiff also is just now, three months later, taking the position that defendants should not be allowed to ask questions previously asked of these deponents in a <u>separate</u> action, filed against a <u>different</u> party, based on a <u>different</u> claim ("the State Court Action"). Finally, plaintiff has now indicated that it will not produce documents responsive to the corresponding document requests served on its three principals as responsive documents have already been produced in response to defendants' first set of document requests. Not only does plaintiff have no basis for its demand that defendants here limit their depositions based on what was done in the State Court Action, but plaintiff should have raised this issue months ago. Defendants sent plaintiff a joint discovery letter on June 27, 2022. Plaintiff has refused to provide its portion of the joint letter. Although the parties had another meet and confer call on July 7 during which the parties agreed on most terms for the depositions, plaintiff still has not provided dates for Isern's deposition, and plaintiff's counsel

noted he is not available until the end of August, almost two months from now and almost five months since defendants first requested deposition dates. Defendants ask this Court to schedule a telephonic conference, at which plaintiff must: a) agree to a reasonable date for Isern's deposition; and b) agree to any additional applicable terms for all of the depositions.

**II.      This Court Should Set a Deadline for the Parties to Exchange and Submit a Joint Discovery Letter With Respect to Plaintiff's Response to Defendants' First Set of Requests for Documents and Plaintiff's Document Production.**

As set forth in the foregoing Declaration of Marwa Elzankaly, plaintiff has similarly refused to timely provide adequate responses to defendants' document requests, or properly produce documents. Defendants served their requests on March 16, 2022, seeking documents directly relevant to plaintiff's claims and its alleged damages. After granting plaintiff an extension of time, plaintiff responded to defendants' requests on April 29, 2022, but did not produce any documents. In response to Requests Nos. 11-15, 24-31, 34, 37-46, and 86-104, plaintiff served only objections, and did not agree to produce any documents.

The parties met and conferred on May 17, 2022. Plaintiff amended its responses on or around June 3, 2022, but it did not change its position with respect to the aforementioned objection-only responses. In connection with the remaining requests, Plaintiff agreed to produce documents, but did not do so until June 15, 2022 and July 6, 2022. Plaintiff's document production is not adequate, however, because plaintiff has indicated that it simply reproduced documents it had produced in the State Court Action, rather than searching for and producing documents responsive to defendants' requests in this action. To date, plaintiff has also not "confirm[ed] in writing that [it] ha[s] produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist," nor has it indicated which requests the documents it has produced were in response to, which it had agreed to do. Finally, plaintiff has not produced a privilege log noting any documents withheld.

On June 30, 2022--after almost four months since defendants served their requests, and almost two months of meet and confer efforts--defendants sent plaintiff their portion of a joint discovery letter. To date, plaintiff has not provided its portion of the joint letter, instead claiming

many of the issues have been resolved. None of these issues have been resolved, however, and defendants' efforts at reaching a resolution have not been fruitful.

Defendants have already had to seek a continuance of the Court's pre-trial deadlines given plaintiff's delay. Defendants can wait no longer. Even with the Court's extended deadlines, defendants are out of time as they need this discovery and depositions before upcoming expert and fact discovery deadlines. Thus, defendants respectfully ask this Court to set a deadline for the parties to exchange and submit a joint discovery letter, so that the Court may adjudicate these issues. The first deposition is set for July 25 and defendants need to resolve these issues and obtain any additional document production before then.

DATED: July 7, 2022                                   McMANIS FAULKNER

                                                      /s/ Marwa Elzankaly
                                                      MARWA ELZANKALY

                                                      Attorneys for Defendants

## DECLARATION OF MARWA ELZANKALY

I, Marwa Elzankaly, declare:

1. I am an attorney at law licensed to practice before all courts of the State of California and am admitted to the United States District Court for the Northern District of California. I am Of Counsel to McManis Faulkner, counsel of record for defendants, Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun Solar Technology Co., Ltd. (collectively "defendants"). I am co-lead counsel for the above-captioned matter. I submit this declaration in support of Defendants' Request for a Telephonic Conference. This declaration is based upon my own personal knowledge. If called as a witness to testify to the matters asserted, I could testify competently.

## DEFENDANTS' DEPOSITION NOTICES TO PLAINTIFF

2. Since April 5, 2022, defendants have been attempting to schedule the depositions of plaintiff, Martifer-Silverado Fund I, LLC, ("plaintiff's"), Person Most Knowledgeable and its three principals: Jim Howell, John Cheney and Hans Isern. My office emailed counsel for plaintiff to inquire about availability on April 5 and 14, with no response. On April 21 and 22,

2022, my office served deposition notices to Messrs. Howell, Cheney, and Isern, as well as plaintiff, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Defendants' deposition notices to Isern, Howell and Cheney included requests for documents. On April 22, 2022, my office emailed counsel for plaintiff asking that if the noticed deposition dates do not work, that plaintiff provide alternative dates. My office also requested a time to meet and confer regarding the Rule 30(b)(6) deposition topics. Counsel did not initially respond.

3. On May 10, 2022, plaintiff informed my office that the deponents were not available on the dates noticed, but did not provide alternative dates. The parties met and conferred via Zoom on May 17, 2022. Although counsel for plaintiff agreed to provide deposition dates, it did not do so despite email reminders from my office on May 19 and June 2, 2022. Instead, on June 8, plaintiff's counsel offered July 27 for the deposition of Mr. Isern, which was well after the then existing July 1 deadline for expert reports. Defendants told plaintiff that date did not work given the looming pre-trial deadlines, and asked plaintiff to stipulate to an extension of the expert deadline. Plaintiff's counsel, however, did not respond.

4. On June 27, 2022, defendants sent plaintiff their draft joint discovery letter requesting plaintiff and its principals be compelled to agree to dates certain and appear for their depositions. Plaintiff has not provided its portion of this discovery letter. Instead, on June 28, 2022, plaintiff's counsel finally provided dates for the depositions of Howell and Cheney. That same day, defendants confirmed those dates and requested dates for Isern and plaintiff's PMK.

5. On July 1, 2022, counsel for plaintiff responded, claiming to have already provided dates for Isern. Plaintiff, however, had provided a single date for Isern (July 27), which is now the date set for Mr. Cheney. In the July 1 email, plaintiff, for the first time, asserted that the topics identified in defendants' Rule 30(b)(6) deposition notice, could be covered by any one of the three principals during their respective deposition, and plaintiff will subsequently let defendants know who will be speaking to which topic. Moreover, plaintiff took the position that the deponents will not be permitted to answer questions previously asked in a <u>separate</u> action filed by plaintiff in a different court, against a <u>different</u> party ("the State Court Action").

6. The parties engaged in a further meet and confer discussion on July 7, 2022. The

parties agreed that: a) John Cheney, Jim Howell, and Hans Isern will be deposed in both their individual capacities and as persons designated by plaintiff in response to defendants' 30(b)(6) deposition notice; b) Plaintiff will provide defendants with the deposition topics that each one will be testifying about by Friday, July 15; and c) Since they are being deposed as both individuals and 30(b)(6) deponents, defendants may depose each one for up to 14 hours. Plaintiff confirmed that Cheney, Howell, and Isern will not be producing any additional documents at their depositions, as they claim that all responsive documents have been produced in response to defendants' first set of document requests. Defendants note, however, that plaintiff continues to object to the production of the three principles' financial records pertaining to their compensation from the Fir Tree deal, an issue defendants wish to adjudicate with this Court. Finally, defendants informed plaintiff they believe they are entitled to take complete depositions, and will not limit these depositions based on depositions taken in the state court action, which were taken on behalf of a different defendant and based on different issues.

7. To date, defendants do not have a confirmed deposition for Mr. Isern. Although counsel for plaintiff represented that he will provide defendants with a proposed date, he stated it will be at the end of August, which is unacceptable given defendants served the deposition notice on Isern in April, and the parties' deadline to produce expert reports is September 30, 2022.

## DEFENDANTS' REQUESTS FOR DOCUMENTS, SET ONE

8. On March 16, 2022, defendants served plaintiff with their first set of requests for production of documents. In response, plaintiff requested an extension of time to respond to the requests, which defendants granted based upon plaintiff's representation that it would serve substantive responses and promptly produce responsive documents.

9. On April 29, 2022, plaintiff served its Objections and Responses to Defendants' First Set of Requests for Production of Documents to Martifer-Silverado Fund I, LLC. Plaintiff did not produce any documents with its response. In response to Requests Nos. 11-15, 24-31, 34, 37-46, and 86-104, Plaintiff served only objections, and did not agree to produce any documents. With respect to the rest of the requests, plaintiff declined to state the "extent to which it will produce materials," or to "promptly after the production, confirm in writing that

they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist," as required by this Court's Standing Order. Finally, although plaintiff asserted a number of objections based on the attorney-client privilege and the attorney work product doctrine, plaintiff did not provide a privilege log.

10. On May 12, 2022, defendants sent plaintiff a detailed meet and confer letter. Defendants asked that plaintiff: a) agree to produce documents responsive to the requests to which plaintiff served pure objections; b) serve responses that comply with the Federal Rules of Civil Procedure and this Court's Standing Order, and indicate to what extent documents are being produced and whether responsive documents are being withheld; and c) produce a privilege log of documents withheld as privileged.

11. On May 17, 2022, the parties met and conferred via Zoom, regarding plaintiff's responses. Plaintiff agreed to amend its responses and stated that the only requests to which it objects to producing documents are a few requests seeking financial information pertaining to plaintiff's three principals. Plaintiff also agreed to serve responses to comply with this Court's standing orders and indicate to what extent documents are being withheld.

12. The parties exchanged emails confirming their discussions on May 19, May 24, and June 2, 2022. Plaintiff agreed to produce documents by June 3. Rather than search for and produce documents responsive to defendants' requests, however, plaintiff stated it would simply reproduce the documents it produced in the State Court Action. Defendants responded plaintiff is required to search for and produce documents requested by these defendants in this action and clearly identify which documents respond to which requests. Plaintiff's counsel did not respond.

13. On June 3, 2022, plaintiff served amended responses, but did not remedy any of the flaws in its initial responses, nor did it withdraw its objections. Plaintiff finally produced documents on June 15, 2022, after additional follow up by my office. To date, however, plaintiff has not "confirm[ed] in writing that [it] ha[s] produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist," pursuant to this Court's Standing Order, and nor has it indicated which requests the documents it has produced were in response to. Plaintiff also has not produced any privilege log.

14. On June 30, 2022, my office sent counsel for plaintiff a draft joint letter regarding the deficiencies in plaintiff's initial and amended responses. We asked plaintiff's counsel to provide its section of the joint letter by July 1, 2022. Plaintiff did not provide a response. Instead, plaintiff emailed my office on July 1 claiming most of the issues have already been resolved. Plaintiff stated it would provide its section of the joint letter by July 5 and would like to schedule another call that week to further discuss. Plaintiff, however, did not do so. On July 6, plaintiff produced additional documents but did not confirm that it had produced all responsive documents. Plaintiff also noted that its production was of the documents produced in the State Court Action, indicating again that plaintiff is not separately searching for and producing documents responsive to defendants' requests in this case.

## **TRIAL AND PRE-TRIAL SCHEDULE**

15. On March 28, 2022, the Court issued its Case Management Order, setting this action for trial on May 1, 2023. The Court initially set July 1, 2022, as the parties' deadline to disclose expert witness reports, and September 9, 2022, as the parties' deadline to complete written discovery. Because of plaintiff's delays in responding to discovery, or setting any depositions, on June 17, 2022, defendants filed a motion to extend some of the court's pre-trial deadlines. The Court granted defendants' request, including extending the deadline to disclose expert reports to September 30, 2022, and the deadline to complete fact discovery to November 14, 2022. The May 1, 2022 trial date remains the same.

16. Our office is available for a telephonic conference on July 15, between 9 a.m. to 12 noon, or July 18 or 19, at any time. Plaintiff's counsel has indicated he is available on July 15, 18 and 19, but did not provide us with specific times for his availability.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: July 7, 2022

/s/ *Marwa Elzankaly*
MARWA ELZANKALY

8
REQUEST FOR TELEPHONIC CONFERENCE; ELZANKALY DECLARATION
Case No.: 4:19-CV-04243-YGR