DAVID R. ONGARO
State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES
State Bar No. 269270
cjames@ongaropc.com
HEATHER L. CAUGHRON
State Bar No. 289537
hcaughron@ongaropc.com
**ONGARO PC**
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC, | Case No. 4:19-CV-04243-YGR |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR TELEPHONIC CONFERENCE** |
| v. | |
| ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation; and DOES 1 through 5, inclusive, | |
| Defendants. | |

I. **Introduction**

Plaintiff Martifer-Silverado Fund I, LLC ("Plaintiff") hereby responds to the Request for Telephonic Conference ("Request") filed by defendants Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun Solar Technology Co., Ltd. (together, "Defendants") in this action on July 7, 2022 (ECF No. 103).

As explained below, Defendants' own Request and supporting declaration clearly demonstrate that, prior to filing their Request, Defendants did not properly meet and confer or participate in the joint letter process required by this Court's Standing Order, and that their Request is therefore improper and unauthorized.

By way of background, Defendants' attempt to skip directly to a telephonic conference should be understood against the backdrop of Defendants' other discovery conduct in this matter. Defendants insist that the Federal Rules of Civil Procedure do not apply to them and that they need not provide any discovery at all.[1] Defendants have refused to provide *any discovery whatsoever* in this matter – no documents, no responses to interrogatories, no responses to requests for admission, and no depositions – based on the Hague Evidence Convention, while also refusing to provide *any facts* that would demonstrate that the Convention applies in the first instance.[2]

---

[1] Defendants' refusal to respond to discovery will be addressed by a joint letter brief filed by the parties shortly. Plaintiff provided its portion of this brief to Defendants on July 8, 2022, and requested that Defendants provide their portion by July 15, 2022.

[2] Despite months of requests for facts substantiating their Hague Convention objection, Defendants refuse to state whether responsive documents even exist, and, if they do, the countries or locations where the documents are stored; the format – electronic or hard copy – of the documents; or whether the documents, if in electronic form, can be accessed from the United States or by Defendants' subsidiaries throughout the world. Defendants state only that their headquarters are in China and that, *if* they conduct further investigation, *they may* be able uncover facts supporting the applicability of the Hague Convention. No authority provides that merely maintaining headquarters in a foreign country frees Defendants from their obligations under the Federal Rules, and this Court itself has held otherwise. *See, Sun Grp. U.S.A. Harmony City, Inc. v. CRRC Corp. Ltd*., 2019 WL 6134958, at *5 (N.D. Cal. Nov. 19, 2019) (Kim, J.). Nevertheless, Defendants have refused all discovery for nearly a year on this basis.

While refusing to provide any discovery themselves, Defendants simultaneously insist that Plaintiff – who has provided Defendants with deposition dates for its witnesses and topics for 30(b)(6) depositions, served responses and amended responses to written discovery, and produced thousands of documents on multiple occasions – is somehow not abiding by its discovery obligations.  More audacious still, Defendants indicate that they are preparing summary judgment motions, thus demonstrating that their attorneys likely possess the documents they refuse to produce to Plaintiff but intend to use them for offensive purposes only.

With the present Request, however, Defendants go even further.  Defendants did not abide by this Court's Standing Order, which requires a meet and confer conference and a joint discovery letter within five days of such conference, and instead jumped directly to a request for a telephonic conference in an attempt to obtain a Court order on discovery matters without permitting Plaintiff to properly brief the issues.

Accordingly, Plaintiff respectfully requests the Court to deny the telephonic conference improperly requested by Defendants, and to direct Defendants to abide by the Court's Standing Order.  Alternatively, if the Court is inclined to hold a telephonic conference, Plaintiff respectfully requests leave of the Court to fully brief these issues.

**II.     Defendants Did Not Properly Meet and Confer on the Deposition Issues Raised in their Request, and Did Not Attempt to Address those Issues in a Joint Letter Brief**

With respect to deposition issues, Defendants' Request is a misleading attempt to bypass the requirements of this Court's Standing Order.  That Order plainly requires a party requesting a telephonic conference to "meet and confer in person, or telephonically if an in-person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s)."  If the disputed matters are not resolved at the conference, the requesting party must then provide the other party with a joint letter brief "within five (5) business days" of the conference.  Here, as Defendants' own supporting declaration makes clear, Defendant did not abide by these requirements.

First, Defendants acknowledge that the parties conducted a meet and conference to discuss deposition issues on May 17, 2022.  *See,* Elzankaly Dec. ¶¶ 3, 11.  Defendants then

acknowledge, however, that they did not circulate a joint letter brief on deposition matters until June 27, 2022, more than a month later. *See, id.* ¶ 4. Defendants do not claim that they attempted to arrange another meet and confer conference prior to sending their June 27 letter. *Id.* Instead, Defendants simply sent their letter and demanded a response in less than 48 hours. *Id.* Defendants thus failed to properly meet and confer prior to sending their June 27 letter.

Second, even if they had properly met and conferred, the joint letter sent by Defendants on June 27 does not address the deposition issues raised in Defendants' current Request, and their claim that Plaintiff failed to respond to a letter raising these issues is grossly misleading. *See,* Exhibit 1 (June 27 Draft Letter Brief). Defendants' June 27 letter addresses only the deposition dates of Mr. Howell, Mr. Cheney, and Plaintiff's 30(b)(6) witnesses. *See, id.* Defendants' own Declaration acknowledges that the deposition dates of Mr. Howell and Mr. Cheney were resolved the day after Defendants sent their letter. *See,* Elzankaly Dec. ¶¶ 4. Thus, even if Defendants had properly met and conferred prior to sending their letter, that letter does not address the issues currently before the Court, and Defendants therefore failed to abide by the Standing Order's joint letter requirement prior to filing the present Request.

Defendants also attempt to mislead the Court on the issue of Mr. Isern's deposition. Defendants' Request states that Plaintiff "has not provided dates for Isern's deposition." Defendants imply that they raised this issue in their June 27 letter, but that Plaintiff failed to respond. This is patently false. Defendants' June 27 letter does not address Mr. Isern's deposition at all, except to acknowledge that, at the time it was written, Plaintiff had already provided a date for the deposition. *See,* Exhibit 1 at 2. The parties later agreed to depose another person on this date, and Plaintiff has informed Defendants, as they acknowledge, that Mr. Isern is available for deposition in August. *See,* Request at 2:27-3:3; Elzankaly Dec. ¶¶ 4-5. Defendants may be dissatisfied with these developments, but, contrary to their claims, they have never asked Plaintiff to address them in a joint letter brief. Defendants therefore failed to abide by the joint letter requirement with respect to this issue prior to filing their Request.

Similarly, Defendants imply that the question of Plaintiff's principals re-answering questions, asked by the same attorneys representing Defendants here in a previous case covering

the same transactions, is included in Defendants' June 27 letter brief. This is also false. This issue is not addressed in Defendants' June 27 letter (*see,* Exhibit 1), and Defendants' declaration itself acknowledges that this issue was not raised by Plaintiff until July 1, 2022. *See,* Elzankaly Dec. ¶ 5. Defendants therefore failed to abide by the joint letter requirement with respect to this issue prior to filing the present Request.

Similarly, Defendants' Request asks this Court to address the question of Plaintiff re-producing documents in connection with depositions that Plaintiff has already produced in response to document demands. Yet again, this question is not raised in Defendants' June 27 letter (*see,* Exhibit 1), and Defendants' insinuation that Plaintiff somehow failed to respond is another falsehood.

In sum, Defendants did not properly meet and confer or attempt to address the issues now before the Court in a joint letter brief as required by this Court's Standing Order, and they should be directed to do so before requesting a telephonic conference.

### III. Defendants also Failed to Abide by this Court's Standing Order with Respect to the other Matters Addressed in their Request

Defendants also failed to abide by this Court's Standing Order with respect to the document request and document production issues raised in their Request.

Defendants circulated a purported joint letter brief on document issues on June 30, 2022, insisting that Plaintiff reply in a single day. *See,* Elzankaly Dec. ¶ 14. As with their first joint letter brief, served only three days before, however, Defendants failed to properly meet and confer in advance of sending this letter. Again, Defendants acknowledge that, prior to sending their June 30 letter, the parties engaged in a single meet and confer conference on May 17, 2022. *See, id*. ¶¶ 3, 11. Defendants also acknowledge that after that conference, Plaintiff served amended responses and produced additional documents. *See, id*. ¶ 13. As Defendants' declaration makes clear, however, the parties did not meet and confer on these issues after May 17, and Defendants made no attempt to conduct a meet and confer conference within five days of sending their June 30 letter as required by this Court's Standing Order. *See, id*. ¶¶ 11-14.

Aside from their failure to meet and confer, Defendants' June 30 letter was also improper because it was served on top of another putative joint letter brief served only three days before. This Court's Standing Order requires Defendants to address disputed discovery issues in a single letter; it does not authorize Defendants to bombard Plaintiff with multiple letters purporting to address different issues (again, all without even attempting to properly meet and confer). *See,* Standing Order at 4 (authorizing "*an* appropriate letter," "*a* joint letter," and "*a* jointly signed letter") (emphasis added). Defendants' June 30 letter was therefore entirely inappropriate. Defendants were not entitled to serve a second letter while Plaintiff was still attempting to address (successfully as it turns out) the issues raised in Defendants' letter of only 3 days before. The facts that Defendants did not meet and confer; sent multiple, improper letters; and demanded a response in a single day, demonstrate that Defendants had no interest in a good-faith effort to resolve outstanding issues, or in a thoughtful or productive discussion of those issues.

As the foregoing demonstrates, Defendants completely failed to abide by the requirements of this Court's Standing Order before filing their Request for Telephonic Conference. Accordingly, Plaintiff respectfully requests the Court to deny the conference requested by Defendants, and to direct Defendants to abide by the Court's Standing Order. Alternatively, if the Court is inclined to hold a telephonic conference, Plaintiff respectfully requests leave of the Court to fully brief these issues.

Respectfully submitted,

DATED: July 10, 2022                                ONGARO PC

                                                    By: *Carey A. James*
                                                    Carey A. James

                                                    Attorneys for Plaintiff,
                                                    MARTIFER-SILVERADO FUND I, LLC