DAVID R. ONGARO
State Bar No. 154698
dongaro@ongaropc.com
CAREY A. JAMES
State Bar No. 269270
cjames@ongaropc.com
HEATHER L. CAUGHRON
State Bar No. 289537
hcaughron@ongaropc.com
**ONGARO PC**
1604 Union Street
San Francisco, CA 94123
Telephone: (415) 433-3900

DAVID R. BURTT
State Bar No. 201220
dburtt@mobilitylegal.com
**MOBILITY LEGAL P.C.**
3464 Arivaca Ct.
Reno, NV 89511
Telephone: (510) 208-1909

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC,<br><br>    Plaintiff,<br>v.<br><br>ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation; and DOES 1 through 5, inclusive,<br><br>    Defendants. | Case No. 4:19-CV-04243-YGR<br><br>**PLAINTIFF'S LETTER BRIEF IN RESPONSE TO JULY 18, 2022 TELEPHONIC CONFERNCE** |

1  Pursuant to this Court's order, Plaintiff Martifer-Silverado Fund I, LLC ("MSF") submits
2  this letter brief addressing the open discovery issues remaining from the parties' July 18, 2022
3  meet and confer call.  At the conclusion of this call, Defendants confirmed that the issues
4  described below are the only outstanding issues, and that no other issues remain in dispute.

**I.     Production of Documents**

6  Defendants are a billion-dollar tech conglomerate traded on the Shenzhen stock exchange
7  with ties to the Chinese government.  Throughout this litigation (and the preceding state court
8  case), Defendants have taken every opportunity to drive-up litigation costs in the hope of
9  financially exhausting MSF.  Part of this strategy has been the deliberate manufacture of
10 discovery disputes where none exist.  As demonstrated below, many of the "issues" raised by
11 Defendants are non-existent or have been fully resolved, and can only be interpreted as attempts
12 to make this litigation as costly and time-consuming as possible.

**A.     MSF Has Produced All Non-Privileged Responsive Documents**

14 MSF has produced more than 78,000 pages of documents in this case (Defendants have
15 produced no documents).  Aside from documents relating to the personal financial information of
16 MSF's principals, discussed below, all non-privileged documents responsive to Defendants'
17 document requests have been produced.

18 Creating an issue where none exists, however, Defendants assert that "plaintiff has
19 indicated that it simply reproduced documents it had produced in the State Court Action, rather
20 than searching for and producing documents responsive to defendants' requests in this action."
21 This is simply untrue.  MSF no longer has access to its corporate servers, which were acquired
22 by FTP/sPower in 2013.  MSF produced all responsive documents and communications still in
23 its possession in the preceding state court matter.  MSF then re-produced these documents in this
24 case because they are responsive to Defendants' requests and because Defendants explicitly
25 requested their re-production.  MSF has no further documents in its possession, custody, pr
26 control.

27  Fully informed of these facts, Defendants served a third-party subpoena on FTP for
28 documents, including those on MSF's server.  This subpoena includes 62 document requests

mirroring those already served on MSF. Defendants' insistence that this issue has not been resolved with Plaintiff is simple obfuscation.

### B.     All Emails Have Been Produced

MSF has also complied with its discovery obligations with respect to emails. MSF has produced all responsive emails – more than 50,000 pages of documents. These emails were obtained from the email accounts of MSF's principals at Silverado Power, LLC ("Silverado").[1] In 2013, FTP/sPower acquired MSF's portfolio and assets. Pursuant to an agreement with Defendants' attorneys in the preceding state court action, MSF transferred all responsive emails and documents to an independent Gmail account and associated Google Drive, created as document repositories, and provided Defendants' counsel with login information and full access to that account that continues through the present day. Following the FTP/sPower acquisition and integration, the principals lost access to their email accounts, and MSF's server was transferred to FTP/sPower. To the extent additional, responsive emails exist, therefore, they are in this third-party's possession. Defendants are aware of this fact.

Defense counsel recently completed a 12-day bench trial in the related state court case using the documents from the Gmail and Google Drive repositories. Despite their ongoing possession of these documents, however, Defendants insisted that MSF re-produce the same documents in this case. MSF complied and has no further emails to produce. Defendants know this, but continue to argue this issue out of simple obscurantism.

Defendants also insist on production of the emails in formats they prescribe. Plaintiff has now provided these emails twice: by the shared repositories and by re-production. MSF no longer has access to the original email accounts and cannot go back to those accounts to obtain the emails in yet another format. Again, Defendants are aware of these facts. Nevertheless, in the interests of comity, Plaintiff is looking into the possibility of reformatting the emails and producing them again.

---

[1] MSF is a joint venture between Martifer Solar USA and Silverado Power, LLC.

Plaintiff has also agreed to reproduce emails identified by Defendants as being "corrupted" by the inclusion of a "diamond shape with a question mark" amidst some of the text.

### C. The Principals' Personal Financial Information

The only non-privileged documents MSF has not produced relate to the wages and bonuses earned by the MSF's principals for work they performed after the FTP acquisition. This case is premised on the destruction of MSF's value caused by Defendants' fraud. The principals' wages subsequent to the sale of MSF are not relevant and comprise private financial information.

The right to privacy "extends to one's personal financial information," and "is an inalienable right guaranteed under the California Constitution." *In re Marriage of Burkle*, 135 Cal. App. 4th 1045, 1063 (2006); *see also, San Diego Cnty. Emps. Ret. Assn. v. Superior Ct.*, 196 Cal. App. 4th 1228, 1242 (2011); *SCC Acquisitions, Inc. v. Superior Ct.*, 243 Cal. App. 4th 741, 754 (2015).[2] In determining whether such information should be produced, courts balance the right of privacy against the need for discovery. *See, Whittall v. Henry Schein, Inc.,* 2006 WL 902571, at *4 (E.D. Cal. Apr. 5, 2006). "Even where the balance weighs in favor of disclosure … such an invasion of the right of privacy … is permitted only to the extent necessary for a fair resolution of the lawsuit." *Id*.

Here, the principals' financial information is unnecessary for the resolution of this case, and Defendants have articulated no basis for requesting this information. In the state court case, Defendants' counsel argued that the principals' post-acquisition wages or deal proceeds somehow reduced the damages caused by Defendants, but Judge Karnow rejected this argument and awarded $34,413,831.14 to MSF, with no mitigation, for intentional breach of contract.

## II. Deposition Issues

### A. Preservation of Objections

This issue represents another attempt by Defendants to create a discovery controversy where none exists. The deposition dates of MSF's principals have been set. In the state court action, the principals testified extensively in deposition and at trial on the transactions underlying

---

[2] State law govern privilege issues in diversity actions. *See* Federal Rule of Evidence 501.

this case. MSF offered to allow the use of this testimony in this case to avoid duplication of discovery and save costs, but Defendants refused. MSF agreed that Defendants can depose each principal for up to 14 hours, but simply informed Defendants that it will object to any extensive questioning on topics already exhausted during the principals' depositions and trial testimony in the preceding case.[3] At no time has MSF said that the principals will be prohibited from testifying or instructed not to answer. MSF has simply announced its concerns and reserved the right to preserve objections on the record. MSF made this clear to Defendants during the parties' July 18, 2022 call, but Defendants still insist that Court intervention is somehow necessary. MSF has a right to preserve objections at depositions under the Federal Rules, and Defendants' insistence that MSF should be constrained prior to the depositions and before the nature of Defendants' questions is even known is unfounded.

### B. Documents Requested in Deposition Notices

Lastly, Defendants complain that "plaintiff has now indicated that it will not produce documents responsive to the corresponding document requests served on its three principals as responsive documents have already been produced in response to defendants' first set of document requests." This is entirely appropriate. MSF has already produced responsive documents in this case which were in the possession of its principals, and it is not required to reproduce those same documents three more times simply because Defendants included redundant document requests in their individual deposition notices. Such reproduction is not required by the Federal Rules, and would serve no purpose other than further taxing MSF's limited resources.

DATED: July 18, 2022                                    ONGARO PC

                                                        By: *Carey A. James*
                                                        Attorneys for Plaintiff,
                                                        MARTIFER-SILVERADO FUND I, LLC

---

[3] Defendants' decision not to use the exhaustive prior testimony has evidentiary consequences on the use of the prior transcripts at trial in this matter.