July 19, 2022

Magistrate Judge Sallie Kim
U.S. District Court, Northern District of California
450 Golden Gate Avenue, Courtroom C – 15th Floor
San Francisco, CA 94102

      Re:   ***Martifer-Silverado Fund I, LLC v. Zhongli Science and Technology Group Co., Ltd., et al.,* Case No. C-19-4243-YGR**

Dear Judge Kim:

Defendants Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun Solar Technology Co., Ltd. ("Defendants") submit this letter brief pursuant to the Court's order at the July 18, 2022, discovery conference. Shortly after that conference, the parties had a meet-and-confer call and agreed as follows:

- Plaintiff will amend its response to Defendants' first set of document requests **by July 22**, to confirm that it has "produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist," as required by this Court's Standing Order.
- With respect to the requests to which Plaintiff served only objections because it purportedly does not have documents, Plaintiff will amend its response to state that it has not been able to locate responsive documents after a diligent search and reasonable inquiry.
- Plaintiff will re-produce the documents previously produced, so they are in proper electronic format, with load files, to attempt to resolve various issues with their current pdf production, such as text being cut off within various documents. Plaintiff will attempt to do so by Friday, July 22.
- Plaintiff will also produce its Operating Agreement in unredacted form.

The parties, however, were not able to resolve the following issues:

- Plaintiff continues to object to the production of relevant financial information responsive to Defendants' requests for documents Nos. 38-46 and 97-99, and Defendants' document requests served with their deposition notices to Plaintiff's three principles, Jim Howell, John Cheney, and Hans Isern, Nos. 1-13. (Defendants' discovery requests are attached hereto.) Defendants seek to compel the production of responsive documents.
- Although the parties have finally scheduled the depositions of Plaintiff and its three principles, both as individuals and 30(b)(6) deponents for Plaintiff, Plaintiff has declined to postpone the upcoming depositions until the issues with its document production have been resolved. Thus, if Plaintiff does not



- timely reproduce its documents, or if this Court grants Defendants' request to compel responsive documents, Defendants request the Court compel Plaintiff to reschedule the depositions of Howell and Cheney, to sometime in August, after Plaintiff's proper production of all responsive documents.
- Plaintiff also has a pending action for breach of contract against the entity that was a party to these alleged agreements in San Francisco County Superior Court ("the State Court Action"). Plaintiff indicated it will object if Defendants ask questions during depositions that Plaintiff believes were asked in the State Court Action. Defendants submit that Plaintiff's "objections" are unfounded. Further, such objections may coach the witnesses to decline to answer questions and disrupt the depositions. Accordingly, Defendants respectfully request the Court's input on this issue.

## Pertinent Factual Background

After suing two of Defendants' subsidiaries for the exact same alleged injuries, Plaintiff brought this action claiming fraud in the inducement of three alleged agreements pertaining to the 2012-2013 sale of thirty-five (35) of Plaintiff's solar project companies. Defendants were not parties to these agreements. Plaintiff further claims it was induced to incur various expenses in the development of these projects, causing it to incur significant debt and ultimately being forced to sell all of its assets in a "fire sale," to a company called Fir Tree Solar, for minimal value. Through this deal, Plaintiff put its assets into a new entity called FTP Solar LLC, for which Plaintiff and Fir Tree were sole Members. This entity was sold in 2017 for $1.6 billion. Plaintiff claims its share of FTP Solar LLC was mostly diluted by then. Plaintiff now seeks the value of its 2013 assets as damages against Defendants in this action.

This action is set for trial on May 1, 2022. Initial expert disclosures and reports are due on September 30, 2022, and the parties' deadline to complete fact discovery is November 9, 2022.

## Plaintiff Should be Ordered to Produce Documents Responsive to Document Request Nos. 38-46, and 97-99, and Request Nos. 1-13 to Defendants' Deposition Notices Within One Week of The Court's Order

Plaintiff posed nearly identical boilerplate objections to Defendants' requests for documents No. 38-46 and 97-99. Specifically, Plaintiff claims the requests seek information that is: a) protected by the attorney-client privilege or work product doctrine; b) protected by privacy rights; and c) not relevant or within the scope of discovery. Plaintiff also claims the discovery is unduly burdensome and oppressive. Plaintiff did not serve objections to the deposition notices of Isern, Howell, or Cheney, but indicated it will not produce responsive documents to requests 1-13.

Plaintiff's objections are unfounded. One way that bankers structure M&A deals is to accrue benefit to the owners of the acquired entities, such as MS Fund's three owners, Isern, Howell, and Cheney. Through these requests, Defendants seek documents pertaining to the consideration received by Isern, Howell, and Cheney both before, and in the course of, the Fir Tree deal, including their ownership interest in any of the relevant entities. All three received lucrative employment offers from FTP Solar LLC, including salaries, annual bonuses, and a share of the ultimate sale of FTP Solar LLC, which was specifically part of the consideration set forth in Plaintiff's agreement with Fir Tree. This compensation goes directly to whether the Fir Tree deal was in fact disadvantageous. Isern, Howell, and Cheney are also set to personally gain from any recovery in this action, which goes directly to their credibility. Thus, discovery of their compensation in the Fir Tree deal as consideration for the sale of shares and/or assets of the very company that they claim as damages, is directly relevant to the issues in this case. The relevance of the information outweighs any privacy interests of the owners, who chose to file a case putting the consideration that they received for the asset sale directly at issue. *See Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 657 (1975); *see also Britt v. Superior Court,* 20 Cal.3d 844 (1978).

Accordingly, Plaintiff should be compelled to withdraw its meritless objections and produce responsive documents to these requests within one week of this Court's Order.

**If Plaintiff Does Not Timely Amend its Discovery Responses (or Reproduce its Documents), or if This Court Compels the Above Referenced Documents**, **Plaintiff Should be Compelled to Reschedule Howell and Cheney's Depositions**

The parties finally scheduled the depositions of Howell, Cheney, and Isern, in both their individual and representative capacities. Howell is set for July 25 and 26. Cheney is set for July 27 and 28. Isern is set for August 25 and 26. Given the three months it took to schedule these depositions, Defendants are wary of attempting to reschedule without the Court's assistance. However, Defendants are also concerned about being forced to take two of the most important depositions in this case without the benefit of properly produced documents. Plaintiff, after all, produced responsive documents in pdf format without any load files. A number of documents are missing text and at least one important agreement is heavily redacted. Although Plaintiff has agreed to fix this issue and will try to do so by this Friday, Defendants are justifiably skeptical that this will happen because Plaintiff has not followed through on repeated promises in this regard. Moreover, if this Court grants Defendants' request to compel the production of the above-referenced documents pertaining to the consideration received by Howell, Cheney, and Isern, for the Fir Tree transaction, Defendants will need to depose these individuals regarding the content of these documents. Thus, to the extent this Court orders the production of said documents, Defendants request that this Court further order Plaintiff to reschedule the depositions for times in mid-August, or one week after proper production of its documents.

### Plaintiff's Plan to Continuously Object at Depositions That Questions were "Asked and Answered" in the State Court Action

Plaintiff has taken the position that Defendants should not be asking questions asked in the depositions of Isern, Cheney, and Howell taken in the State Court Action, and will be objecting to such questions as "asked and answered." This is a separate action, however, based on separate claims, and against separate parties. Defendants are entitled to complete depositions pertaining to the issues raised by this action. Moreover, limiting depositions to whatever was (or was not) asked in the State Court Action will open the door for constant dispute between the parties during depositions. Defendants object to Plaintiff's continuous objections as it will likely disrupt the depositions and coach the deponents to decline to answer questions. *See, e.g., Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. 08-1980, 2010 WL 4942645, at *9 n.12 (C.D. Cal. July 29, 2010) ("An attorney may not instruct a witness not to answer a question on the ground that it has been asked and answered, is vague and ambiguous or is irrelevant."). For those reasons, Defendants request that this Court provide direction to the parties that "asked and answered" objections during deposition are improper and should not be made. *See Zeleny v. Newsom*, No. 17-CV-07357-RS (TSH), 2020 WL 6585793, at *4 (N.D. Cal. Nov. 10, 2020) (explaining that "asked and answered" objections are improper speaking objections that are designed to coach the witness.)

### Plaintiff's Counsel's Conduct

During yesterday's court-ordered meet-and-confer call, Plaintiff's counsel yelled at Defendant's counsel—and not for the first time. Yesterday's accusations were that counsel is allegedly "dirty," followed with the statement that "if you wanna play dirty, we can play that way too." He then called counsel "nefarious." Counsel's behavior violated the Northern District's Guidelines for Professional Conduct. *See, e.g.* Northern Dist. Guidelines for Prof. Conduct at ¶¶ 7(b) & 8. Our firm does not tolerate such behavior and will not countenance it in upcoming depositions or otherwise in the future.

Very truly yours,

McMANIS FAULKNER

*/s/ Elizabeth Pipkin*

ELIZABETH PIPKIN